## Exhibit A

**Proposed Order**

36051525

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with **D.N.J. LBR 9004-1(b)**

CULLEN AND DYKMAN LLP
Kyriaki Christodoulou
One Battery Park Plaza, 34th Floor
New York, New York 10004
(212) 701-4170
kchristodoulou@cullenllp.com

-and-

Matthew G. Roseman, Esq. (admission *pro hac vice*
forthcoming)
Thomas R. Slome, Esq. (admission *pro hac vice*
forthcoming)
333 Earle Ovington Boulevard, 2nd Floor
Uniondale, New York 11553
(516) 357-3700
mroseman@cullenllp.com
tslome@cullenllp.com

*Attorneys for TriState Capital Bank*

| | |
|---|---|
| In re: | Chapter 11 |
| DAMIS Holdings LLC, *et al.*[1], | Case No. 26-16439 (CMG) |
| Debtors. | Hon. Christine M. Gravelle |

**ORDER GRANTING MOTION FOR ENTRY OF AN ORDER
PROHIBITING THE USE OF CASH COLLATERAL AND
FOR AN ACCOUNTING OF CASH COLLATERAL USED**

Dated: June __, 2026

_____
Hon. Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

---

[1] A complete list of the DAMIS Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the DAMIS Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/DAMIS/. The location of DAMIS Holdings LLC's principal place of business and the DAMIS Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

36051525

The relief set forth on the following pages numbered four (4) through five (5) is hereby

**Ordered**.

36051525

Debtors:              DAMIS Holdings LLC, *et al.*[2],
Case No.              26-16439 (CMG)
Caption of Order:     Order Granting Motion For Entry Of An Order Prohibiting The Use Of
                      Cash Collateral And For An Accounting Of Cash Collateral Used

---

Upon the Motion[3] of TriState Capital Bank ("TriState") for entry of an order, prohibiting the 830 County Road Debtors from using TriState's Cash Collateral, compelling the 830 County Road Debtors to account for its use, and granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in relation to the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is hereby **GRANTED** as set forth herein.

---

[2] A complete list of the DAMIS Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the DAMIS Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/DAMIS/. The location of DAMIS Holdings LLC's principal place of business and the DAMIS Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4

36051525

2.       Until further order of the Court, the 830 County Road Debtors shall not use and shall segregate in an account in the name of either of the 830 County Road Debtors, all Cash Collateral.

3.       Within five (5) business days of entry of this Order, the 830 County Road Debtors shall provide TriState with an accounting of all Cash Collateral in its possession on and after the Petition Date, including what if any amounts thereof were spent and when and for what, and what amounts of Cash Collateral were in either 830 County Road Debtors' possession, custody or control as of the business day prior to the date on which such accounting is provided to TriState.

4.       This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

36051525