**Exhibit A**

**Proposed Emergency Interim Order**

| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| Caption in Compliance with D.N.J. LBR 9004-1(b) |
| **FAEGRE DRINKER BIDDLE & REATH LLP**<br>Michael P. Pompeo<br>600 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>(973) 549-7000 (Telephone)<br>(973) 360-9831 (Facsimile)<br>michael.pompeo@faegredrinker.com<br><br>-and-<br><br>Patrick A. Jackson (*pro hac vice* pending)<br>Ian J. Bambrick (*pro hac vice* pending)<br>222 Delaware Ave. Suite 1410<br>Wilmington, DE  19801<br>(302) 467-4200 (Telephone)<br>(302) 467-4201 (Facsimile)<br>patrick.jackson@faegredrinker.com<br>ian.bambrick@faegredrinker.com<br><br>*Proposed Counsel to the DAMIS Debtors and*<br>*Debtors in Possession* |

| | |
|---|---|
| In re: | Chapter 11 |
| DAMIS Holdings LLC, *et al.*,[1] | Case No. 26-16439 (CMG) |
| Debtors. | (JointlyAdministered) |

**INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS' IMMEDIATE USE OF CASH COLLATERAL AND EXISTING BANK ACCOUNTS FOR PURPOSES OF SATISFYING PREPETITION GROSS SALARIES, PAYROLL TAXES, AND OTHER CRITICAL EXPENSES, (II) AUTHORIZING THE DAMIS DEBTORS TO SATISFY AND DIRECT PAYROLL BANKS TO HONOR CERTAIN PREPETITION GROSS SALARIES AND PAYROLL TAXES OF THEIR**

---

[1] A complete list of the DAMIS Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the DAMIS Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/DAMIS/.  The location of DAMIS Holdings LLC's principal place of business and the DAMIS Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611

1

(Page 2)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | Interim Order (I) Authorizing the DAMIS Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Prepetition Gross Salaries, Payroll Taxes, and Other Critical Expenses, (II) Authorizing the DAMIS Debtors to Satisfy and Direct Payroll Banks to Honor Certain Prepetition Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the DAMIS Debtors' Continued Use of Their Cash Management System, Honor Certain Prepetition Obligations Related Thereto, and Continue Additional Transactions, (IV) Authorizing the Debtors to Pay Certain Prepetition Claims of Critical Vendors and Service Providers, and (V) Granting Related Relief |

**EMPLOYEES, (III) AUTHORIZING THE DAMIS DEBTORS' CONTINUED USE OF THEIR CASH MANAGEMENT SYSTEM, HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, AND CONTINUE ADDITIONAL TRANSACTIONS, (IV) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS AND SERVICE PROVIDERS AND (V) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through eighteen (18) is

**ORDERED**.

2

(Page 3)
Debtors:        DAMIS HOLDINGS LLC, *et al.*
Case No.:       26-16439 (CMG)
Caption of Order:   Interim Order (I) Authorizing the DAMIS Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Prepetition Gross Salaries, Payroll Taxes, and Other Critical Expenses, (II) Authorizing the DAMIS Debtors to Satisfy and Direct Payroll Banks to Honor Certain Prepetition Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the DAMIS Debtors' Continued Use of Their Cash Management System, Honor Certain Prepetition Obligations Related Thereto, and Continue Additional Transactions, (IV) Authorizing the Debtors to Pay Certain Prepetition Claims of Critical Vendors and Service Providers, and (V) Granting Related Relief

Upon the *DAMIS Debtors' Emergency Motion for Entry of An Interim Order (I) Authorizing the DAMIS Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Prepetition Gross Salaries, Payroll Taxes, and Other Critical Expenses, (II) Authorizing the DAMIS Debtors to Satisfy and Direct Payroll Banks to Honor Certain Prepetition Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the DAMIS Debtors' Continued Use of Their Cash Management System, Honor Certain Prepetition Obligations Related Thereto, and Continue Additional Transactions, (IV( Authorizing the Debtors to Pay Certain Prepetition Claims of Critical Vendors and Service Providers, and (V) Granting Related Relief* (the "Motion")[2] of the DAMIS Debtors, for entry of an emergency interim order (this "Emergency Interim Order") (a) authorizing the DAMIS Debtors' emergency use of cash, including cash collateral, and the Bank Accounts for purposes of satisfying prepetition gross salaries, payroll taxes and other emergent expenses, and granting adequate protection as necessary; (b) authorizing the DAMIS Debtors to direct their payroll banks to honor certain prepetition gross salaries, payroll taxes and other related expenses of their employees; (c) authorizing, but not directing, the DAMIS Debtors to (i) continue using their cash management system, (ii) honor certain prepetition obligations related thereto, and (iii) continue additional transactions and

