UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**FAEGRE DRINKER BIDDLE & REATH LLP**
Michael P. Pompeo
600 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 549-7000 (Telephone)
(973) 360-9831 (Facsimile)
michael.pompeo@faegredrinker.com

-and-

Patrick A. Jackson (*pro hac vice* pending)
Ian J. Bambrick (*pro hac vice* pending)
222 Delaware Ave. Suite 1410
Wilmington, DE  19801
(302) 467-4200 (Telephone)
(302) 467-4201 (Facsimile)
patrick.jackson@faegredrinker.com
ian.bambrick@faegredrinker.com

*Proposed Counsel to the DAMIS Debtors and
Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| DAMIS Holdings LLC, *et al.*,[1] | Case No. 26-16439 (CMG) |
| Debtors. | (Jointly Administered) |

**DAMIS DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) EXTENDING TIME TO
FILE THE SCHEDULES OF ASSETS AND LIABILITIES, AND STATEMENTS OF
FINANCIAL AFFAIRS; AND (II) GRANTING RELATED RELIEF**

TO THE HONORABLE CHRISTINE M. GRAVELLE
CHIEF JUDGE, UNITED STATES BANKRUPTCY COURT:

---

[1] A complete list of the DAMIS Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the DAMIS Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/DAMIS/.  The location of DAMIS Holdings LLC's principal place of business and the DAMIS Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

1

DAMIS Holdings LLC and certain of its affiliates (collectively, the "DAMIS Debtors"), the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby file this motion (this "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) extending the deadline by which the DAMIS Debtors must file their schedules of assets and liabilities, and statements of financial affairs (collectively, the "Schedules and Statements") by forty-six (46) days, for a total of sixty (60) days from the Petition Date (as defined herein), through and including August 3, 2026, without prejudice to the DAMIS Debtors' ability to request additional extensions for cause shown, and (ii) granting related relief.  In further support of this Motion, the DAMIS Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1.       The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.) (the "Standing Order").  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[2]  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       The statutory and legal predicates for the relief sought herein are sections 105(a) and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007(c) and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-5 of the

---

[2]       The DAMIS Debtors consent to the Court's entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter a final order consistent with Article III of the United States Constitution.

DMS_US.378015738.1

Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## GENERAL BACKGROUND

3.      The DAMIS Debtors lease and operate various multifamily properties, offices, hotels and retail spaces throughout the United States.  On June 4, 2026 (the "Petition Date"), each of the DAMIS Debtors filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The DAMIS Debtors are authorized to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or an examiner.  The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b). D.I. 35.

## RELIEF REQUESTED

4.      By this Motion, the DAMIS Debtors request that the Court enter the Proposed Order, (i) extending the deadline by which the DAMIS Debtors must file their Schedules and Statements by forty-six (46) days, for a total of sixty (60) days from the Petition Date, through and including August 3, 2026, without prejudice to the DAMIS Debtors' ability to request additional extensions for cause shown, and (ii) granting related relief.

## BASIS FOR RELIEF

5.      The requirements of section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) normally require debtors to file their Schedules and Statements within fourteen (14) days of the Petition Date. However, pursuant to Bankruptcy Rules 1007(c) and 9006(b), the Court has authority to extend the time required for the filing of the Schedules and Statements "for cause shown." Fed. R. Bankr. P. 1007(c) and 9006(b). Showing "cause" requires that a debtor "demonstrate some justification for the issuance of the order" and bankruptcy courts have regularly

3

DMS_US.378015738.1

granted such extensions "in the absence of bad faith or prejudice to the adverse party." *See, e.g.*, *Bryant v. Smith*, 165 B.R. 176, 182 (W.D. Va. 1994) (discussing the standard for granting extensions under Bankruptcy Rule 1007) (internal citations and quotation marks omitted).

6.     Good and sufficient cause exists for granting an extension of time to file the Schedules and Statements based upon, among other things, the numerous burdens imposed on the DAMIS Debtors' Chief Restructuring Officer, professionals, management, and employees, particularly in the early days and weeks of these Chapter 11 Cases. This is particularly true in these free-fall Chapter 11 Cases where the DAMIS Debtors' attention has been focused on stabilizing the DAMIS Debtors' businesses so that their properties can continue to operate without interruption.

