## EXHIBIT A

**Further Revised Emergency Order**

DMS_US.378036897.3

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| **FAEGRE DRINKER BIDDLE & REATH LLP**<br>Michael P. Pompeo<br>600 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>(973) 549-7000 (Telephone)<br>(973) 360-9831 (Facsimile)<br>michael.pompeo@faegredrinker.com<br><br>-and-<br><br>Patrick A. Jackson (*pro hac vice*)<br>Ian J. Bambrick (*pro hac vice*)<br>Sarah E. Silveira (*pro hac vice* pending)<br>222 Delaware Ave. Suite 1410<br>Wilmington, DE  19801<br>(302) 467-4200 (Telephone)<br>(302) 467-4201 (Facsimile)<br>patrick.jackson@faegredrinker.com<br>ian.bambrick@faegredrinker.com<br><br>*Proposed Counsel to the DAMIS Debtors and Debtors in Possession* | |
| In re:<br><br>DAMIS Holdings LLC, *et al.*,[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 26-16439 (CMG)<br><br>(Jointly Administered) |

**INTERIM ORDER (I) AUTHORIZING THE ROCKING HORSE DEBTORS'
AND SPLASHDOWN DEBTORS' IMMEDIATE USE OF CASH COLLATERAL
AND EXISTING BANK ACCOUNTS FOR PURPOSES OF SATISFYING GROSS
SALARIES, PAYROLL TAXES, AND RELATED EXPENSES, (II) AUTHORIZING
THE ROCKING HORSE & SPLASHDOWN DEBTORS TO SATISFY AND DIRECT
PAYROLL BANKS TO HONOR CERTAIN GROSS SALARIES AND PAYROLL
TAXES OF THEIR EMPLOYEES, (III) AUTHORIZING THE ROCKING
HORSE DEBTORS' AND SPLASHDOWN DEBTORS' CONTINUED USE**

---

[1] A complete list of the DAMIS Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the DAMIS Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/DAMIS/.  The location of DAMIS Holdings LLC's principal place of business and the DAMIS Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611

DMS_US.377995459.13

(Page 2)

Debtors: DAMIS HOLDINGS LLC, *et al.*

Case No.: 26-16439 (CMG)

Caption of Order: Further Interim Order (I) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Gross Salaries, Payroll Taxes, and Related Expenses, (II) Authorizing the Rocking Horse Ranch Debtors and the SplashDown Debtors to Satisfy and Direct Payroll Banks to Honor Certain Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Continued Use of Their Cash Management System, to Honor Certain Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief

**OF THEIR CASH MANAGEMENT SYSTEM, TO HONOR CERTAIN OBLIGATIONS RELATED THERETO, AND CONTINUE ADDITIONAL TRANSACTIONS, AND (IV) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through twenty-two (22)

is **ORDERED**.

DMS_US.377995459.13

(Page 3)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | Further Interim Order (I) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Gross Salaries, Payroll Taxes, and Related Expenses, (II) Authorizing the Rocking Horse Ranch Debtors and the SplashDown Debtors to Satisfy and Direct Payroll Banks to Honor Certain Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Continued Use of Their Cash Management System, to Honor Certain Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief |

Upon the *Rocking Horse & SplashDown Debtors' Emergency Motion for Entry of a Supplemental Interim Order (I) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts for Purposes of Satisfying Gross Salaries, Payroll Taxes, and Related Expenses, (II) Authorizing the Rocking Horse Ranch Debtors and the SplashDown Debtors to Satisfy and Direct Payroll Banks to Honor Certain Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Continued Use of Their Cash Management System, to Honor Certain Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief* (the "Motion")[2] of the Rocking Horse & SplashDown Debtors, for entry of an emergency supplemental interim wage order (this "Supplemental Emergency Wage Order") pursuant to Bankruptcy Code sections 105(a), 363, 503, 507, and 541(b)(1), Bankruptcy Rules 2002, 6003, 6004 and 9014 and Local Rules 2002-1, 9013-1, and 9013-5, (a) authorizing the Rocking Horse Debtors' and the SplashDown Debtors' immediate use of cash collateral and their Bank Accounts for purposes of satisfying the Employee Obligations in an amount not to exceed $241,500 for the Rocking Horse Debtors and $134,500 for the SplashDown Debtors and in accordance with **Schedule 1** attached hereto; (b) authorizing the Rocking Horse & SplashDown Debtors to direct

