| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| **FAEGRE DRINKER BIDDLE & REATH LLP**<br>Michael P. Pompeo<br>600 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>(973) 549-7000 (Telephone)<br>(973) 360-9831 (Facsimile)<br>michael.pompeo@faegredrinker.com<br><br>-and-<br><br>Patrick A. Jackson (*pro hac vice*)<br>Ian J. Bambrick (*pro hac vice*)<br>Sarah E. Silveira (*pro hac vice* pending)<br>222 Delaware Ave. Suite 1410<br>Wilmington, DE  19801<br>(302) 467-4200 (Telephone)<br>(302) 467-4201 (Facsimile)<br>patrick.jackson@faegredrinker.com<br>ian.bambrick@faegredrinker.com<br>sarah.silveira@faegredrinker.com<br><br>*Proposed Counsel to the DAMIS Debtors and*<br>*Debtors in Possession* | |
| In re:<br><br>DAMIS Holdings LLC, *et al.*,[1]<br><br>          Debtors. | Chapter 11<br><br>Case No. 26-16439 (CMG)<br><br>(Jointly Administered) |

**DAMIS DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS**
**(I) AUTHORIZING THE DAMIS DEBTORS TO (A) FILE A CONSOLIDATED LIST**
**OF THE DAMIS DEBTORS' THIRTY LARGEST UNSECURED CREDITORS, (B)**
**FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A**
**SEPARATE MAILING MATRIX FOR EACH DAMIS DEBTOR, AND (C) REDACT**

---

[1] A complete list of the DAMIS Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the DAMIS Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/DAMIS/.  The location of DAMIS Holdings LLC's principal place of business and the DAMIS Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

**CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF NATURAL PERSONS;
AND (II) GRANTING RELATED RELIEF**

TO THE HONORABLE CHRISTINE M. GRAVELLE
CHIEF JUDGE, UNITED STATES BANKRUPTCY COURT:

DAMIS Holdings LLC and certain of its affiliates (collectively, the "DAMIS Debtors"), the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby file this motion (this "Motion") for the entry of an order, substantially in the forms attached hereto as **Exhibit A** (the "Proposed Order"), (i) authorizing, but not directing, the DAMIS Debtors to (a) file a consolidated list of the DAMIS Debtors' thirty (30) largest unsecured creditors in lieu of filing a separate creditor list for each DAMIS Debtor, (b) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each DAMIS Debtor, and (c) redact certain personally identifiable information of natural persons; and (ii) granting related relief. In support of the Motion, the DAMIS Debtors rely upon and incorporate by reference the *Declaration of Perry Mandarino, Chief Restructuring Officer of the DAMIS Debtors in Support of Chapter 11 Petitions and First Day Motions and Applications* (the "First Day Declaration").[2] In further support of this Motion, the DAMIS Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.) (the "Standing Order").  This is a core proceeding pursuant to 28 U.S.C.

---

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the First Day Declaration.

DMS_US.377934735.5

§ 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[3]  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and legal predicates for the relief sought herein are sections 105(a), 107(b), 107(c), and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 1007, 2002, 9007, 9018, and 9037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

**GENERAL BACKGROUND**

3.      On June 4, 2026 (the "Petition Date"), each of the DAMIS Debtors filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The DAMIS Debtors are authorized to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or an examiner.  The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

4.      As set forth in the First Day Declaration, the DAMIS Debtors own, lease and operate various multifamily properties, offices, hotels and retail spaces throughout the United States.  Additional information regarding the DAMIS Debtors' businesses, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the First Day Declaration.

---

[3]   The DAMIS Debtors consent to the Court's entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter a final order consistent with Article III of the United States Constitution.

DMS_US.377934735.5

## BACKGROUND RELATING TO THE MOTION

5.     The DAMIS Debtors are jointly administered for procedural purposes and seek relief to facilitate efficient administration of these Chapter 11 Cases, including the preparation and use of a single consolidated creditor matrix and a consolidated list of the DAMIS Debtors' largest unsecured creditors. Certain natural persons may be included on the DAMIS Debtors' creditor matrix or other filings, and the DAMIS Debtors seek authority to redact personally identifiable information of such natural persons, including home addresses, email addresses, names of minors, and other identifying information, as applicable.

