# EXHIBIT B

## Proposed Final Order

DMS_US.377973324.6

<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

---

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

---

**FAEGRE DRINKER BIDDLE & REATH LLP**
Michael P. Pompeo
600 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 549-7000 (Telephone)
(973) 360-9831 (Facsimile)
michael.pompeo@faegredrinker.com

-and-

Ian J. Bambrick (*pro hac vice*)
Patrick A. Jackson (*pro hac vice*)
Sarah E. Silveira (*pro hac vice* pending)
222 Delaware Ave. Suite 1410
Wilmington, DE  19801
(302) 467-4200 (Telephone)
(302) 467-4201 (Facsimile)
ian.bambrick@faegredrinker.com
patrick.jackson@faegredrinker.com
sarah.silveira@faegredrinker.com

*Proposed Counsel to the DAMIS Debtors and*
*Debtors in Possession*

</td></tr>
<tr><td>

In re:

DAMIS Holdings LLC, *et al.*,[1]

        Debtors.

</td><td>

Chapter 11

Case No. 26-16439 (CMG)

(Jointly Administered)

</td></tr>
</table>

**FINAL ORDER (I) GRANTING AUTHORITY TO (A) CONTINUE USING THE CASH MANAGEMENT SYSTEM, BUSINESS FORMS, AND BOOKS AND RECORDS AND PAY ALL FEES RELATED THERETO, (B) IMPLEMENT ORDINARY-COURSE CHANGES TO CASH MANAGEMENT SYSTEM, INCLUDING OPENING AND CLOSING ACCOUNTS, (C) CONTINUE INTERCOMPANY TRANSACTIONS;**

---

[1] A complete list of the DAMIS Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the DAMIS Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/DAMIS/.  The location of DAMIS Holdings LLC's principal place of business and the DAMIS Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

**(II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION
INTERCOMPANY TRANSACTIONS; AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through eleven (11), is

hereby **ORDERED**.

(Page 3)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | FINAL ORDER (I) GRANTING AUTHORITY TO (A) CONTINUE USING THE CASH MANAGEMENT SYSTEM, BUSINESS FORMS, AND BOOKS AND RECORDS AND PAY ALL FEES RELATED THERETO, (B) IMPLEMENT ORDINARY-COURSE CHANGES TO CASH MANAGEMENT SYSTEM, INCLUDING OPENING AND CLOSING ACCOUNTS, (C) CONTINUE INTERCOMPANY TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS; AND (III) GRANTING RELATED RELIEF |

Upon consideration of the motion (the "<u>Motion</u>")[1] of the above-captioned debtors and debtors in possession (the "<u>DAMIS Debtors</u>") for the entry of interim and final orders, pursuant to sections 105(a), 345, 363, 364, and 503 of the Bankruptcy Code and Bankruptcy Rules 6003 (to the extent applicable), and 6004, (i) authorizing the DAMIS Debtors to (a) continue using their existing Bank Accounts, the Cash Management System, Business Forms, and Books and Records and paying all fees related thereto, and (b) implement ordinary-course changes to the Cash Management System, including opening and closing Bank Accounts as deemed necessary and appropriate in the DAMIS Debtors' business judgment; (ii) authorizing the DAMIS Debtors to continue performing Intercompany Transactions in the ordinary course of business and consistent with prepetition practice and granting administrative expense status to postpetition Intercompany Transactions; and (iii) granting related relief; and upon consideration of the record of the Chapter 11 Cases; and the Court having found that due and proper notice of the Motion has been given and no other or further notice of the Motion is required; and the Court having found that it has jurisdiction to consider the Motion under 28 U.S.C. §§ 1334 and 157, and the Standing Order; and the Court having found that its consideration of the Motion and the relief requested therein is a core proceeding under 28 U.S.C. § 157(b) and that it may enter a final order consistent with Article

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 4)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | FINAL ORDER (I) GRANTING AUTHORITY TO (A) CONTINUE USING THE CASH MANAGEMENT SYSTEM, BUSINESS FORMS, AND BOOKS AND RECORDS AND PAY ALL FEES RELATED THERETO, (B) IMPLEMENT ORDINARY-COURSE CHANGES TO CASH MANAGEMENT SYSTEM, INCLUDING OPENING AND CLOSING ACCOUNTS, (C) CONTINUE INTERCOMPANY TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS; AND (III) GRANTING RELATED RELIEF |

