# EXHIBIT A

## Proposed Interim Order

DMS_US.378027271.5

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**FAEGRE DRINKER BIDDLE & REATH LLP**
Michael P. Pompeo
600 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 549-7000 (Telephone)
(973) 360-9831 (Facsimile)
michael.pompeo@faegredrinker.com

-and-

Ian J. Bambrick (*pro hac vice*)
Patrick A. Jackson (*pro hac vice*)
Sarah E. Silveira (*pro hac vice* pending)
222 Delaware Ave. Suite 1410
Wilmington, DE  19801
(302) 467-4200 (Telephone)
(302) 467-4201 (Facsimile)
ian.bambrick@faegredrinker.com
patrick.jackson@faegredrinker.com
sarah.silveira@faegredrinker.com

*Proposed Counsel to the DAMIS Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| DAMIS Holdings LLC, *et al.*,[1] | Case No. 26-16439 (CMG) |
| Debtors. | (Jointly Administered) |

**INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS AND SERVICE PROVIDERS; (II) AUTHORIZING THE BANKS TO HONOR AND PROCESS CHECKS AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (III) GRANTING RELATED RELIEF**

---

[1] A complete list of the DAMIS Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the DAMIS Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/DAMIS/.  The location of DAMIS Holdings LLC's principal place of business and the DAMIS Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

DMS_US.378027271.5

(Page 2)

Debtors:         DAMIS HOLDINGS LLC, *et al.*

Case No.:        26-16439 (CMG)

Caption of Order: INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS AND SERVICE PROVIDERS; (II) AUTHORIZING THE BANKS TO HONOR AND PROCESS CHECKS AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (III) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through nine (9), is hereby

**ORDERED**.

DMS_US.378027271.5

(Page 3)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS AND SERVICE PROVIDERS; (II) AUTHORIZING THE BANKS TO HONOR AND PROCESS CHECKS AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (III) GRANTING RELATED RELIEF |

Upon consideration of the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (the "DAMIS Debtors") for the entry of interim and final orders, pursuant to sections 105(a), 363(b), 1107(a), and 1108 of the Bankruptcy Code and Bankruptcy Rules 6003 (to the extent applicable) and 6004, (i) authorizing the DAMIS Debtors to pay, in their discretion, the Critical Vendor Claims in the ordinary course of business; (ii) authorizing the Banks to honor and process checks and electronic transfer requests related to the foregoing; and (iii) granting related relief; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and the Court having found that due and proper notice of the Motion has been given and no other or further notice of the Motion is required under the circumstances; and the Court having found that it has jurisdiction to consider the Motion under 28 U.S.C. §§ 1334 and 157, and the Standing Order; and the Court having found that its consideration of the Motion and the relief requested therein is a core proceeding under 28 U.S.C. § 157(b) and that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of these proceedings and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

DMS_US.378027271.5

(Page 4)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS AND SERVICE PROVIDERS; (II) AUTHORIZING THE BANKS TO HONOR AND PROCESS CHECKS AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (III) GRANTING RELATED RELIEF |

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Court shall hold a final hearing on the relief sought in the Motion on _____, 2026, at _____ (ET) (the "Final Hearing").  Any party-in-interest objecting to the relief sought at the Final Hearing or the Proposed Final Order shall file and serve a written objection, which objection shall be served upon (i) proposed counsel to the DAMIS Debtors, Faegre Drinker Biddle & Reath LLP, 600 Campus Drive, Florham Park, New Jersey 07932, Attn: Michael Pompeo (michael.pompeo@faegredrinker.com), and 222 Delaware Ave., Suite 1410, Wilmington, DE 19801, Attn: Ian Bambrick (ian.bambrick@faegredrinker.com), Patrick Jackson (patrick.jackson@faegredrinker.com),  and Sarah Silveira (sarah.silveira@faegredrinker.com), (ii) counsel to any official committee of unsecured creditors appointed in these Chapter 11 Cases; (iii) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M. Sponder, Esq. (Jeffrey.M.Sponder@usdoj.gov), and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002 in each case no later than _____, 2026, at 4:00 p.m. (ET).  If no objections to the entry of the Proposed Final Order are timely filed, this Court may enter the Proposed Final Order without further notice or a hearing.  The DAMIS Debtors shall file a notice of the Final Hearing within two (2) business days after entry of this Interim Order.

