**Exhibit A**

Blackline of the Wages Motion Revised Order

DMS_US.378158108.1

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**FAEGRE DRINKER BIDDLE & REATH LLP**
Michael P. Pompeo
600 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 549-7000 (Telephone)
(973) 360-9831 (Facsimile)
michael.pompeo@faegredrinker.com

-and-

Ian J. Bambrick (*pro hac vice*)
Patrick A. Jackson (*pro hac vice*)
Sarah E. Silveira (*pro hac vice* pending)
222 Delaware Ave. Suite 1410
Wilmington, DE  19801
(302) 467-4200 (Telephone)
(302) 467-4201 (Facsimile)
ian.bambrick@faegredrinker.com
patrick.jackson@faegredrinker.com
sarah.silveira@faegredrinker.com

*Proposed Counsel to the DAMIS Debtors and
Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| DAMIS Holdings LLC, *et al.*,[1] | Case No. 26-16439 (CMG) |
| Debtors. | (Jointly Administered) |

**INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO (A) PAY
PREPETITION EMPLOYEE OBLIGATIONS AND (B) MAINTAIN AND CONTINUE
EMPLOYEE BENEFIT PROGRAMS AND PAY ADMINISTRATIVE OBLIGATIONS
RELATED THERETO; (II) MODIFYING THE AUTOMATIC STAY WITH RESPECT
TO THE WORKERS' COMPENSATION PROGRAM; (III) AUTHORIZING BANKS**

---

[1] A complete list of the DAMIS Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the DAMIS Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/DAMIS/.  The location of DAMIS Holdings LLC's principal place of business and the DAMIS Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

(Page 2)

Debtors:          DAMIS HOLDINGS LLC, *et al.*

Case No.:         26-16439 (CMG)

Caption of Order: INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO (A) PAY PREPETITION EMPLOYEE OBLIGATIONS AND (B) MAINTAIN AND CONTINUE EMPLOYEE BENEFIT PROGRAMS AND PAY ADMINISTRATIVE OBLIGATIONS RELATED THERETO; (II) MODIFYING THE AUTOMATIC STAY WITH RESPECT TO THE WORKERS' COMPENSATION PROGRAM; (III) AUTHORIZING BANKS TO HONOR AND PROCESS CHECKS AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (IV) GRANTING RELATED RELIEF

**TO HONOR AND PROCESS CHECKS AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (IV) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through eight (8), is hereby **ORDERED**.

(Page 3)

Debtors:          DAMIS HOLDINGS LLC, *et al.*

Case No.:         26-16439 (CMG)

Caption of Order: FINAL ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO (A) PAY PREPETITION EMPLOYEE OBLIGATIONS AND (B) MAINTAIN AND CONTINUE EMPLOYEE BENEFIT PROGRAMS AND PAY ADMINISTRATIVE OBLIGATIONS RELATED THERETO; (II) MODIFYING THE AUTOMATIC STAY WITH RESPECT TO THE WORKERS' COMPENSATION PROGRAM; (III) AUTHORIZING BANKS TO HONOR AND PROCESS CHECKS AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (IV) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (the "DAMIS Debtors") for the entry of interim and final orders, pursuant to sections 105(a), 363(b), 507(a)(4), 507(a)(5), and 541 of the Bankruptcy Code and Bankruptcy Rules 4001, 6003 (to the extent applicable), and 6004, (i) authorizing, but not directing, the DAMIS Debtors, in accordance with their stated policies and in their discretion, to pay prepetition amounts outstanding in respect of the Employee Wages and Benefits; (ii) modifying the automatic stay if necessary to permit the DAMIS Debtors' employees to proceed with any claims they may have under the Workers Compensation Programs; (iii) authorizing the Banks to honor and process checks and electronic transfer requests related to the foregoing; and (iv) granting related relief; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and the Court having found that due and proper notice of the Motion has been given and no other or further notice of the Motion is required under the circumstances; and the Court having found that it has jurisdiction to consider the Motion under 28 U.S.C. §§ 1334 and 157, and the Standing Order; and the Court having found that its consideration of the Motion and the relief requested therein is a core proceeding under 28 U.S.C. § 157(b) and that it may enter a final order consistent with Article III of the United States

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 4)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO (A) PAY PREPETITION EMPLOYEE OBLIGATIONS AND (B) MAINTAIN AND CONTINUE EMPLOYEE BENEFIT PROGRAMS AND PAY ADMINISTRATIVE OBLIGATIONS RELATED THERETO; (II) MODIFYING THE AUTOMATIC STAY WITH RESPECT TO THE WORKERS' COMPENSATION PROGRAM; (III) AUTHORIZING BANKS TO HONOR AND PROCESS CHECKS AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (IV) GRANTING RELATED RELIEF |

Constitution; and the Court having found that venue of these proceedings and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing on the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.    The Motion is GRANTED on an interim basis as set forth herein.