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3

(Page 4)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | Interim Order (I) Authorizing the DAMIS Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Prepetition Gross Salaries, Payroll Taxes, and Other Critical Expenses, (II) Authorizing the DAMIS Debtors to Satisfy and Direct Payroll Banks to Honor Certain Prepetition Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the DAMIS Debtors' Continued Use of Their Cash Management System, Honor Certain Prepetition Obligations Related Thereto, and Continue Additional Transactions, (IV) Authorizing the Debtors to Pay Certain Prepetition Claims of Critical Vendors and Service Providers, and (V) Granting Related Relief |

funding consistent with the DAMIS Debtors' historical practices funded through the DAMIS Debtors' accounts under the control of the CRO; (d) authorizing the DAMIS Debtors to pay certain prepetition claims of critical vendors; and (e) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the DAMIS Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on an interim basis as set forth herein.

4

(Page 5)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | Interim Order (I) Authorizing the DAMIS Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Prepetition Gross Salaries, Payroll Taxes, and Other Critical Expenses, (II) Authorizing the DAMIS Debtors to Satisfy and Direct Payroll Banks to Honor Certain Prepetition Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the DAMIS Debtors' Continued Use of Their Cash Management System, Honor Certain Prepetition Obligations Related Thereto, and Continue Additional Transactions, (IV) Authorizing the Debtors to Pay Certain Prepetition Claims of Critical Vendors and Service Providers, and (V) Granting Related Relief |

2.      The DAMIS Debtors are authorized, but not directed, on an interim basis, to use their cash, including cash collateral, and the Bank Accounts for the limited purpose of satisfying prepetition gross salaries, payroll taxes and other emergent expenses relating to the period from the Petition Date, through and including June 30, 2026, in an amount not to exceed $700,000 and in accordance with the debtor-by-debtor schedule attached hereto as Schedule 1.

3.      The DAMIS Debtors are authorized, but not directed, on an interim basis, to: (a) continue operating the cash management system maintained by the DAMIS Debtors before the Petition Date; (b) honor any prepetition obligations related thereto; (c) use, in their present form, all preprinted correspondence and business forms (including letterhead) without reference to the DAMIS Debtors' statuses as debtors in possession; *provided* that once the DAMIS Debtors' existing stock of business forms has been used, the DAMIS Debtors' shall, when reordering (or with respect to checks or other business forms the DAMIS Debtors' or their agents print themselves) require or print, as applicable, the "Debtor in Possession" legend and corresponding bankruptcy case number on all such items; (d) continue to maintain their existing books and records; (e) continue to perform intercompany transactions in the ordinary course of business and consistent with past practice and treat postpetition intercompany claims in a manner consistent with this Court's grant of administrative expense status thereto; (f) continue to use, with the same

5

(Page 6)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | Interim Order (I) Authorizing the DAMIS Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Prepetition Gross Salaries, Payroll Taxes, and Other Critical Expenses, (II) Authorizing the DAMIS Debtors to Satisfy and Direct Payroll Banks to Honor Certain Prepetition Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the DAMIS Debtors' Continued Use of Their Cash Management System, Honor Certain Prepetition Obligations Related Thereto, and Continue Additional Transactions, (IV) Authorizing the Debtors to Pay Certain Prepetition Claims of Critical Vendors and Service Providers, and (V) Granting Related Relief |

account numbers, the Bank Accounts in existence as of the Petition Date; (g) treat the DAMIS Debtors' existing bank accounts for all purposes as debtor in possession accounts; and (h) deposit funds in and withdraw funds from the existing Bank Accounts in the ordinary course and by all means, including checks, wire transfers, ACH transfers, and other debits or electronic means; *provided* that in the case of each of (a) through (h) such action is taken in the ordinary course of business and consistent with historical practices.