7.     To prepare the Schedules and Statements, the DAMIS Debtors' management, which consists of a limited number of people, must collect, review and assemble substantial amounts of information across more than fifty properties, which serve a variety of different business purposes. Collecting the necessary information will require an enormous expenditure of time and effort on the part of the DAMIS Debtors, their employees, and their professional advisors. Given the amount of work entailed in completing the Schedules and Statements and the competing demands on the DAMIS Debtors' employees and professionals to stabilize post-petition operations, the DAMIS Debtors will not be able to properly and accurately complete the Schedules and Statements within the time period required by the Bankruptcy Rules.

8.     Accordingly, although the DAMIS Debtors have begun to collect the information required to prepare what likely will be voluminous Schedules and Statements, and are working diligently to move the process forward, the DAMIS Debtors anticipate that they will require a total of sixty (60) days to complete the Schedules and Statements. No party in interest will be prejudiced

DMS_US.378015738.1

by the extension requested herein because (i) the Schedules and Statements will be filed in advance of any deadline for filing proofs of claim in these Chapter 11 Cases, and (ii) the DAMIS Debtors have financial and operational incentives to progress these Chapter 11 Cases as expeditiously as possible. The DAMIS Debtors therefore request that the Court extend the deadline to complete the Schedules and Statements, without prejudice to the DAMIS Debtors' right to request further extensions for cause shown.

9.      Courts in this District have recently granted similar relief to that requested herein in a number of cases. *See, e.g.*, *In re FreshRealm, Inc.*, No. 26-14656 (MEH) (Bankr. D.N.J. Apr. 29, 2026) (granting debtors a total of thirty-four (34) calendar days from the petition date to file their schedules and statements); *In re Eddie Bauer LLC*, No. 26-11422 (SLM) (Bankr. D.N.J. Mar. 3, 2026) (granting debtors a total of thirty-one (31) calendar days from the petition date to file their schedules and statements); *STG Logistics, Inc*, No. 26-10258 (MEH) (Bankr. D.N.J. Jan. 14, 2026) (granting debtors a total of twenty-eight (28) calendar days from the petition date to file their schedules and statements); *In re Del Monte Foods Corp. II Inc.*, No. 25-16984 (MBK) (Bankr. D.N.J. July 3, 2025) (granting debtors a total of forty-five (45) calendar days from the petition date to file their schedules and statements); *In re New Rite Aid, LLC*, No. 25-14861 (MBK) (Bankr. D.N.J. May 7, 2025) (granting debtors a total of forty-two (42) calendar days from the petition date to file their schedules and statements).[3]

10.     For the reasons set forth above, the DAMIS Debtors submit that an extension for the DAMIS Debtors to file their Schedules and Statements is necessary, prudent, and in the best interests of the DAMIS Debtors, their estates, and any party in interest.

---

[3]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the DAMIS Debtors' proposed counsel.

DMS_US.378015738.1

**NOTICE**

11.     The DAMIS Debtors will provide notice of this Motion to: (i) the Office of the United States Trustee for the District of New Jersey; (ii) the Office of the United States Attorney for the District of New Jersey; (iii) the Internal Revenue Service; (iv) the DAMIS Debtors' thirty (30) largest unsecured creditors (excluding insiders); (v) the Securities and Exchange Commission; (vi) the DAMIS Debtors' existing banking institutions; and (vii)  all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  The DAMIS Debtors will serve notice of this Motion and any order entered hereon in accordance with Rule 9013-5 of the Local Rules.  In light of the nature of the relief requested herein, the DAMIS Debtors submit that no other or further notice is necessary.

DMS_US.378015738.1

## CONCLUSION

WHEREFORE, the DAMIS Debtors respectfully request entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: Florham Park, New Jersey
      June 18, 2026

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Michael P. Pompeo*
Michael P. Pompeo
600 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 549-7000 (Telephone)
(973) 360-9831 (Facsimile)
michael.pompeo@faegredrinker.com

-and-

Patrick A. Jackson (*pro hac vice* pending)
Ian J. Bambrick (*pro hac vice* pending)
222 Delaware Ave. Suite 1410
Wilmington, DE  19801
(302) 467-4200 (Telephone)
(302) 467-4201 (Facsimile)
patrick.jackson@faegredrinker.com
ian.bambrick@faegredrinker.com

*Proposed Counsel to the DAMIS Debtors and
Debtors in Possession*

DMS_US.378015738.1