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

DMS_US.377995459.13

(Page 4)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | Further Interim Order (I) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Gross Salaries, Payroll Taxes, and Related Expenses, (II) Authorizing the Rocking Horse Ranch Debtors and the SplashDown Debtors to Satisfy and Direct Payroll Banks to Honor Certain Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Continued Use of Their Cash Management System, to Honor Certain Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief |

their payroll banks to honor the Employee Obligations of their employees and supplemental workforce; and (c) authorizing, but not directing, the Rocking Horse & SplashDown Debtors to (i) continue using their cash management system, (ii) honor certain obligations related thereto, and (iii) continue additional transactions and funding consistent with this Supplemental Emergency Wage Order funded through bank account(s) under the control of the DAMIS Debtors' CRO; and (d) granting related relief., all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Rocking Horse & SplashDown Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and the Debtors and the Court having been advised that Visions Federal Credit

(Page 5)

Debtors: DAMIS HOLDINGS LLC, *et al.*

Case No.: 26-16439 (CMG)

Caption of Order: Further Interim Order (I) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Gross Salaries, Payroll Taxes, and Related Expenses, (II) Authorizing the Rocking Horse Ranch Debtors and the SplashDown Debtors to Satisfy and Direct Payroll Banks to Honor Certain Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Continued Use of Their Cash Management System, to Honor Certain Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief

Union ("Visions") asserts a security interest in certain of the Rocking Horse Debtors' assets, including their leasehold estate, rents, and related collateral, pursuant to, among other documents, that certain Leasehold Mortgage and Security Agreement dated June 14, 2024, that certain Assignment of Leases and Rents dated June 14, 2024, and that certain Security Agreement dated June 14, 2024, each by and among Rocking Horse Ranch Landco LLC, Rocking Horse Ranch Operatingco LLC, RDM Camps, LLC, and Visions (collectively, the "Visions Loan Documents"); and the Debtors and the Court having been advised that NBT Bank, National Association ("NBT") asserts a security interest in certain of the SplashDown Debtors' assets, including their leasehold estate, rents, and related collateral, pursuant to, among other documents, that certain Loan Agreement dated June 14, 2024, that certain Assignment of Rents dated June 14, 2024, that certain Security Agreement dated June 14, 2024, that certain Promissory Note dated June 14, 2024, and that certain Leasehold Mortgage dated June 14, 2024, each by and among Splashdown Beach Operatingco LLC, Splashdown Beach Landco LLC, and NBT (collectively, the "NBT Loan Documents"); and the Debtors and the Court having been advised that Mizzen Management, LLC, as administrative agent and collateral agent for Mizzen Capital, LP and Mizzen Capital II, LP (collectively, "Mizzen Capital"), asserts a security interest in substantially all of the assets of the Rocking Horse Debtors, including their leasehold estate, rents, and related collateral, pursuant to,

DMS_US.377995459.13

(Page 6)

Debtors:           DAMIS HOLDINGS LLC, *et al.*

Case No.:          26-16439 (CMG)

Caption of Order:  Further Interim Order (I) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Gross Salaries, Payroll Taxes, and Related Expenses, (II) Authorizing the Rocking Horse Ranch Debtors and the SplashDown Debtors to Satisfy and Direct Payroll Banks to Honor Certain Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Continued Use of Their Cash Management System, to Honor Certain Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief

among other documents, that certain Leasehold Mortgage and Security Agreement dated as of August 15, 2025, by Rocking Horse Ranch Landco LLC in favor of Mizzen Capital, and that certain Security Agreement dated as of August 15, 2025, by, among others, Rocking Horse Ranch Landco LLC and Rocking Horse Rach Operatingco LLC, in favor of Mizzen Capital (collectively, the "Mizzen Capital Loan Documents"), which Mizzen Capital Loan Documents are subject to that certain Subordination and Intercreditor Agreement dated as of August 15, 2025, by and between Visions and Mizzen Capital (the "Visions Intercreditor Agreement"), and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED on a further interim basis as set forth herein.