## RELIEF REQUESTED

6.     By this Motion, the DAMIS Debtors request that the Court enter the Proposed Order, (i) authorizing, but not directing, the DAMIS Debtors to (a) file a consolidated list of the DAMIS Debtors' thirty (30) largest unsecured creditors in lieu of filing a separate creditor list for each DAMIS Debtor, (b) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each DAMIS Debtor, and (c) redact certain personally identifiable information of natural persons; and (ii) granting related relief.

## BASIS FOR RELIEF

I.     **Cause Exists to Authorize the DAMIS Debtors to File a Single Consolidated List of Their Top Thirty Unsecured Creditors and Prepare a Single Consolidated List of Creditors in Lieu of Filing a Separate Matrix for Each DAMIS Debtor.**

7.     Section 521(a) of the Bankruptcy Code and Bankruptcy Rule 1007(a)(1) require a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each creditor. *See* 11 U.S.C. § 521(a); Fed. R. Bankr. P. 1007(a)(1). Additionally, Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the names, addresses and claims of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d).

4

This list is primarily used by the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee") to evaluate the types and amounts of unsecured claims against a debtor and, thereby, identify potential candidates to serve on an official committee of unsecured creditors appointed in a debtor's case pursuant to section 1102 of the Bankruptcy Code.

8.      The DAMIS Debtors request authority to file a single consolidated list of their thirty (30) largest general unsecured creditors on a consolidated basis (the "Top 30 List").[4] Because the top creditor lists for each individual DAMIS Debtor could overlap, and certain DAMIS Debtors may have fewer than thirty (30) significant unsecured creditors, separate lists would be of limited utility and could consume the limited time and resources of the DAMIS Debtors and their advisors. The DAMIS Debtors believe that the Top 30 List will better aid the U.S. Trustee in its efforts to communicate with the creditors.

9.      Allowing the DAMIS Debtors to prepare and maintain a single consolidated list of creditors (the "Consolidated Creditor Matrix"), in lieu of filing a separate creditor matrix for each DAMIS Debtor, is warranted because the Chapter 11 Cases involve multiple jointly administered debtors where there are numerous creditors and parties in interest. Preparing separate matrices for each DAMIS Debtor would be expensive, time consuming, and administratively burdensome. Accordingly, the DAMIS Debtors respectfully request authority to file one Consolidated Creditor Matrix for all DAMIS Debtors.

10.     The DAMIS Debtors, working with their proposed claims and noticing agent, Kroll Restructuring Administration LLC (the "Proposed Claims and Noticing Agent"), are in the process of preparing a single consolidated list of creditors in electronic format. The DAMIS Debtors intend

---

[4] If any of these Chapter 11 Cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable DAMIS Debtor will file an unconsolidated Top 30 List within fourteen (14) days of any such conversion.

DMS_US.377934735.5

to make the Consolidated Creditor Matrix available in electronic form to any party in interest upon request, or in non-electronic form at such requesting party's sole cost and expense, and the DAMIS Debtors intend to file a copy of the Consolidated Creditor Matrix on the docket in these Chapter 11 Cases.

11. Courts in this District have granted relief similar to the relief requested herein. *See, e.g.*, *In re FreshRealm, Inc.*, No. 26-14656 (MEH) (Bankr. D.N.J. May 21, 2026) (authorizing a consolidated list of the debtors' thirty largest creditors); *In re Eddie Bauer LLC*, No. 26-11422 (SLM) (Bankr. D.N.J. Mar. 3, 2026) (same); *In re STG Logistics*, *Inc,* No. 26-10258 (MEH) (Bankr. D.N.J. Feb. 10, 2026) (same); *In re United Site Servs., Inc.*, No. 25-23630 (MBK) (Bankr. D.N.J. Feb. 2, 2026) (same); *In re Del Monte Foods Corp. II Inc.*, No. 25-16984 (MBK) (Bankr. D.N.J. Aug. 5, 2025) (same); *In re Invitae Corp.*, No. 24-11362 (MBK) (Bankr. D.N.J. Aug. 26, 2024) (same); *In re Thrasio Holdings, Inc.*, No. 24-11840 (CMG) (Bankr. D.N.J. June 11, 2024) (same); *In re Careismatic Brands, LLC*, No. 24-10561 (VFP) (Bankr. D.N.J. Feb. 29, 2024) (same); *In re WeWork, Inc.*, No. 23-19865 (JKS) (Bankr. D.N.J. Dec. 20, 2023) (same); *In re BlockFi, Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Oct. 19, 2023) (authorizing a consolidated list of the debtors' 50 largest creditors).[5]