III of the United States Constitution; and the Court having found that venue of these proceedings and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing on the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      The DAMIS Debtors are authorized in the reasonable exercise of their business judgment to continue the Cash Management System in the ordinary course of business including (i) designating, maintaining, and continuing to use, with the same account numbers, all of their Accounts, including, without limitation, those accounts identified on **Exhibit C** to the Motion; and (ii) treating the Bank Accounts for all purposes as accounts of the DAMIS Debtors as debtors-in-possession and to maintain and continue using these accounts in the same manner and with the same account numbers, styles, and document forms as used prior to the Petition Date.

3.      The Banks are hereby authorized and directed to replace the signatory on the Bank Accounts from David Shabsels and Michael Shabsels, with Perry Mandarino, as the DAMIS Debtors' Chief Restructuring Officer (the "DAMIS CRO"), and, as set forth in the Joint *Unanimous Written Consent* dated as of June 4, 2026, and attached to the DAMIS Debtors'

(Page 5)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | FINAL ORDER (I) GRANTING AUTHORITY TO (A) CONTINUE USING THE CASH MANAGEMENT SYSTEM, BUSINESS FORMS, AND BOOKS AND RECORDS AND PAY ALL FEES RELATED THERETO, (B) IMPLEMENT ORDINARY-COURSE CHANGES TO CASH MANAGEMENT SYSTEM, INCLUDING OPENING AND CLOSING ACCOUNTS, (C) CONTINUE INTERCOMPANY TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS; AND (III) GRANTING RELATED RELIEF |

voluntary petitions filed in these Chapter 11 Cases, in his capacity as the CRO for the DAMIS Debtors, Perry Mandarino shall have general signatory authority for the DAMIS Debtors.  The effect of the foregoing does not impact the prior authority of any other signatory on each of the Bank Accounts other than removing David Shabsels and Michael Shabels.

4.      The Banks participating in the Cash Management System are hereby authorized to continue to service and administer all of the Bank Accounts as accounts of the DAMIS Debtors as debtors-in-possession without interruption and in the ordinary course in a manner consistent with any agreements between the Banks and the DAMIS Debtors that existed prior to the Petition Date, and to receive, process, honor, and pay any and all drafts, wires, or other electronic transfer requests issued, payable through, or drawn on, such Accounts after the Petition Date by the holders or makers thereof or other parties entitled to issue instructions with respect thereto, as the case may be; *provided*, *however*, that any such drafts, wires, or other electronic transfer requests issued by the DAMIS Debtors before the Petition Date may be honored by any Bank only if specifically authorized by order of this Court.

5.      Except for those that comply with an order of this Court authorizing payment of certain prepetition claims, no drafts, wires, or other electronic transfer requests drawn, issued, or requested on the Bank Accounts before the Petition Date but presented for payment after the Petition Date shall be honored or paid.

(Page 6)

Debtors:          DAMIS HOLDINGS LLC, *et al.*
Case No.:         26-16439 (CMG)
Caption of Order: FINAL ORDER (I) GRANTING AUTHORITY TO (A) CONTINUE
                  USING THE CASH MANAGEMENT SYSTEM, BUSINESS FORMS,
                  AND BOOKS AND RECORDS AND PAY ALL FEES RELATED
                  THERETO, (B) IMPLEMENT ORDINARY-COURSE CHANGES TO
                  CASH MANAGEMENT SYSTEM, INCLUDING OPENING AND
                  CLOSING ACCOUNTS, (C) CONTINUE INTERCOMPANY
                  TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE
                  STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS;
                  AND (III) GRANTING RELATED RELIEF

6.      The Bank Contracts shall continue to govern the postpetition cash management relationship between the DAMIS Debtors and the Banks.  All provisions of the Bank Contracts, including the termination, fee provisions, rights, benefits, offset rights, and remedies afforded under such agreements (including any provisions requiring the DAMIS Debtors to reimburse a Bank for legal fees or expenses incurred by such Bank on account of these Chapter 11 Cases) shall remain in full force and effect, unless the DAMIS Debtors and such Bank agree otherwise.