3.      The DAMIS Debtors are authorized, but not directed, in their discretion and the reasonable exercise of their business judgment, to pay all or part of, honor, or otherwise satisfy on

4

DMS_US.378027271.5

(Page 5)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS AND SERVICE PROVIDERS; (II) AUTHORIZING THE BANKS TO HONOR AND PROCESS CHECKS AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (III) GRANTING RELATED RELIEF |

a case-by-case basis the Critical Vendor Claims, on an interim basis, in an aggregate amount not to exceed $1,250,000, absent further order of the Court.

4.     The DAMIS Debtors are authorized, but not directed, in their discretion and the exercise of their reasonable business judgment, to condition payment of Critical Vendor Claims under this Interim Order on the agreement of Vendors to continue supplying goods and services to the DAMIS Debtors on the Customary Trade Terms, or such other trade terms as are agreed to by the DAMIS Debtors and the Vendor.

5.     If any party accepts payment pursuant to the relief requested by this Interim Order and thereafter does not continue to provide goods or services on Customary Trade Terms: (a) the DAMIS Debtors may demand repayment in cash or otherwise take all action to have such payment be deemed to be an improper post-petition transfer on account of a prepetition claim and (b) upon recovery by the DAMIS Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made, and the deadline for such party to file a reinstated claim will be the later of (i) the general bar date established by order of this Court; or (ii) thirty days after the DAMIS Debtors provide written notice to the party of the reinstatement of its claim; and (c) if the DAMIS Debtors owe the Vendor any post-petition amounts, the DAMIS Debtors may recharacterize and apply any payment made pursuant to an order entered in connection with the Motion to reduce such outstanding post-petition amounts, and the DAMIS Debtors may then take any and all appropriate steps to cause such Vendor to return payments made to it on account of its prepetition claim to the extent such payments exceed the post-petition amounts then owing to such Vendor.

5

(Page 6)
Debtors:                    DAMIS HOLDINGS LLC, *et al.*
Case No.:                   26-16439 (CMG)
Caption of Order:           INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO PAY
                            CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS AND
                            SERVICE PROVIDERS; (II) AUTHORIZING THE BANKS TO HONOR
                            AND PROCESS CHECKS AND ELECTRONIC TRANSFER
                            REQUESTS RELATED THERETO; AND (III) GRANTING RELATED
                            RELIEF

6.      Nothing herein shall impair or prejudice the ability of the DAMIS Debtors, the advisors to any statutory committees that may be appointed in these chapter 11 cases, and any other party in interest to contest, in their discretion, the extent, perfection, priority, validity, or amounts of any claims held by any Critical Vendor. The DAMIS Debtors do not concede that any claims satisfied pursuant to this Interim Order are valid, and the DAMIS Debtors expressly reserve all rights to contest the extent, validity, or perfection, or to seek the avoidance of all such liens or the priority, of such claims.

7.      The Banks are authorized, when requested by the DAMIS Debtors, in the DAMIS Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the DAMIS Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments.  The Banks may rely on the representations of the DAMIS Debtors with respect to whether any check or other transfer drawn or issued by the DAMIS Debtors prior to the Petition Date should be honored pursuant to this Interim Order, and any such Bank shall not have any liability to any party for relying on such representations by the DAMIS Debtors, as provided for in this Interim Order.