2.    Any objections to the entry of this Interim Order, to the extent not withdrawn or settled, are overruled.

3.    2. The Court shall hold a final hearing on the relief sought in the Motion on July 23, 2026, at 9:00 a.m. (ET) (the "Final Hearing"). Any party-in-interest objecting to the relief sought at the Final Hearing or the Proposed Final Order shall file and serve a written objection, which objection shall be served upon (i) proposed counsel to the DAMIS Debtors, Faegre Drinker Biddle & Reath LLP, 600 Campus Drive, Florham Park, New Jersey 07932, Attn: Michael Pompeo (michael.pompeo@faegredrinker.com), and 222 Delaware Ave., Suite 1410, Wilmington, DE 19801, Attn: Ian Bambrick (ian.bambrick@faegredrinker.com), Patrick Jackson (patrick.jackson@faegredrinker.com), and Sarah Silveira (sarah.silveira@faegredrinker.com), (ii) counsel to any official committee of unsecured creditors appointed in these Chapter 11

4

(Page 5)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO (A) PAY PREPETITION EMPLOYEE OBLIGATIONS AND (B) MAINTAIN AND CONTINUE EMPLOYEE BENEFIT PROGRAMS AND PAY ADMINISTRATIVE OBLIGATIONS RELATED THERETO; (II) MODIFYING THE AUTOMATIC STAY WITH RESPECT TO THE WORKERS' COMPENSATION PROGRAM; (III) AUTHORIZING BANKS TO HONOR AND PROCESS CHECKS AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (IV) GRANTING RELATED RELIEF |

Cases; and (iii) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M. Sponder, Esq. (Jeffrey.M.Sponder@usdoj.gov); and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002 in each case no later than _____, 2026, at 4:00 p.m. (ET).  If no objections to the entry of the Proposed Final Order are timely filed, this Court may enter the Proposed Final Order without further notice or a hearing.  The DAMIS Debtors shall file a notice of the Final Hearing within two (2) business days after entry of this Interim Order.

4.     3. The DAMIS Debtors are authorized, but not directed, in their discretion, on an interim basis, to (i) pay, honor, or otherwise satisfy amounts and obligations on account of the Employee Wages and Benefits in the ordinary course of their business in accordance with the DAMIS Debtors' prepetition policies and practices, including, without limitation, any amounts and obligations related to the period prior to the Petition Date to the extent not already paid pursuant to the entry of the Emergency Orders and without need for further Court approval, subject to applicable law and the terms of this Interim Order, and (ii) allow prepetition checks on account of Unpaid Wages that were not cashed prior to the Petition Date to be honored on a postpetition basis notwithstanding the commencement of the Chapter 11 Cases; *provided, however*, that (a) no payment to any Employee on account of unpaid wages, salaries or commissions, which may include Employee Wages and Benefits and Unpaid Wages, shall

(Page 6)
Debtors:             DAMIS HOLDINGS LLC, *et al.*
Case No.:            26-16439 (CMG)
Caption of Order:    INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO (A) PAY PREPETITION EMPLOYEE OBLIGATIONS AND (B) MAINTAIN AND CONTINUE EMPLOYEE BENEFIT PROGRAMS AND PAY ADMINISTRATIVE OBLIGATIONS RELATED THERETO; (II) MODIFYING THE AUTOMATIC STAY WITH RESPECT TO THE WORKERS' COMPENSATION PROGRAM; (III) AUTHORIZING BANKS TO HONOR AND PROCESS CHECKS AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (IV) GRANTING RELATED RELIEF