4.      The DAMIS Debtors' existing banks that hold the Bank Accounts are hereby authorized, but not directed, on an interim basis, to continue to maintain, service, and administer the Bank Accounts as accounts of the DAMIS Debtors as debtors in possession, without interruption and in the ordinary course of business consistent with historical practices, and receive, process, honor and pay, to the extent funds are available from the DAMIS Debtors' cash management system and the Bank Accounts to cover and permit payment thereof, any and all checks, drafts, and automatic clearing house and wire transfers drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be, to the extent authorized herein or directed by the DAMIS Debtors and all such banks are authorized to rely on the DAMIS Debtors' designation of any particular check or electronic payment request as approved by this Interim Order; *provided* that, subject to paragraph five (5) of this Emergency Interim Order, the

6

(Page 7)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | Interim Order (I) Authorizing the DAMIS Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Prepetition Gross Salaries, Payroll Taxes, and Other Critical Expenses, (II) Authorizing the DAMIS Debtors to Satisfy and Direct Payroll Banks to Honor Certain Prepetition Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the DAMIS Debtors' Continued Use of Their Cash Management System, Honor Certain Prepetition Obligations Related Thereto, and Continue Additional Transactions, (IV) Authorizing the Debtors to Pay Certain Prepetition Claims of Critical Vendors and Service Providers, and (V) Granting Related Relief |

DAMIS Debtors shall instruct or request any bank or financial institution at which the Bank Accounts are held to pay or honor any check, draft, or other payment issued on a Bank Account prior to the Petition Date but presented to such bank or financial institution for payment after the Petition Date only as authorized by an order of this Court.

5.    The banks and financial institutions at which the Bank Accounts are held are authorized, but not directed, on an interim basis, to debit the Bank Accounts in the ordinary course of business, consistent with historical practices, without the need for further order of this Court for: (a) all checks drawn on the Bank Accounts that are cashed at the DAMIS Debtors' bank or financial institution counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (b) all checks or other items deposited in one of the Bank Accounts with such bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the DAMIS Debtors were responsible for such items prior to the Petition Date; and (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any bank as service charges for the maintenance of the DAMIS Debtors' cash management system.

6.    During the interim period, any existing deposit agreements between or among the DAMIS Debtors, the banks and financial institutions at which the Bank Accounts are held, and

7

(Page 8)

Debtors:                    DAMIS HOLDINGS LLC, *et al.*

Case No.:                 26-16439 (CMG)

Caption of Order:      Interim Order (I) Authorizing the DAMIS Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Prepetition Gross Salaries, Payroll Taxes, and Other Critical Expenses, (II) Authorizing the DAMIS Debtors to Satisfy and Direct Payroll Banks to Honor Certain Prepetition Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the DAMIS Debtors' Continued Use of Their Cash Management System, Honor Certain Prepetition Obligations Related Thereto, and Continue Additional Transactions, (IV) Authorizing the Debtors to Pay Certain Prepetition Claims of Critical Vendors and Service Providers, and (V) Granting Related Relief

other parties shall continue to govern the postpetition cash management relationship between the DAMIS Debtors and the banks and financial institutions at which the Bank Accounts are held, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect unless otherwise ordered by this Court.

7.      Any objections to the entry of this Emergency Interim Order, to the extent not withdrawn or settled, are overruled.

8.      If any of the Bank Accounts as of the Petition Date are not in compliance with section 345(b) of the Bankruptcy Code or the U.S. Trustee Guidelines, the DAMIS Debtors shall have until a date that is thirty (30) calendar days from the entry of this Emergency Interim Order or such longer time as agreed with the U.S. Trustee, without prejudice to seeking an additional extension, to either come into compliance with section 345(b) of the Bankruptcy Code and any of the U.S. Trustee's requirements or guidelines or to make such other arrangements as are agreed to by the U.S. Trustee or approved by this Court; *provided* that nothing herein shall prevent the DAMIS Debtors or the U.S. Trustee from seeking further relief from this Court to the extent that an agreement cannot be reached.