2.      The Rocking Horse Debtors acknowledge that Visions and Mizzen Capital assert a security interest in cash collateral of the Rocking Horse Debtors, including but not limited to the rents, income, receipts, revenues, issues, and profits derived from the Rocking Horse Ranch Resort premises, pursuant to the Visions Loan Documents and the Mizzen Capital Loan Documents, respectively, and the SplashDown Debtors acknowledge that NBT asserts a security interest in cash collateral of the SplashDown Debtors, including but not limited to the rents, income, receipts, revenues, issues, and profits derived from the SplashDown Beach Water Park premises, pursuant

DMS_US.377995459.13

(Page 7)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | Further Interim Order (I) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Gross Salaries, Payroll Taxes, and Related Expenses, (II) Authorizing the Rocking Horse Ranch Debtors and the SplashDown Debtors to Satisfy and Direct Payroll Banks to Honor Certain Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Continued Use of Their Cash Management System, to Honor Certain Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief |

to the NBT Loan Documents. Nothing in this Supplemental Emergency Wage Order shall constitute a finding or admission by any party (i) as to the validity, extent, priority, or perfection of Visions' or Mizzen Capital's asserted liens or security interests, or (ii) as to the validity, extent, priority, or perfection of NBT's asserted liens or security interests, and all rights of the Rocking Horse Debtors and the SplashDown Debtors, and any other party in interest, to challenge or contest the same are expressly reserved.

3.      The Rocking Horse & SplashDown Debtors are authorized, but not directed, on a further interim basis, to use their cash, including cash collateral, and the Bank Accounts for the limited purpose of satisfying the Employee Obligations due to be paid the week of June 22nd in an amount not to exceed $241,500 for the Rocking Horse Debtors and $134,500 for the SplashDown Debtors and in accordance with **Schedule 1** attached hereto.

4.      The Rocking Horse & SplashDown Debtors are authorized, but not directed, on a further interim basis, to: (a) continue operating the cash management system maintained by the Rocking Horse & SplashDown Debtors before the Petition Date; (b) honor any obligations related to the Employee Obligations; (c) use, in their present form, all preprinted correspondence and business forms (including letterhead) without reference to the Rocking Horse & SplashDown Debtors' statuses as debtors in possession; *provided* that once the Rocking Horse & SplashDown

(Page 8)
Debtors:            DAMIS HOLDINGS LLC, *et al.*
Case No.:           26-16439 (CMG)
Caption of Order:   Further Interim Order (I) Authorizing the Rocking Horse Debtors' and
                    SplashDown Debtors' Immediate Use of Cash Collateral and Existing Bank
                    Accounts For Purposes of Satisfying Gross Salaries, Payroll Taxes, and
                    Related Expenses, (II) Authorizing the Rocking Horse Ranch Debtors and
                    the SplashDown Debtors to Satisfy and Direct Payroll Banks to Honor
                    Certain Gross Salaries and Payroll Taxes of Their Employees,
                    (III) Authorizing the Rocking Horse Debtors' and SplashDown Debtors'
                    Continued Use of Their Cash Management System, to Honor Certain
                    Obligations Related Thereto, and Continue Additional Transactions, and
                    (IV) Granting Related Relief

Debtors' existing stock of business forms has been used, the Rocking Horse & SplashDown

Debtors shall, when reordering (or with respect to checks or other business forms the Rocking

Horse & SplashDown Debtors or their agents print themselves) require or print, as applicable, the

"Debtor in Possession" legend and corresponding bankruptcy case number on all such items;

(d) continue to maintain their existing books and records; (continue to use, with the same account

numbers, the Bank Accounts in existence as of the Petition Date; (e) treat the Rocking Horse &

SplashDown Debtors' existing bank accounts for all purposes as debtor in possession accounts;

and (f) deposit funds in and withdraw funds from the existing Bank Accounts in the ordinary course

and by all means, including checks, wire transfers, ACH transfers, and other debits or electronic

means; *provided*, that in the case of each of (a) through (f) such action is taken solely in accordance

with the authority granted by this Supplemental Emergency Wage Order to address the Employee

Obligations.