12. On June 18, 2026, the DAMIS Debtors filed an *Application for Designation as a Chapter 11 Complex Case* [D.I. 102] (the "Application"). If the Court grants the Application, the *General Order Governing Chapter 11 Complex Case Procedures* (the "Complex Case Procedures") will govern these proceedings. In jointly administered cases, such as the DAMIS Debtors' cases, the Complex Case Procedures expressly provide for the filing of a Consolidated

---

[5] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the DAMIS Debtors' proposed counsel.

DMS_US.377934735.5

Creditor Matrix containing no less than thirty (30) and no more than fifty (50) largest creditors. *See* Complex Case Procedures, III.C.

13.     Accordingly, the DAMIS Debtors submit that filing a Top 30 List and a Consolidated Creditor Matrix is necessary for the efficient and orderly administration of these Chapter 11 Cases, appropriate under these facts and circumstances, and in the best interests of the DAMIS Debtors' estates.

## II.     Redaction of Certain Confidential Information of Natural Persons Is Warranted.

14.     The public has a common law "right of access to judicial proceedings and records[.]" *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001).  However, when appropriate, the Bankruptcy Code permits courts to protect individuals from undue risk of identity theft or other unlawful injury via limiting the public's access to information, placing pleadings and other motions under seal or otherwise entering orders to prohibit the dissemination of sensitive information.  *See* 11 U.S.C. § 107(c); *see also In re Cendant*, 260 F.3d at 194 (noting the public's right of access "is not absolute") (citation and internal quotation marks omitted); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("Although the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.") (citation and internal quotation marks omitted).

15.     Section 107 of the Bankruptcy Code authorizes the Court to issue orders to prevent disclosing confidential information that could result in potential harm.  Section 107(b) of the Bankruptcy Code provides, in pertinent part, as follows:

> On the request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1); *see* Fed. R. Bankr. P. 9018 (same).

7

DMS_US.377934735.5

Additionally, section 107(c) of the Bankruptcy Code provides:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification (as defined in section 1028(d) of title 18 [of the United States Code]) contained in a paper filed, or to be filed, in a case under this title.
>
> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1)

16.     The DAMIS Debtors respectfully submit that it is appropriate to authorize them to redact the names (as described below), email addresses and home addresses of the DAMIS Debtors' individual creditors —including employees—from any pleading filed or to be filed with the Court in these Chapter 11 Cases.  This personal information could be used by various bad actors to perpetrate identity theft and phishing scams or to locate survivors of domestic violence, harassment, or stalking who have taken steps to conceal their whereabouts.  This risk is not hypothetical.  In at least one recent chapter 11 case, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee to her new address, which, until then, had not been publicly available. This unfortunate event forced the employee to change addresses again for safety concerns. Recently, in the *Celsius* bankruptcy case currently pending in the Southern District of New York, there have been at least twelve phishing scams that have been uncovered.  *See In re Celsius Network, LLC*, No. 22-10964 (MG) [Dkt. Nos. 1527, 1681, 1904, 1992, 2082, 2896, 3121, 3251, 3422, 3722, 3932, and 4070].  The DAMIS Debtors propose to provide an unredacted version of the Consolidated Creditor Matrix and any other redacted, applicable filings to the Court, the U.S.

DMS_US.377934735.5

Trustee, counsel to an official committee of unsecured creditors appointed in these Chapter 11

Cases (if any) and other parties in interest upon reasonable request.