7.      The operation of the Cash Management System in accordance with the DAMIS Debtors' normal and customary practice is adequate and sufficient and may be continued on and after the Petition Date in the ordinary course of the DAMIS Debtors' business.

8.      The Banks participating in the Cash Management System shall not be liable to the DAMIS Debtors or to their estates and shall not be deemed to be in violation of this Order for honoring a prepetition draw on any account that is the subject of this Order (i) at the direction of the DAMIS Debtors, (ii) in a good faith belief that this Court has authorized such prepetition draw to be honored, or (iii) as a result of an innocent mistake made despite implementation of reasonable item handling procedures.  The DAMIS Debtors are authorized to reimburse the Banks for any charges arising before or after the Petition Date in connection with checks deposited with the Banks that have been dishonored or returned as a result of insufficient funds in the Bank Accounts

(Page 7)

| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
|---|---|
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | FINAL ORDER (I) GRANTING AUTHORITY TO (A) CONTINUE USING THE CASH MANAGEMENT SYSTEM, BUSINESS FORMS, AND BOOKS AND RECORDS AND PAY ALL FEES RELATED THERETO, (B) IMPLEMENT ORDINARY-COURSE CHANGES TO CASH MANAGEMENT SYSTEM, INCLUDING OPENING AND CLOSING ACCOUNTS, (C) CONTINUE INTERCOMPANY TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS; AND (III) GRANTING RELATED RELIEF |

in the ordinary course of business, to the same extent responsible for such items prior to the Petition Date.

9.     Each of the Banks at which a Bank Account with an automatic transfer or "sweep" is maintained is authorized, without further order of this Court, to execute such transfers or sweeps upon the direction of the DAMIS CRO without regard to whether the funds so transferred or swept include funds deposited prior to the Petition Date, so long as such transfers or sweeps are authorized by the DAMIS CRO, in the ordinary course of business, consistent with past practice, and in accordance with the applicable account agreement.

10.     Nothing contained herein shall prevent the DAMIS Debtors from opening any new accounts or closing any of the Bank Accounts as the DAMIS Debtors may deem necessary and appropriate.  The relief granted in this Final Order is extended to any new bank account opened by the DAMIS Debtors in the ordinary course of business after the date hereof.  Each such account shall be deemed a Bank Account; *provided*, *however*, that upon opening any new accounts or closing any of the Bank Accounts, the DAMIS Debtors shall provide notice within fifteen (15) days, to (i) the U.S. Trustee and (ii) counsel for any official committee appointed in these Chapter 11 Cases; *provided further*, *however*, that the DAMIS Debtors shall only open any such new accounts at banks that have executed a Uniform Depository Agreement (a "UDA") with the U.S. Trustee, or at such banks that are willing to promptly execute such an agreement.  The Banks are

(Page 8)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | FINAL ORDER (I) GRANTING AUTHORITY TO (A) CONTINUE USING THE CASH MANAGEMENT SYSTEM, BUSINESS FORMS, AND BOOKS AND RECORDS AND PAY ALL FEES RELATED THERETO, (B) IMPLEMENT ORDINARY-COURSE CHANGES TO CASH MANAGEMENT SYSTEM, INCLUDING OPENING AND CLOSING ACCOUNTS, (C) CONTINUE INTERCOMPANY TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS; AND (III) GRANTING RELATED RELIEF |

authorized to close any existing Accounts in accordance with the terms of the applicable Bank Contract without further order of the Court.

11.     The Banks are hereby authorized to debit or otherwise satisfy prepetition and postpetition Bank Fees from the Bank Accounts without further order of this Court, *provided* that such fees and charges are authorized under the applicable account agreement with the DAMIS Debtors and provided further that nothing set forth herein shall authorize any of the Banks to debit any claim or charges not in the ordinary course of business and not permitted under the applicable account agreements.