8.      The DAMIS Debtors are authorized and directed, to issue or effectuate, as applicable, checks, wire transfers, ACH transfers, and other debits or electronic means, in replacement of any checks or fund transfer requests that are dishonored because of the filing of the

6

DMS_US.378027271.5

(Page 7)
Debtors:             DAMIS HOLDINGS LLC, *et al.*
Case No.:            26-16439 (CMG)
Caption of Order:    INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS AND SERVICE PROVIDERS; (II) AUTHORIZING THE BANKS TO HONOR AND PROCESS CHECKS AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (III) GRANTING RELATED RELIEF

Chapter 11 Cases with respect to prepetition amounts that are authorized to be paid under this Interim Order or any other order of the Court.

9.      For the avoidance of doubt, nothing in this Interim Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the DAMIS Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the DAMIS Debtors and their estates with respect to the validity, priority, or amount of any claim against the DAMIS Debtors and their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the DAMIS Debtors and their estates with respect to any and all claims or causes of action against any of the Vendors; or (d) shall be construed as a promise to pay a claim.

10.     Nothing herein shall prejudice the DAMIS Debtors' rights to request additional authority to pay the Critical Vendor Claims through the filing of a separate motion with the Court identifying the Vendors and/or the categories of Claims and the overage amounts and shall obtain Court approval prior to making payments in excess of the aggregate caps set forth herein.

11.     Nothing herein shall impair or prejudice the rights of the U.S. Trustee and any statutory committees appointed in these Chapter 11 Cases, which are expressly reserved, to object to any payment made pursuant to this Interim Order to an insider (as such term is defined in section 101(3) of the Bankruptcy Code), or an affiliate of an insider to the DAMIS Debtors. To the extent the DAMIS Debtors intend to make a payment to an insider or an affiliate of an insider of the DAMIS Debtors, the DAMIS Debtors shall, to the extent reasonably practical, provide seven (7)

7

(Page 8)

Debtors:  DAMIS HOLDINGS LLC, *et al.*

Case No.:  26-16439 (CMG)

Caption of Order: INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS AND SERVICE PROVIDERS; (II) AUTHORIZING THE BANKS TO HONOR AND PROCESS CHECKS AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (III) GRANTING RELATED RELIEF

calendar days' advance notice to, and opportunity to object by, the U.S. Trustee and counsel to any statutory committees appointed in these Chapter 11 Cases; provided that if any party objects to the payment, the DAMIS Debtors shall not make such payment without further order of the Court.

12. The DAMIS Debtors shall maintain a matrix/schedule of amounts directly or indirectly paid, subject to the terms and conditions of this Interim Order, including the following information: (a) the names of the payee; (b) the amount of the payment; (c) the category, nature, or type of payment; (d) the amount of the payment; and (e) the DAMIS Debtor or DAMIS Debtors that made the payment. The DAMIS Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee and counsel to any statutory committees appointed in these Chapter 11 Cases on a monthly basis beginning upon entry of this Interim Order.

13. Prior to entry of a Final Order, the DAMIS Debtors shall not pay any obligations under this Interim Order unless they are due or deemed necessary to be paid in the DAMIS Debtors' reasonable business judgment to ensure ongoing provision of goods or services or otherwise to avoid an adverse effect on operations.

14. Nothing in this Interim Order authorizes the DAMIS Debtors to accelerate any payments not otherwise due.

15. The DAMIS Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

8

DMS_US.378027271.5

(Page 9)

Debtors:            DAMIS HOLDINGS LLC, *et al.*

Case No.:           26-16439 (CMG)

Caption of Order:   INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO PAY
CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS AND
SERVICE PROVIDERS; (II) AUTHORIZING THE BANKS TO HONOR
AND PROCESS CHECKS AND ELECTRONIC TRANSFER
REQUESTS RELATED THERETO; AND (III) GRANTING RELATED
RELIEF

16.     To the extent applicable, the requirements of Bankruptcy Rule 6003(a) are satisfied by the contents of the Motion or are otherwise deemed waived.

17.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), to the extent applicable, the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

18.     Notice of the Motion as provided therein satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

19.     Any party may move for modification of this Interim Order in accordance with Local Rule 9013-5(e).

20.     The DAMIS Debtors shall serve by regular mail a copy of this Interim Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f).

21.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

DMS_US.378027271.5