exceed, in the aggregate, the Statutory Cap imposed by sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code and; *provided further* that (ba) the DAMIS Debtors shall not pay any prepetition obligations on account of Employee Wages and Benefits in excess of $270,000 in the aggregate.seek court approval, on notice, of any modification or change that would implicate any portion of section 503(c) of the Bankruptcy Code, and (b) nothing herein shall be deemed to authorize the payment of any amounts that violate, implicate or are otherwise subject to section 503(c) of the Bankruptcy Code.  The DAMIS Debtors shall provide seven (7) calendar days' notice of any material modifications to the Employee Wages and Benefits and any other programs described in the Motion to the U.S. Trustee and any statutory committee appointed in these Chapter 11 Cases.  Notwithstanding anything to the contrary in this Interim Order, the DAMIS Debtors' authorization to make payments in satisfaction of prepetition claims related to Employee Wages and Benefits during the Interim Period is allowed to the extent set forth in the Motion; *provided*, that if the DAMIS Debtors seek to make payments of prepetition amounts owing in excess of $270,000.00 during the Interim Period, to the extent not already paid pursuant to the Emergency Orders, the DAMIS Debtors will provide advance notice to the U.S. Trustee and counsel to any statutory committees appointed in these Chapter 11 Cases (email being sufficient), which shall have two (2) business days to object to the requested relief.  To the extent

6

(Page 7)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO (A) PAY PREPETITION EMPLOYEE OBLIGATIONS AND (B) MAINTAIN AND CONTINUE EMPLOYEE BENEFIT PROGRAMS AND PAY ADMINISTRATIVE OBLIGATIONS RELATED THERETO; (II) MODIFYING THE AUTOMATIC STAY WITH RESPECT TO THE WORKERS' COMPENSATION PROGRAM; (III) AUTHORIZING BANKS TO HONOR AND PROCESS CHECKS AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (IV) GRANTING RELATED RELIEF |

that any party objects to such relief, the DAMIS Debtors shall not make such payment without further seeking relief from the Court.

5. 4. Subject to paragraph 3 of this Interim Order, the DAMIS Debtors are authorized, in their discretion, on an interim basis, in the ordinary course of their business and in accordance with the DAMIS Debtors' prepetition policies and practices, to (i) continue to pay, honor, or otherwise satisfy unpaid wages and obligations associated with the Non-Debtor Employees; and (ii) continue to pay, honor, and otherwise satisfy the Employee Benefits and the obligations under the Workers' Compensation Program.

6. 5. For the avoidance of doubt, the DAMIS Debtors are authorized, but not directed, on an interim basis, to pay all processing and administrative fees associated with, and all costs and expenses incidental to, payment of the Employee Wages and Benefits.

7. 6. The DAMIS Debtors are authorized, but not directed, on an interim basis, to continue to honor, at their discretion, the Paid Time Off policy in the ordinary course. Notwithstanding any other provision of this Interim Order, absent further order of the Court, the DAMIS Debtors are not authorized to "cash out" unpaid Paid Time Off upon the termination or resignation of an Employee unless applicable state law requires such payment.

8. 7. Nothing in this Interim Order shall be deemed to authorize the payment of any amounts on account of bonus or severance obligations.

7

(Page 8)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO (A) PAY PREPETITION EMPLOYEE OBLIGATIONS AND (B) MAINTAIN AND CONTINUE EMPLOYEE BENEFIT PROGRAMS AND PAY ADMINISTRATIVE OBLIGATIONS RELATED THERETO; (II) MODIFYING THE AUTOMATIC STAY WITH RESPECT TO THE WORKERS' COMPENSATION PROGRAM; (III) AUTHORIZING BANKS TO HONOR AND PROCESS CHECKS AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (IV) GRANTING RELATED RELIEF |

9.     Nothing in this Interim Order shall be deemed to authorize the payment of any amounts subject to section 503(c) of the Bankruptcy Code.

10.     Nothing in this Interim Order shall authorize the DAMIS Debtors to make any payments to "insiders" (as defined by section 101(31) of the Bankruptcy Code) of the DAMIS Debtors in contravention of section 503(c) of the Bankruptcy Code; *provided* that nothing herein shall prejudice the DAMIS Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code by separate motion at a later time.

11.     Nothing in the Motion or this Interim Order shall constitute a determination by this Court as to whether any individual seeking payment pursuant to this Interim Order is or is not an "insider" as that term is defined in section 101(31) of the Bankruptcy Code.

12.     For the avoidance of doubt, this Interim Order does not implicitly or explicitly approve any bonus plan, incentive plan, severance plan or other plan covered by section 503(c) of the Bankruptcy Code.

13.     Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Employee Wages and Benefits.