9.      For the banks and financial institutions at which the Bank Accounts are held that are party to a Uniform Depository Agreement ("UDA") with the U.S. Trustee, within five (5)

8

(Page 9)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | Interim Order (I) Authorizing the DAMIS Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Prepetition Gross Salaries, Payroll Taxes, and Other Critical Expenses, (II) Authorizing the DAMIS Debtors to Satisfy and Direct Payroll Banks to Honor Certain Prepetition Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the DAMIS Debtors' Continued Use of Their Cash Management System, Honor Certain Prepetition Obligations Related Thereto, and Continue Additional Transactions, (IV) Authorizing the Debtors to Pay Certain Prepetition Claims of Critical Vendors and Service Providers, and (V) Granting Related Relief |

business days of the entry of this Emergency Interim Order, the DAMIS Debtors shall (a) contact each bank or financial institution, (b) provide such banks and financial institutions with each of the DAMIS Debtors' employer identification numbers, and (c) identify each of the Bank Accounts held at such bank or financial institution as being held by a debtor-in-possession in the DAMIS Debtors' bankruptcy cases, and request such bank or financial institution to code the Bank Accounts as "debtor in possession" accounts, and provide the case number.

10.    For the banks and financial institutions at which the Bank Accounts are held that are not a party to a UDA with the U.S. Trustee, the DAMIS Debtors shall use their good faith efforts to cause the banks or financial institutions at which the Bank Accounts are held to execute a UDA in a form prescribed by the U.S. Trustee within thirty (30) calendar days of the date of this Emergency Interim Order.  The DAMIS Debtors' and U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks or financial institutions at which the Bank Accounts are held are unwilling to execute a UDA in a form prescribed by the U.S. Trustee are fully preserved.

11.    The DAMIS Debtors shall calculate quarterly fees payable under 28 U.S.C. § 1930(a)(6) based on the disbursements of (or on behalf of) each DAMIS Debtor regardless of which entity actually makes such disbursements.

9

(Page 10)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | Interim Order (I) Authorizing the DAMIS Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Prepetition Gross Salaries, Payroll Taxes, and Other Critical Expenses, (II) Authorizing the DAMIS Debtors to Satisfy and Direct Payroll Banks to Honor Certain Prepetition Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the DAMIS Debtors' Continued Use of Their Cash Management System, Honor Certain Prepetition Obligations Related Thereto, and Continue Additional Transactions, (IV) Authorizing the Debtors to Pay Certain Prepetition Claims of Critical Vendors and Service Providers, and (V) Granting Related Relief |

12.     Any new bank account opened by the DAMIS Debtors shall be established at an institution that is (a) a party to a UDA with the U.S. Trustee or is willing to immediately execute a UDA and (b) bound by the terms of this Emergency Interim Order.  The opening or closing of a bank account shall be timely indicated on the DAMIS Debtors' monthly operating reports.  Any new debtor-in-possession bank account shall bear the designation "Debtor-in-Possession" and designated as "Debtor-in-Possession" accounts with the case number.  The DAMIS Debtors shall provide notice within two (2) business day to the U.S. Trustee and any advisors to any statutory committees that may be appointed in these Chapter 11 Cases of the opening of a new bank account or closing of any Bank Accounts.  The U.S. Trustee and counsel to any statutory committees that may be appointed in these Chapter 11 Cases shall have fourteen (14) calendar days from the receipt of such notice to file any objection with regard to the opening or closing of a bank account, or such later date as may be extended by this Court or agreed to between such parties, as applicable.