5.     The Rocking Horse & SplashDown Debtors' existing banks that hold the Bank

Accounts are hereby authorized, but not directed, on a further interim basis, to continue to

maintain, service, and administer the Bank Accounts as accounts of the Rocking Horse &

SplashDown Debtors as debtors in possession, without interruption and in the ordinary course of

business consistent with historical practices as to the Employee Obligations, and receive, process,

DMS_US.377995459.13

(Page 9)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | Further Interim Order (I) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Gross Salaries, Payroll Taxes, and Related Expenses, (II) Authorizing the Rocking Horse Ranch Debtors and the SplashDown Debtors to Satisfy and Direct Payroll Banks to Honor Certain Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Continued Use of Their Cash Management System, to Honor Certain Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief |

honor and pay, to the extent funds are available from the Rocking Horse & SplashDown Debtors' cash management system and the Bank Accounts to cover and permit payment thereof, any and all checks, drafts, and automatic clearing house and wire transfers drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be, to the extent authorized herein or directed by the Rocking Horse & SplashDown Debtors to address the Employee Obligations and all such banks are authorized to rely on the Rocking Horse & SplashDown Debtors' designation of any particular check or electronic payment request as approved by this Supplemental Emergency Wage Order; *provided* that, subject to paragraph five (5) of this Supplemental Emergency Wage Order, the Rocking Horse & SplashDown Debtors shall instruct or request any bank or financial institution at which the Bank Accounts are held to pay or honor any check, draft, or other payment issued on a Bank Account prior to the Petition Date but presented to such bank or financial institution for payment after the Petition Date only as authorized by an order of this Court.

6.      The banks and financial institutions at which the Bank Accounts are held are authorized, but not directed, on an interim basis, to debit the Bank Accounts in the ordinary course of business, consistent with historical practices, as to the Employee Obligations without the need for further order of this Court for all checks drawn on the Bank Accounts that are cashed at the

DMS_US.377995459.13

(Page 10)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | Further Interim Order (I) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Gross Salaries, Payroll Taxes, and Related Expenses, (II) Authorizing the Rocking Horse Ranch Debtors and the SplashDown Debtors to Satisfy and Direct Payroll Banks to Honor Certain Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Continued Use of Their Cash Management System, to Honor Certain Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief |

Rocking Horse & SplashDown Debtors' bank or financial institution counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date.

7.      During the Supplemental Interim Period, any existing deposit agreements between or among the Rocking Horse & SplashDown Debtors, the banks and financial institutions at which the Bank Accounts are held, and other parties shall continue to govern the postpetition cash management relationship between the Rocking Horse & SplashDown Debtors and the banks and financial institutions at which the Bank Accounts are held, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect unless otherwise ordered by this Court.

8.      Any objections to the entry of this Supplemental Emergency Wage Order, to the extent not withdrawn or settled, are overruled.

9.      If any of the Bank Accounts as of the Petition Date are not in compliance with section 345(b) of the Bankruptcy Code or the U.S. Trustee Guidelines, the Rocking Horse & SplashDown Debtors shall have until a date that is thirty (30) calendar days from the entry of the Emergency Wage Order or such longer time as agreed with the U.S. Trustee, without prejudice to seeking an additional extension, to either come into compliance with section 345(b) of the Bankruptcy Code and any of the U.S. Trustee's requirements or guidelines or to make such other

DMS_US.377995459.13

(Page 11)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | Further Interim Order (I) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Gross Salaries, Payroll Taxes, and Related Expenses, (II) Authorizing the Rocking Horse Ranch Debtors and the SplashDown Debtors to Satisfy and Direct Payroll Banks to Honor Certain Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Continued Use of Their Cash Management System, to Honor Certain Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief |

arrangements as are agreed to by the U.S. Trustee or approved by this Court; *provided* that nothing herein shall prevent the Rocking Horse & SplashDown Debtors or the U.S. Trustee from seeking further relief from this Court to the extent that an agreement cannot be reached.

10.     For the banks and financial institutions at which the Bank Accounts are held that are not a party to a UDA with the U.S. Trustee, the Rocking Horse & SplashDown Debtors shall use their good faith efforts to cause the banks or financial institutions at which the Bank Accounts are held to execute a UDA in a form prescribed by the U.S. Trustee within thirty (30) calendar days of the date of the Emergency Wage Order.  The Rocking Horse & SplashDown Debtors' and U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks or financial institutions at which the Bank Accounts are held are unwilling to execute a UDA in a form prescribed by the U.S. Trustee are fully preserved.

11.     The DAMIS Debtors shall calculate quarterly fees payable under 28 U.S.C. § 1930(a)(6) based on the disbursements of (or on behalf of) each DAMIS Debtor including any disbursements of (or on behalf of) each of the Rocking Horse & SplashDown Debtors regardless of which entity actually makes a disbursement.