17.     Further, of particular importance in these Chapter 11 Cases is the protection of

employee information.  Certain of the DAMIS Debtors' employees may be minors under the age

of 18.  It is of the utmost importance to the DAMIS Debtors that such employees' information be

protected.  In addition to the redaction of email addresses and home addresses of employees, the

DAMIS Debtors seek authority to redact the employee names in full in order to comply with the

Bankruptcy Rules.  *See* Bankruptcy Rule 9037 (a)(1) (providing unless the Court orders otherwise,

that "the name of an individual other than the debtor known to be and identified as a minor . . .

may include only . . . the minor's initials").  Absent this relief, the DAMIS Debtors would risk the

inadvertent and inappropriate disclosure of information relating to minors and would be forced to

conduct a timely and expensive review of each employee file at each of the different entities to

ensure compliance with the Bankruptcy Rules.  In order to avoid such additional time and expense,

and minimize any risk of inadvertent disclosure, the redaction of such names in full is warranted

here.

18.     Courts in this jurisdiction and within the Third Circuit have granted the relief

requested herein in comparable chapter 11 cases.  *See, e.g., In re David's Bridal, LLC, et al.*, Case

No. 23-12121 (CMG) (Bankr. D.N.J. April 19, 2023) (authorizing the debtors to redact the names,

homes addresses, and email addresses of employees who are minors and customers); *In re New

Rite Aid, LLC*, et al., No. 25-14861 (MBK) (Bankr. D.N.J. June 9, 2025) (authorizing the debtors

to redact the home addresses, e-mail addresses and any other personally identifiable information,

not including names, of natural persons that the Debtors identified as employees and individual

customers, unless such names have already been made public in litigation); *In re Joann Inc.*, No.

9

25-10068 (CTG) (Bankr. D. Del. Feb. 10, 2025) (authorizing the debtors to redact the names, home addresses, and email addresses of individual customers listed on the creditor matrix, schedules and statements, and other documents filed with the court); *In re PGX Holdings, Inc.*, No. 23 10719 (CTG) (Bankr. D. Del. July 19, 2023) (same); *In re SiO2 Medical Products, Inc.*, No. 23 10366 (JTD) (Bankr. D. Del. June 15, 2023) (same); *In re Cyxtera Technologies, Inc.*, No. 23-14853 (JKS) (Bankr. D.N.J. June 7, 2023) (authorizing the debtors, on an interim basis, to redact the home and email addresses of individuals listed on the creditor matrix, schedules and statements, and other documents filed with the court); and *In re Rite Aid Corporation*, No. 23-18993 (MBK) (Bankr. D.N.J. Oct. 18, 2023) (authorizing, on an interim basis, the debtors to redact the name, home address and email addressed for all natural persons.)

19.    In addition to granting the requested relief, bankruptcy courts in other districts within the Third Circuit have stressed the importance of permitting debtors to redact individual creditors' personally identifiable information, including home addresses in particular.  In *Art Van Furniture*, in overruling the objection of the U.S. Trustee to the same redaction relief proposed here, Judge Sontchi observed that the proposed redaction is not a "burden of proof" issue so "much as a common sense issue."  Hr'g Tr. at 25:6–7, *In re Art Van Furniture, LLC,* No. 20-10553 (CSS) (Bankr. D. Del. Mar. 10, 2020).  Judge Sontchi found that "at this point and given the risks associated with having any kind of private information out on the internet, [redaction] has really become routine [and] I think obvious relief."  Id. at 25:13–16.  Similarly, in *Clover Technologies*, Judge Owens overruled the U.S. Trustee's objection, noting that "[t]o me it is common sense.  I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website. . . .  The court can completely avoid

10

DMS_US.377934735.5

contributing to the risk by redacting the addresses.  And while there is, of course, an important right of access we routinely redact sensitive and confidential information for corporate entities and redact individual's home addresses."  Hr'g Tr. at 24:21-25, 25:9-10, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020).  And, in Forever 21, Judge Gross overruled the U.S. Trustee's objection and found that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld."  Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019).