12.     The DAMIS Debtors are authorized to continue using, in their present form, the Business Forms and Books and Records, as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date; *provided* that, once they have exhausted their existing stock of Business Forms, they shall ensure that any new Business Forms are clearly labeled "Debtor In Possession" and with respect to any Business Forms that exist or are generated electronically, the DAMIS Debtors shall ensure that such electronic Business Forms are clearly labeled "Debtor In Possession" within 10 business days.

13.     The DAMIS Debtors are compliant with the requirements of section 345(b) of the Bankruptcy Code.

(Page 9)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | FINAL ORDER (I) GRANTING AUTHORITY TO (A) CONTINUE USING THE CASH MANAGEMENT SYSTEM, BUSINESS FORMS, AND BOOKS AND RECORDS AND PAY ALL FEES RELATED THERETO, (B) IMPLEMENT ORDINARY-COURSE CHANGES TO CASH MANAGEMENT SYSTEM, INCLUDING OPENING AND CLOSING ACCOUNTS, (C) CONTINUE INTERCOMPANY TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS; AND (III) GRANTING RELATED RELIEF |

14.     Within five (5) business days from the date of the entry of this Order, the Debtor shall serve a copy of this Order on each Bank.

15.     Notwithstanding anything to the contrary set forth herein, the DAMIS Debtors are authorized, but not directed, to continue Intercompany Transactions arising from or related to the operation of their businesses in the ordinary course; *provided that* each DAMIS Debtor shall (a) continue to pay its own obligations consistent with such DAMIS Debtor's past practice with respect to Intercompany Transactions and related obligations, and in no event shall any of the DAMIS Debtors pay for the prepetition or postpetition obligations incurred or owed by any of the other DAMIS Debtors in a manner inconsistent with past practices; and (b) beginning on the Petition Date, maintain (i) current records of the Intercompany Balances; (ii) a debtor-by-debtor summary on a monthly basis of any postpetition Intercompany Transactions involving the transfer of cash for the preceding month (to be available on the 21st day of the following month); and (iii) reasonable access to the DAMIS Debtors' advisors with respect to such records.

16.     All Intercompany Claims arising after the Petition Date owed by a DAMIS Debtor to another DAMIS Debtor under any postpetition Intercompany Transactions authorized hereunder are hereby accorded administrative expense status under section 503(b) of the Bankruptcy Code.

(Page 10)

Debtors:          DAMIS HOLDINGS LLC, *et al.*
Case No.:         26-16439 (CMG)
Caption of Order: FINAL ORDER (I) GRANTING AUTHORITY TO (A) CONTINUE USING THE CASH MANAGEMENT SYSTEM, BUSINESS FORMS, AND BOOKS AND RECORDS AND PAY ALL FEES RELATED THERETO, (B) IMPLEMENT ORDINARY-COURSE CHANGES TO CASH MANAGEMENT SYSTEM, INCLUDING OPENING AND CLOSING ACCOUNTS, (C) CONTINUE INTERCOMPANY TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS; AND (III) GRANTING RELATED RELIEF

17.     The Debtors shall maintain accurate and detailed records of all transfers, including but not limited to, Intercompany Transactions, so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions.

18.     The DAMIS Debtors are authorized to issue postpetition checks or effect postpetition fund transfer requests in replacement of any checks or fund transfer requests that are inadvertently dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein.

19.     Nothing in this Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the DAMIS Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the DAMIS Debtors and their estates with respect to the validity, priority, or amount of any claim against the DAMIS Debtors and their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the DAMIS Debtors and their estates with respect to any and all claims or causes of action related to the Cash Management System or any of the Banks; or (d) shall be construed as a promise to pay a claim.

20.     The DAMIS Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

(Page 11)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | FINAL ORDER (I) GRANTING AUTHORITY TO (A) CONTINUE USING THE CASH MANAGEMENT SYSTEM, BUSINESS FORMS, AND BOOKS AND RECORDS AND PAY ALL FEES RELATED THERETO, (B) IMPLEMENT ORDINARY-COURSE CHANGES TO CASH MANAGEMENT SYSTEM, INCLUDING OPENING AND CLOSING ACCOUNTS, (C) CONTINUE INTERCOMPANY TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS; AND (III) GRANTING RELATED RELIEF |

21.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

22.     Notice of the Motion as provided therein satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

23.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.