14.     The automatic stay is modified solely to the extent necessary to permit the DAMIS Debtors' employees to proceed with any valid Workers' Compensation Claims they may have under the Workers' Compensation Program and to allow the DAMIS Debtors to negotiate,

8

(Page 9)

Debtors:          DAMIS HOLDINGS LLC, *et al.*

Case No.:         26-16439 (CMG)

Caption of Order: INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO (A) PAY PREPETITION EMPLOYEE OBLIGATIONS AND (B) MAINTAIN AND CONTINUE EMPLOYEE BENEFIT PROGRAMS AND PAY ADMINISTRATIVE OBLIGATIONS RELATED THERETO; (II) MODIFYING THE AUTOMATIC STAY WITH RESPECT TO THE WORKERS' COMPENSATION PROGRAM; (III) AUTHORIZING BANKS TO HONOR AND PROCESS CHECKS AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (IV) GRANTING RELATED RELIEF

settle, and litigate such claims and pay resulting amounts, whether such claims arose before or after the Petition Date, provided that any recovery on account of such claims is limited solely to the proceeds under the Workers' Compensation Program and proceeds from non-Debtor sources that do not have any recourse against the DAMIS Debtors.

15.    10. The Banks are authorized, when requested by the DAMIS Debtors, in the DAMIS Debtors' discretion, and on an interim basis, to honor and process checks or electronic fund transfers drawn on the DAMIS Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments.  The Banks may rely on the representations of the DAMIS Debtors with respect to whether any check or other transfer drawn or issued by the DAMIS Debtors prior to the Petition Date should be honored pursuant to this Interim Order, and any such Bank shall not have any liability to any party for relying on such representations by the DAMIS Debtors, as provided for in this Interim Order.

16.    The DAMIS Debtors are authorized, on an interim basis, to forward any unpaid amounts on account of Wage Deductions, Trust Fund Taxes, and/or Payroll Taxes to the appropriate third-party recipients or taxing authorities in the ordinary course of business in accordance with the DAMIS Debtors' prepetition policies and practices.

9

(Page 10)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO (A) PAY PREPETITION EMPLOYEE OBLIGATIONS AND (B) MAINTAIN AND CONTINUE EMPLOYEE BENEFIT PROGRAMS AND PAY ADMINISTRATIVE OBLIGATIONS RELATED THERETO; (II) MODIFYING THE AUTOMATIC STAY WITH RESPECT TO THE WORKERS' COMPENSATION PROGRAM; (III) AUTHORIZING BANKS TO HONOR AND PROCESS CHECKS AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (IV) GRANTING RELATED RELIEF |

17.    ~~11.~~ The DAMIS Debtors are authorized, but not directed, on an interim basis, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests in connection with any of the Employee Wages and Benefits described herein that are dishonored or rejected.

18.    ~~12.~~ Nothing in this Interim Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the DAMIS Debtors and their estates, (b) shall impair, prejudice, waive, or otherwise affect the rights of the DAMIS Debtors and their estates with respect to the validity, priority, or amount of any claim against the DAMIS Debtors and their estates, (c) shall impair, prejudice, waive, or otherwise affect the rights of the DAMIS Debtors and their estates with respect to any and all claims or causes of action against any person, or (d) shall be construed as a promise to pay a claim.

19.    Nothing in this Interim Order authorizes the DAMIS Debtors to accelerate any payments not otherwise due prior to the date of the Final Hearing.

20.    Within two (2) business days of entry of this Interim Order, the DAMIS Debtors shall serve a copy of this Interim Order on each applicable bank and financial institution that is directed to comply with the terms of this Interim Order.

10

(Page 11)

Debtors:               DAMIS HOLDINGS LLC, *et al.*
Case No.:             26-16439 (CMG)
Caption of Order:  INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO (A) PAY PREPETITION EMPLOYEE OBLIGATIONS AND (B) MAINTAIN AND CONTINUE EMPLOYEE BENEFIT PROGRAMS AND PAY ADMINISTRATIVE OBLIGATIONS RELATED THERETO; (II) MODIFYING THE AUTOMATIC STAY WITH RESPECT TO THE WORKERS' COMPENSATION PROGRAM; (III) AUTHORIZING BANKS TO HONOR AND PROCESS CHECKS AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (IV) GRANTING RELATED RELIEF

21.      13. The DAMIS Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

22.      14. The requirements of Bankruptcy Rule 6003(a), to the extent applicable, are satisfied by the contents of the Motion or otherwise deemed waived.

23.      15. Notwithstanding any applicability of Bankruptcy Rules 4001(a)(3) and 6004(h), to the extent applicable, the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

24.      16. Notice of the Motion as provided therein satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

25.      The DAMIS Debtors shall serve by regular mail a copy of this Interim Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f).

26.      Any party may move for modification of this Interim Order in accordance with Local Rule 9013-5(e).

27.      17. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Interim Order.