13.     The DAMIS Debtors shall maintain accurate and detailed records of all transfers, including but not limited to intercompany transactions and the payment of intercompany claims, so that all transactions may be readily traced, ascertained, and recorded properly on applicable intercompany accounts (if any) and distinguished between prepetition and postpetition transactions for the purposes of determining administrative expense status.  During the interim period, upon

10

(Page 11)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | Interim Order (I) Authorizing the DAMIS Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Prepetition Gross Salaries, Payroll Taxes, and Other Critical Expenses, (II) Authorizing the DAMIS Debtors to Satisfy and Direct Payroll Banks to Honor Certain Prepetition Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the DAMIS Debtors' Continued Use of Their Cash Management System, Honor Certain Prepetition Obligations Related Thereto, and Continue Additional Transactions, (IV) Authorizing the Debtors to Pay Certain Prepetition Claims of Critical Vendors and Service Providers, and (V) Granting Related Relief |

request of the U.S. Trustee and any statutory committees appointed in these Chapter 11 Cases, the DAMIS Debtors shall make such records related to the foregoing available to such parties.

14. The DAMIS Debtors shall maintain records of all transfers within the cash management system so that all transfers and transactions shall be adequately and promptly documented in, and ascertainable from, the DAMIS Debtors' books and records, to the same extent as maintained prior to the commencement of the Chapter 11 Cases. The DAMIS Debtors are also directed to maintain their books and records so as to provide a clear demarcation between prepetition and postpetition transactions.

15. The DAMIS Debtors are authorized, but not directed, on an interim basis, to pay certain prepetition gross salaries, payroll taxes and other related expenses of their employees and supplemental workforce in the ordinary course of business, in accordance with the DAMIS Debtors' prepetition policies and practices, and to honor and pay any prepetition amounts related thereto as and when such obligations are due, in their business judgment during these Chapter 11 Cases and without need for further Court approval, subject to applicable law and the terms of this Emergency Interim Order; provided that nothing herein shall be deemed to authorize the DAMIS Debtors to make any payments in excess of the amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code to any employee without further order of this Court; provided

11

(Page 12)

Debtors:               DAMIS HOLDINGS LLC, *et al.*
Case No.:              26-16439 (CMG)
Caption of Order:      Interim Order (I) Authorizing the DAMIS Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Prepetition Gross Salaries, Payroll Taxes, and Other Critical Expenses, (II) Authorizing the DAMIS Debtors to Satisfy and Direct Payroll Banks to Honor Certain Prepetition Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the DAMIS Debtors' Continued Use of Their Cash Management System, Honor Certain Prepetition Obligations Related Thereto, and Continue Additional Transactions, (IV) Authorizing the Debtors to Pay Certain Prepetition Claims of Critical Vendors and Service Providers, and (V) Granting Related Relief

further that (a) the DAMIS Debtors shall seek court approval, on notice, under a separate motion at a later time of any modification or change that would implicate any portion of section 503(c) of the Bankruptcy Code and nothing herein shall prejudice the DAMIS Debtors' ability to do so, and (b) nothing in this Emergency Interim Order shall be deemed to authorize the DAMIS Debtors to make any payments to any employees, including "insiders" (as defined in section 101(31) of the Bankruptcy Code) of the DAMIS Debtors on account of any incentive and bonus programs or severance programs, without further order of this Court and nothing herein shall be deemed to authorize the payment of any amounts that violate, implicate, or are otherwise subject to section 503(c) of the Bankruptcy Code.

16.     Nothing in the Motion or this Interim Order shall constitute a determination by the Court as to whether any individual seeking payment pursuant to this Emergency Interim Order is or is not an "insider" as that term is defined in section 101(31) of the Bankruptcy Code.

17.     This Emergency Interim Order does not implicitly or explicitly approve any bonus plan, incentive plan, severance plan, or other plan covered by section 503(c) of the Bankruptcy Code.

18.     All parties' rights and remedies are reserved. Any objection to the Court's entry of further interim or final relief may be preserved for a further hearing on the relief sought in this

12

(Page 13)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | Interim Order (I) Authorizing the DAMIS Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Prepetition Gross Salaries, Payroll Taxes, and Other Critical Expenses, (II) Authorizing the DAMIS Debtors to Satisfy and Direct Payroll Banks to Honor Certain Prepetition Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the DAMIS Debtors' Continued Use of Their Cash Management System, Honor Certain Prepetition Obligations Related Thereto, and Continue Additional Transactions, (IV) Authorizing the Debtors to Pay Certain Prepetition Claims of Critical Vendors and Service Providers, and (V) Granting Related Relief |

Motion or any other or additional relief sought by the DAMIS Debtors at a later date. Notwithstanding, upon written notice to all parties on no less than one (1) business days' notice, the DAMIS Debtors may seek an extension of the relief granted in this Emergency Interim Order subject to approval of this Court.