12.     Any new bank account opened by the Rocking Horse & SplashDown Debtors shall be established at an institution that is (a) a party to a UDA with the U.S. Trustee or is willing to

DMS_US.377995459.13

(Page 12)

Debtors: DAMIS HOLDINGS LLC, *et al.*

Case No.: 26-16439 (CMG)

Caption of Order: Further Interim Order (I) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Gross Salaries, Payroll Taxes, and Related Expenses, (II) Authorizing the Rocking Horse Ranch Debtors and the SplashDown Debtors to Satisfy and Direct Payroll Banks to Honor Certain Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Continued Use of Their Cash Management System, to Honor Certain Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief

immediately execute a UDA and (b) bound by the terms of the Emergency Wage Order and this Supplemental Emergency Wage Order. The opening or closing of a bank account shall be timely indicated on the Rocking Horse & SplashDown Debtors' monthly operating reports. Any new debtor-in-possession bank account shall bear the designation "Debtor-in-Possession" and designated as "Debtor-in-Possession" accounts with the case number. The Rocking Horse & SplashDown Debtors shall provide notice within two (2) business day to the U.S. Trustee and any advisors to any statutory committees that may be appointed in these Chapter 11 Cases of the opening of a new bank account or closing of any Bank Accounts. The U.S. Trustee and counsel to any statutory committees that may be appointed in these Chapter 11 Cases shall have fourteen (14) calendar days from the receipt of such notice to file any objection with regard to the opening or closing of a bank account, or such later date as may be extended by this Court or agreed to between such parties, as applicable.

13. The Rocking Horse & SplashDown Debtors' shall continue to maintain accurate and detailed records of all transfers, including but not limited to intercompany transactions and the payment of intercompany claims, so that all transactions may be readily traced, ascertained, and recorded properly on applicable intercompany accounts (if any) and distinguished between prepetition and postpetition transactions for the purposes of determining administrative expense

DMS_US.377995459.13

(Page 13)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | Further Interim Order (I) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Gross Salaries, Payroll Taxes, and Related Expenses, (II) Authorizing the Rocking Horse Ranch Debtors and the SplashDown Debtors to Satisfy and Direct Payroll Banks to Honor Certain Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Continued Use of Their Cash Management System, to Honor Certain Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief |

status.  During the Supplemental Interim Period, upon request of the U.S. Trustee, any statutory committees appointed in these Chapter 11 Cases, Visions, Mizzen Capital, and NBT, the Rocking Horse & SplashDown Debtors shall make such records related to the foregoing available to such parties.  For the avoidance of doubt, no intercompany transactions or payment of intercompany claims, including without limitation, payments on account of employee wages for any other Debtors except the Rocking Horse Debtors and SplashDown Debtors are authorized by this Supplemental Emergency Wage Order.

14.     The Rocking Horse & SplashDown Debtors shall maintain records of all transfers within the cash management system so that all transfers and transactions shall be adequately and promptly documented in, and ascertainable from, the Rocking Horse Debtors' & SplashDown Debtors' books and records, to the same extent as maintained prior to the commencement of the Chapter 11 Cases, Cases, and in accordance with the terms set forth in the Visions Loan Documents, Mizzen Capital Loan Documents, and the NBT Loan Documents.  The Rocking Horse & SplashDown Debtors are also directed to maintain their books and records so as to provide a clear demarcation between prepetition and postpetition transactions.

15.     The Rocking Horse & SplashDown Debtors are authorized, but not directed, on a further interim basis, to pay the Employee Obligations in the ordinary course of business, in

DMS_US.377995459.13

(Page 14)

Debtors:               DAMIS HOLDINGS LLC, *et al.*

Case No.:              26-16439 (CMG)

Caption of Order:      Further Interim Order (I) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Gross Salaries, Payroll Taxes, and Related Expenses, (II) Authorizing the Rocking Horse Ranch Debtors and the SplashDown Debtors to Satisfy and Direct Payroll Banks to Honor Certain Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Continued Use of Their Cash Management System, to Honor Certain Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief

accordance with the Rocking Horse & SplashDown Debtors' prepetition policies and practices, and to honor and pay any amounts related thereto as and when such obligations are due, in their business judgment during these Chapter 11 Cases and without need for further Court approval, subject to applicable law and the terms of the Emergency Wage Order and this Supplemental Emergency Wage Order; provided that nothing herein shall be deemed to authorize the Rocking Horse & SplashDown Debtors to make any payments in excess of the amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code to any employee without further order of this Court; provided further that (a) the Rocking Horse & SplashDown Debtors shall seek court approval, on notice, under a separate motion at a later time of any modification or change that would implicate any portion of section 503(c) of the Bankruptcy Code and nothing herein shall prejudice the Rocking Horse & SplashDown Debtors' ability to do so, and (b) nothing in the Emergency Wage Order and this Supplemental Emergency Wage Order shall be deemed to authorize the Rocking Horse & SplashDown Debtors to make any payments to any employees, including "insiders" (as defined in section 101(31) of the Bankruptcy Code) of the Rocking Horse & SplashDown Debtors on account of any incentive and bonus programs or severance programs, without further order of this Court and nothing herein shall be deemed to authorize the payment

(Page 15)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | Further Interim Order (I) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Gross Salaries, Payroll Taxes, and Related Expenses, (II) Authorizing the Rocking Horse Ranch Debtors and the SplashDown Debtors to Satisfy and Direct Payroll Banks to Honor Certain Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Continued Use of Their Cash Management System, to Honor Certain Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief |

of any amounts that violate, implicate, or are otherwise subject to section 503(c) of the Bankruptcy Code.

16.    Nothing in the Motion or this Supplemental Emergency Wage Order shall constitute a determination by the Court as to whether any individual seeking payment pursuant to this Supplemental Emergency Wage Order is or is not an "insider" as that term is defined in section 101(31) of the Bankruptcy Code.

17.    This Supplemental Emergency Wage Order does not implicitly or explicitly approve any bonus plan, incentive plan, severance plan, or other plan covered by section 503(c) of the Bankruptcy Code.

18.    All parties' rights and remedies are reserved.  Any objection to the Court's entry of further interim or final relief may be preserved for a further hearing on the relief sought in this Motion or any other or additional relief sought by the Rocking Horse & SplashDown Debtors at a later date.  Notwithstanding, upon written notice to all parties on no less than one (1) business days' notice, the Rocking Horse & SplashDown Debtors may seek an extension of the relief granted in this Supplemental Emergency Wage Order subject to approval of this Court.

19.    To the extent the Rocking Horse & SplashDown Debtors intend to make a payment to an insider or an affiliate of an insider of the Rocking Horse & SplashDown Debtors, the Rocking

DMS_US.377995459.13

(Page 16)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | Further Interim Order (I) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Gross Salaries, Payroll Taxes, and Related Expenses, (II) Authorizing the Rocking Horse Ranch Debtors and the SplashDown Debtors to Satisfy and Direct Payroll Banks to Honor Certain Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Continued Use of Their Cash Management System, to Honor Certain Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief |

Horse & SplashDown Debtors shall, to the extent reasonably practical, provide seven (7) calendar days' advance notice to, and opportunity to object by, the U.S. Trustee, Visions, Mizzen Capital, NBT, and counsel to any statutory committees appointed in these chapter 11 cases; provided that if any party objects to the payment, the Rocking Horse & SplashDown Debtors shall not make such payment without further order of the Court.

20.     For the avoidance of doubt, nothing in this Supplemental Emergency Wage Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Rocking Horse & SplashDown Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Rocking Horse & SplashDown Debtors and their estates with respect to the validity, priority, or amount of any claim against the Rocking Horse & SplashDown Debtors and their estates; or (c) shall be construed as a promise to pay a claim.

21.     Pursuant to sections 361 and 363(e) of the Bankruptcy Code, to the extent that any secured creditors, including Visions, Mizzen Capital, and NBT, hold a valid and enforceable security interest in the cash collateral covered by this Supplemental Emergency Wage Order, those secured creditors, including Visions, Mizzen Capital, and NBT, shall be entitled to adequate protection of such interest consistent with sections 363(e) and 361 or other applicable provisions

DMS_US.377995459.13

(Page 17)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | Further Interim Order (I) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Gross Salaries, Payroll Taxes, and Related Expenses, (II) Authorizing the Rocking Horse Ranch Debtors and the SplashDown Debtors to Satisfy and Direct Payroll Banks to Honor Certain Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Continued Use of Their Cash Management System, to Honor Certain Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief |

of the Bankruptcy Code. Notwithstanding anything contained in the Motion or herein, all rights of the secured creditors, including Visions, Mizzen Capital, and NBT, to object to any form of adequate protection and to request adequate protection are reserved.