20.    For these reasons, pursuant to section 107(c)(1) of the Bankruptcy Code, the DAMIS Debtors respectfully submit that cause exists to authorize the DAMIS Debtors to redact personally identifiable information – including email addresses and home addresses – in respect of the DAMIS Debtors' individual creditors (including employees) who are listed on the Consolidated Creditor Matrix or any other document filed with the Court. In addition, and solely with respect to employees, the DAMIS Debtors submit that cause exists to authorize the redaction of such employee names. Without this relief, the DAMIS Debtors would unnecessarily render individuals more susceptible to identity theft, could potentially disclose information of minors, and could jeopardize the safety of individuals who, unbeknownst to the DAMIS Debtors, are survivors of domestic violence or stalking by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.

## SATISFACTION OF BANKRUPTCY RULE 6003(a)

21.    Bankruptcy Rule 6003(a) empowers a court to grant relief within the first twenty-one (21) days after the Petition Date to the extent that "relief is needed to avoid immediate and irreparable harm."  Fed. R. Bankr. P. 6003(a).  As set forth in this Motion, an immediate and orderly transition into chapter 11 is critical to the viability of the DAMIS Debtors' operations.

11

DMS_US.377934735.5

Failure to receive the requested relief during the first twenty-one (21) days of these Chapter 11 Cases would severely disrupt the DAMIS Debtors' operations at this critical juncture and cause immediate and irreparable harm.  The requested relief is necessary for the DAMIS Debtors to operate their business in the ordinary course, preserve the ongoing value of their operations, and maximize value of their estates for the benefit of all stakeholders.  The DAMIS Debtors have demonstrated that the requested relief is "needed to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003(a), and the Court should grant the requested relief.

### WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)

22.      To the extent Bankruptcy Rule 6004(h) or any other Bankruptcy Rule could impose a stay on any portion of the relief granted in the Proposed Order, the DAMIS Debtors request that the Proposed Order be effective and enforceable immediately upon entry. Immediate effectiveness will allow the DAMIS Debtors to implement the matrix and redaction relief promptly and avoid unnecessary administrative delay.

23.      For this reason and those set forth above, the DAMIS Debtors submit that ample cause exists to authorize the immediate effectiveness of the Proposed Order to the extent applicable.

### RESERVATION OF RIGHTS

24.      Notwithstanding anything to the contrary herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the DAMIS Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the DAMIS Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative

12

expense claim, other priority claim, or otherwise of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the DAMIS Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the DAMIS Debtors' estates; (g) a waiver or limitation of the DAMIS Debtors' or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the DAMIS Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the DAMIS Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the DAMIS Debtors' rights to subsequently dispute such claim.

**NOTICE**

25.     The DAMIS Debtors will provide notice of this Motion to: (i) the Office of the United States Trustee for the District of New Jersey; (ii) the Office of the United States Attorney for the District of New Jersey; (iii) the Internal Revenue Service; (iv) the DAMIS Debtors' thirty (30) largest unsecured creditors on a consolidated basis; (v) any known secured creditors; (vi) the Securities and Exchange Commission; (vii) the DAMIS Debtors' existing banking institutions;

13

(viii) the attorney general in the states where the DAMIS Debtors conduct business operations; and (ix) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. The DAMIS Debtors will serve notice of this Motion and any order entered hereon in accordance with Rule 9013-5 of the Local Rules. In light of the nature of the relief requested herein, the DAMIS Debtors submit that no other or further notice is necessary.

WHEREFORE, the DAMIS Debtors respectfully request entry of the Proposed Order, substantially in the forms submitted herewith, granting the relief requested herein and such other and further relief as is just and proper.

Dated: Florham Park, New Jersey
June 23, 2026

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Michael P. Pompeo*
Michael P. Pompeo
600 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 549-7000 (Telephone)
(973) 360-9831 (Facsimile)
michael.pompeo@faegredrinker.com

-and-

Patrick A. Jackson (*pro hac vice*)
Ian J. Bambrick (*pro hac vice*)
Sarah E. Silveira (*pro hac vice* pending)
222 Delaware Ave. Suite 1410
Wilmington, DE  19801
(302) 467-4200 (Telephone)
(302) 467-4201 (Facsimile)
patrick.jackson@faegredrinker.com
ian.bambrick@faegredrinker.com
sarah.silveira@faegredrinker.com

*Proposed Counsel to the DAMIS Debtors and Debtors in Possession*

DMS_US.377934735.5