19.     The DAMIS Debtors are authorized, but not directed, in their discretion, to pay, honor, or otherwise satisfy the vendor claims, on an interim basis, in the ordinary course of their business.

20.     For the avoidance of doubt, nothing in this Emergency Interim Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the DAMIS Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the DAMIS Debtors and their estates with respect to the validity, priority, or amount of any claim against the DAMIS Debtors and their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the DAMIS Debtors and their estates with respect to any and all claims or causes of action against any of the Vendors; or (d) shall be construed as a promise to pay a claim.

21.     Pursuant to sections 361 and 363(e) of the Bankruptcy Code, to the extent that any secured creditors hold a valid and enforceable security interest in the cash collateral covered by

13

(Page 14)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | Interim Order (I) Authorizing the DAMIS Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Prepetition Gross Salaries, Payroll Taxes, and Other Critical Expenses, (II) Authorizing the DAMIS Debtors to Satisfy and Direct Payroll Banks to Honor Certain Prepetition Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the DAMIS Debtors' Continued Use of Their Cash Management System, Honor Certain Prepetition Obligations Related Thereto, and Continue Additional Transactions, (IV) Authorizing the Debtors to Pay Certain Prepetition Claims of Critical Vendors and Service Providers, and (V) Granting Related Relief |

this order, those secured creditors shall be entitled to adequate protection of such interest consistent with sections 363(e) and 361 or other applicable provisions of the Bankruptcy Code. Notwithstanding anything contained in the Motion or herein, all rights of the secured creditors to object to any form of adequate protection and to request adequate protection are reserved.

22.     As adequate protection for and solely to the extent of the amount of diminution in value from and after the Petition Date of its interests in the aggregate amount of cash collateral used by any DAMIS Debtor solely with respect to which a DAMIS Debtor's secured lender (a "Putative Secured Lender") has a valid, perfected security interest in its cash on a dollar for dollar basis, the imposition of the automatic stay, and any other act or omission which causes diminution in the value of its interests in the cash collateral (collectively, the "Diminution in Value"), such Putative Secured Lender is hereby granted, pursuant to sections 361 and 363 of the Bankruptcy Code, valid, binding, enforceable and perfected replacement liens upon and security interests in all of such applicable DAMIS Debtor's presently owned or hereafter acquired property and assets, whether such property and assets were acquired by such DAMIS Debtor before or after the Petition Date, of any kind or nature, whether real or personal, tangible or intangible, wherever located, and the proceeds and products thereof solely to the extent of any Diminution in Value (the "Replacement Liens"); provided that the Replacement Liens shall not attach to any property

14

(Page 15)
Debtors:              DAMIS HOLDINGS LLC, *et al.*
Case No.:             26-16439 (CMG)
Caption of Order:     Interim Order (I) Authorizing the DAMIS Debtors' Immediate Use of Cash
                      Collateral and Existing Bank Accounts For Purposes of Satisfying
                      Prepetition Gross Salaries, Payroll Taxes, and Other Critical Expenses,
                      (II) Authorizing the DAMIS Debtors to Satisfy and Direct Payroll Banks to
                      Honor Certain Prepetition Gross Salaries and Payroll Taxes of Their
                      Employees, (III) Authorizing the DAMIS Debtors' Continued Use of Their
                      Cash Management System, Honor Certain Prepetition Obligations Related
                      Thereto, and Continue Additional Transactions, (IV) Authorizing the
                      Debtors to Pay Certain Prepetition Claims of Critical Vendors and Service
                      Providers, and (V) Granting Related Relief

recovered as a result of transfers or obligations avoided or actions maintained or taken pursuant to Sections 542, 544, 545, 547, 548, 549, 550, 551, 552 and 553 of the Bankruptcy Code.