22.     As adequate protection for and solely to the extent of the amount of diminution in value from and after the Petition Date of its interests in the aggregate amount of cash collateral used by the Rocking Horse & SplashDown Debtors solely with respect to which a secured lender of the Rocking Horse Debtors or the SplashDown Debtors, including Visions, Mizzen Capital, and NBT (each, a "Secured Lender"), has a valid, perfected security interest in its cash on a dollar for dollar basis, the imposition of the automatic stay, and any other act or omission which causes diminution in the value of its interests in the cash collateral (collectively, the "Diminution in Value"), such Secured Lender is hereby granted, pursuant to sections 361 and 363 of the Bankruptcy Code, valid, binding, enforceable and perfected replacement liens upon and security interests in all of such applicable Rocking Horse Debtors' or SplashDown Debtors' presently owned or hereafter acquired property and assets, whether such property and assets were acquired by such Rocking Horse Debtors or SplashDown Debtors before or after the Petition Date, of any kind or nature, whether real or personal, tangible or intangible, wherever located, and the proceeds and products thereof solely to the extent of any Diminution in Value (the "Replacement Liens");

DMS_US.377995459.13

(Page 18)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | Further Interim Order (I) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Gross Salaries, Payroll Taxes, and Related Expenses, (II) Authorizing the Rocking Horse Ranch Debtors and the SplashDown Debtors to Satisfy and Direct Payroll Banks to Honor Certain Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Continued Use of Their Cash Management System, to Honor Certain Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief |

provided that any Replacement Liens granted to Mizzen Capital shall be subordinate to any Replacement Liens granted to Visions to the extent required under the terms of the Vision Intercreditor Agreement; and provided further that the Replacement Liens shall not attach to any property recovered as a result of transfers or obligations avoided or actions maintained or taken pursuant to Sections 542, 544, 545, 547, 548, 549, 550, 551, 552 and 553 of the Bankruptcy Code.

23.     Without limiting the generality of the foregoing, Visions, Mizzen Capital, and NBT expressly reserves all of their rights under the Bankruptcy Code and applicable non-bankruptcy law, including, without limitation, the right to: (a) seek modification of this Supplemental Emergency Wage Order or any subsequent cash collateral order; (b) request additional or different adequate protection at any time, including but not limited to superpriority administrative expense claims under section 507(b) of the Bankruptcy Code, current cash payments, or additional replacement liens; (c) object to any further use of their cash collateral or any extension of the relief granted herein; (d) challenge the use, sale, or lease of any of their collateral outside of the ordinary course of business; (e) credit bid the full amount of their allowed secured claim in any sale of their collateral pursuant to section 363(k) of the Bankruptcy Code; provided, however, that any right of Mizzen Capital to credit bid would be subject to the terms of the Vision Intercreditor Agreement; (f) seek relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code;

(Page 19)

Debtors:            DAMIS HOLDINGS LLC, *et al.*
Case No.:           26-16439 (CMG)
Caption of Order:   Further Interim Order (I) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Gross Salaries, Payroll Taxes, and Related Expenses, (II) Authorizing the Rocking Horse Ranch Debtors and the SplashDown Debtors to Satisfy and Direct Payroll Banks to Honor Certain Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Continued Use of Their Cash Management System, to Honor Certain Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief

(g) object to any plan of reorganization or disclosure statement; and (h) assert any and all other rights and remedies available to Visions, Mizzen Capital, and NBT as a secured creditor. Nothing in this Supplemental Emergency Wage Order shall be deemed a waiver of any of the foregoing rights or any other rights of Visions, Mizzen Capital, or NBT.

24.     Notwithstanding the relief granted in this Supplemental Emergency Wage Order and any actions taken pursuant to such relief, nothing in this Supplemental Emergency Wage Order shall be deemed: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Rocking Horse Debtors or the SplashDown Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Rocking Horse Debtors' or the SplashDown Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is a secured claim, an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Supplemental Emergency Wage Order or the Motion or any order granting the relief requested by the Motion; (e) a request, approval, or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code (or otherwise affect the Rocking Horse Debtors' or the SplashDown Debtors' rights under section 365 of the  Bankruptcy Code); (f) an

(Page 20)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | Further Interim Order (I) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Gross Salaries, Payroll Taxes, and Related Expenses, (II) Authorizing the Rocking Horse Ranch Debtors and the SplashDown Debtors to Satisfy and Direct Payroll Banks to Honor Certain Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Continued Use of Their Cash Management System, to Honor Certain Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief |

admission by the Rocking Horse Debtors or the SplashDown Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Rocking Horse Debtors' or the SplashDown Debtors' estates; (g) a waiver or limitation of the Rocking Horse Debtors' or the SplashDown Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) a concession by the Rocking Horse Debtors or the SplashDown Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; or (i) a waiver of the obligation of any party in interest to file a proof of claim.  Any payment made pursuant to this Supplemental Emergency Wage Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Rocking Horse Debtors' or the SplashDown Debtors' rights to subsequently dispute such claim.