23.    Notwithstanding the relief granted in this Emergency Interim Order and any actions taken pursuant to such relief, nothing in this Emergency Interim Order shall be deemed: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the DAMIS Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the DAMIS Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is a secured claim, an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Emergency Interim Order or the Motion or any order granting the relief requested by the Motion; (e) a request, approval, or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code (or otherwise affect the DAMIS Debtors' rights under section 365 of the Bankruptcy Code); (f) an admission by the DAMIS Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the DAMIS Debtors' estates; (g) a waiver or limitation of the DAMIS Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other

15

(Page 16)
Debtors:          DAMIS HOLDINGS LLC, *et al.*
Case No.:         26-16439 (CMG)
Caption of Order: Interim Order (I) Authorizing the DAMIS Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Prepetition Gross Salaries, Payroll Taxes, and Other Critical Expenses, (II) Authorizing the DAMIS Debtors to Satisfy and Direct Payroll Banks to Honor Certain Prepetition Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the DAMIS Debtors' Continued Use of Their Cash Management System, Honor Certain Prepetition Obligations Related Thereto, and Continue Additional Transactions, (IV) Authorizing the Debtors to Pay Certain Prepetition Claims of Critical Vendors and Service Providers, and (V) Granting Related Relief

applicable law; (h) a concession by the DAMIS Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; or (i) a waiver of the obligation of any party in interest to file a proof of claim. Any payment made pursuant to this Emergency Interim Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the DAMIS Debtors' rights to subsequently dispute such claim.

24.     The DAMIS Debtors are authorized, but not directed, on an interim basis, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein and to the extent authorized by this Emergency Interim Order.

25.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the DAMIS

16

(Page 17)
Debtors:          DAMIS HOLDINGS LLC, *et al.*
Case No.:         26-16439 (CMG)
Caption of Order: Interim Order (I) Authorizing the DAMIS Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Prepetition Gross Salaries, Payroll Taxes, and Other Critical Expenses, (II) Authorizing the DAMIS Debtors to Satisfy and Direct Payroll Banks to Honor Certain Prepetition Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the DAMIS Debtors' Continued Use of Their Cash Management System, Honor Certain Prepetition Obligations Related Thereto, and Continue Additional Transactions, (IV) Authorizing the Debtors to Pay Certain Prepetition Claims of Critical Vendors and Service Providers, and (V) Granting Related Relief

Debtors' designation of any particular check or electronic payment request as approved by this Emergency Interim Order.

26.     Nothing in this Emergency Interim Order authorizes the DAMIS Debtors to accelerate any payments to employees or insiders not otherwise due.

27.     The requirements set forth in Bankruptcy Rule 6003(a) are satisfied by the contents of the Motion or otherwise deemed waived.

28.     The DAMIS Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Emergency Interim Order in accordance with the Motion.

29.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Emergency Interim Order shall be effective and enforceable immediately upon entry hereof.

30.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

31.     Any party may move for modification of this Emergency Interim Order in accordance with Local Rule 9013-5(e).

17

(Page 18)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | Interim Order (I) Authorizing the DAMIS Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Prepetition Gross Salaries, Payroll Taxes, and Other Critical Expenses, (II) Authorizing the DAMIS Debtors to Satisfy and Direct Payroll Banks to Honor Certain Prepetition Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the DAMIS Debtors' Continued Use of Their Cash Management System, Honor Certain Prepetition Obligations Related Thereto, and Continue Additional Transactions, (IV) Authorizing the Debtors to Pay Certain Prepetition Claims of Critical Vendors and Service Providers, and (V) Granting Related Relief |

32.     Within two (2) calendar days after entry of this Emergency Interim Order, the DAMIS Debtors shall serve a copy of this Emergency Interim Order on each applicable bank and financial institution that is directed to comply with the terms of this Emergency Interim Order.

33.     The DAMIS Debtors shall serve a copy of this Emergency Interim Order on (i) the U.S. Trustee, (ii) the MCA Funders, if known, (iii) the banking institutions at which the Bank Accounts are held, (vi) the DAMIS Debtors' payroll processors; (v) any parties with known secured interests in the Debtors' assets, and (vi) any other party in interest that is entitled to notice as the DAMIS Debtors become aware of such parties.

34.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Emergency Interim Order.

**<u>Schedule 1</u>**


**To Be Provided**