25.    Nothing in this Supplemental Emergency Wage Order authorizes the Rocking Horse Debtors or the SplashDown Debtors to accelerate any payments to employees or insiders not otherwise due.

DMS_US.377995459.13

(Page 21)

Debtors:            DAMIS HOLDINGS LLC, *et al.*

Case No.:           26-16439 (CMG)

Caption of Order:   Further Interim Order (I) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Gross Salaries, Payroll Taxes, and Related Expenses, (II) Authorizing the Rocking Horse Ranch Debtors and the SplashDown Debtors to Satisfy and Direct Payroll Banks to Honor Certain Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Continued Use of Their Cash Management System, to Honor Certain Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief

26.     The requirements set forth in Bankruptcy Rule 6003(a) are satisfied by the contents of the Motion or otherwise deemed waived.

27.     The Rocking Horse Debtors or the SplashDown Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Supplemental Emergency Wage Order in accordance with the Motion.

28.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Supplemental Emergency Wage Order shall be effective and enforceable immediately upon entry hereof.

29.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

30.     Any party may move for modification of this Supplemental Emergency Wage Order in accordance with Local Rule 9013-5(e).

31.     Within two (2) calendar days after entry of this Supplemental Emergency Wage Order, the Rocking Horse & SplashDown Debtors shall serve a copy of this Supplemental Emergency Wage Order on each applicable bank and financial institution that is directed to comply with the terms of this Supplemental Emergency Wage Order.

DMS_US.377995459.13

(Page 22)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | Further Interim Order (I) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Gross Salaries, Payroll Taxes, and Related Expenses, (II) Authorizing the Rocking Horse Ranch Debtors and the SplashDown Debtors to Satisfy and Direct Payroll Banks to Honor Certain Gross Salaries and Payroll Taxes of Their Employees, (III) Authorizing the Rocking Horse Debtors' and SplashDown Debtors' Continued Use of Their Cash Management System, to Honor Certain Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief |

32.     The Rocking Horse & SplashDown Debtors shall serve a copy of this Supplemental Emergency Wage Order on (i) the U.S. Trustee, (ii) the MCA Funders, if known, (iii) all of the Rocking Horse & SplashDown Debtors known banking institutions, (iv) the Rocking Horse & SplashDown Debtors' payroll processors, (v) Visions Federal Credit Union c/o Bond, Schoeneck & King, PLLC, (vi) Mizzen Capital c/o Shipman & Goodwin LLP, (vii) NBT Bank, National Association c/o Lemery Greisler LLC, (viii) any other parties with known secured interests in the Rocking Horse & SplashDown Debtors' assets, and (ix) any other party in interest that is entitled to notice as the Rocking Horse & SplashDown Debtors become aware of such parties.

33.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Supplemental Emergency Wage Order.

**Schedule 1**

DMS_US.377995459.13

**Funding Week**        **6/19/2026**

## SplashDown Beach

Estimated Starting Cash Balance ($ in 000s)                                                    $352.58

| Category | Required Funding Date | Count | Amount ($000s) |
|---|---|---|---|
| Full-Time Employees | 23-Jun | 12 | $18.15 |
| Part-Time Employees | 23-Jun | 406 | 116.03 |
| Subtotal | | | $134.18 |

| **Estimated Cash Balance after Funding** | **$218.40** |
|---|---|

## Rocking Horse Ranch

Estimated Starting Cash Balance ($ in 000s)                                                    $2,419.26

| Category | Required Funding Date | Count | Amount ($000s) |
|---|---|---|---|
| Full-Time Employees | 23-Jun | 163 | $158.40 |
| Part-Time Employees | 23-Jun | 159 | 60.80 |
| 1099 Employees | 23-Jun | 30 | 22.00 |
| Subtotal | | | $241.20 |

| **Estimated Cash Balance after Funding** | **$2,178.06** |
|---|---|