**Exhibit B**

Blackline of the Utilities Motion Revised Order

DMS_US.378158108.1

| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** |
| **FAEGRE DRINKER BIDDLE & REATH LLP**<br>Michael P. Pompeo<br>600 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>(973) 549-7000 (Telephone)<br>(973) 360-9831 (Facsimile)<br>michael.pompeo@faegredrinker.com<br><br>-and-<br><br>Ian J. Bambrick (*pro hac vice*)<br>Patrick A. Jackson (*pro hac vice*)<br>Sarah E. Silveira (*pro hac vice* pending)<br>222 Delaware Ave. Suite 1410<br>Wilmington, DE  19801<br>(302) 467-4200 (Telephone)<br>(302) 467-4201 (Facsimile)<br>ian.bambrick@faegredrinker.com<br>patrick.jackson@faegredrinker.com<br>sarah.silveira@faegredrinker.com<br><br>*Proposed Counsel to the DAMIS Debtors and*<br>*Debtors in Possession* |

| In re: | Chapter 11 |
|---|---|
| DAMIS Holdings LLC, *et al.*,[1] | Case No. 26-16439 (CMG) |
| Debtors. | (Jointly Administered) |

**INTERIM ORDER (I) PROHIBITING UTILITY COMPANIES FROM ALTERING,
REFUSING, OR DISCONTINUING UTILITY SERVICES; (II) DEEMING UTILITY
COMPANIES ADEQUATELY ASSURED OF FUTURE PAYMENT;
(III) ESTABLISHING PROCEDURES FOR DETERMINING ADDITIONAL
ADEQUATE ASSURANCE OF PAYMENT; AND (IV) GRANTING RELATED RELIEF**

---

[1] A complete list of the DAMIS Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the DAMIS Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/DAMIS/.  The location of DAMIS Holdings LLC's principal place of business and the DAMIS Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

(Page 2)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | INTERIM ORDER (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES; (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PAYMENT; (III) ESTABLISHING PROCEDURES FOR DETERMINING ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT; AND (IV) GRANTING RELATED RELIEF |

The relief set forth on the following pages, numbered three (3) through thirteen (13), is

hereby **ORDERED**.

(Page 3)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | INTERIM ORDER (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES; (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PAYMENT; (III) ESTABLISHING PROCEDURES FOR DETERMINING ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT; AND (IV) GRANTING RELATED RELIEF |

Upon consideration of the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (the "DAMIS Debtors") for the entry of interim and final orders, pursuant to sections 105 and 366 of the Bankruptcy Code and Bankruptcy Rules 6003 (to the extent applicable) and 6004, (i) prohibiting the DAMIS Debtors' utility service providers from altering, refusing, or discontinuing utility services on account of pre-petition invoices; (ii) deeming the DAMIS Debtors' utility service providers adequately assured of future payment; (iii) establishing procedures for determining additional adequate assurance of future payment and authorizing the DAMIS Debtors to provide additional adequate assurance of future payment to their utility service providers; and (iv) granting related relief; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and the Court having found that due and proper notice of the Motion has been given and no other or further notice of the Motion is required under the circumstances; and the Court having found that it has jurisdiction to consider the Motion under 28 U.S.C. §§ 1334 and 157, and the Standing Order; and the Court having found that its consideration of the Motion and the relief requested therein is a core proceeding under 28 U.S.C. § 157(b) and that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of these proceedings and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 4)

Debtors:                 DAMIS HOLDINGS LLC, *et al.*

Case No.:                26-16439 (CMG)

Caption of Order:        INTERIM ORDER (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES; (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PAYMENT; (III) ESTABLISHING PROCEDURES FOR DETERMINING ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT; AND (IV) GRANTING RELATED RELIEF

determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      Any objections to the entry of this Interim Order, to the extent not withdrawn or settled, are overruled.

3.      The Court shall hold a final hearing on the relief sought in the Motion on July 23, 2026, at 9:00 a.m. (ET) (the "Final Hearing"). Any party-in-interest objecting to the relief sought at the Final Hearing or the Proposed Final Order shall file and serve a written objection, which objection shall be served upon (i) proposed counsel to the DAMIS Debtors, Faegre Drinker Biddle & Reath LLP, 600 Campus Drive, Florham Park, New Jersey 07932, Attn: Michael Pompeo (michael.pompeo@faegredrinker.com), and 222 Delaware Ave., Suite 1410, Wilmington, DE 19801, Attn: Ian Bambrick (ian.bambrick@faegredrinker.com), Patrick Jackson (patrick.jackson@faegredrinker.com), and Sarah Silveira (sarah.silveira@faegredrinker.com), (ii) counsel to any official committee of unsecured creditors appointed in these Chapter 11 Cases; (iii) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M. Sponder, Esq.

4

(Page 5)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | INTERIM ORDER (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES; (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PAYMENT; (III) ESTABLISHING PROCEDURES FOR DETERMINING ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT; AND (IV) GRANTING RELATED RELIEF |

(Jeffrey.M.Sponder@usdoj.gov), and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002, in each case no later than _____, 2026, at 4:00 p.m. (ET).  If no objections to the entry of the Proposed Final Order are timely-filed, this Court may enter the Proposed Final Order without further notice or a hearing.

4.      The DAMIS Debtors are authorized, but not directed, on an interim basis, to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices for Utility Services rendered by the Utility Companies to the DAMIS Debtors after the Petition Date.

5.      Absent further order of this Court and subject to the procedures set forth below (the "Assurance Procedures"), no Utility Company may (i) alter, refuse, terminate, or discontinue Utility Services to, or discriminate against, the DAMIS Debtors on the basis of the commencement of the Chapter 11 Cases or on account of outstanding pre-petition invoices or (ii) require additional assurance of payment, other than the Utility Deposit, to secure future payment for utility services.  Nothing herein shall impair the rights of any Utility Company under Section 366(c)(4) of the Bankruptcy Code.

6.      The DAMIS Debtors shall maintain a deposit, as adequate assurance for the Utility Companies, in the amount of **$655,008.288** in the aggregate (the "Utility Deposit"), which represents 50% of the DAMIS Debtors' average monthly utility costs, in a segregated account (the "Utility Deposit Account") during the pendency of the Chapter 11 Cases as provided for herein.  The Utility Deposit Account may be either interest-bearing or non-interest-bearing in the

DMS_US.378130921.1DMS_US.378130921.2

(Page 6)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | INTERIM ORDER (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES; (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PAYMENT; (III) ESTABLISHING PROCEDURES FOR DETERMINING ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT; AND (IV) GRANTING RELATED RELIEF |

DAMIS Debtors' discretion and the DAMIS Debtors shall maintain the Utility Deposit at a bank that has executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of New Jersey.

7. Pending entry of a final order and subject to the Assurance Procedures, the Utility Deposit constitutes adequate assurance of future payment to the Utility Companies under section 366 of the Bankruptcy Code (the "Adequate Assurance").

8. The following Assurance Procedures are approved in all respects, on an interim basis:

a. The DAMIS Debtors will serve a copy of the Motion and this Interim Order on each Utility Company within two (2) business days after entry of this Interim Order by the Court.

b. Within twenty (20) calendar days of the entry of this Interim Order, the DAMIS Debtors will deposit the Utility Deposit of **$655,008.288**, calculated in the manner set forth in paragraph 10 of the Motion, in the Utility Deposit Account.

c. Subject to the terms of this Interim Order, each Utility Company shall be entitled to the funds in the Utility Deposit Account in the amount set forth for such Utility Company in the column labeled "Proposed Adequate Assurance" on the Utility Service List, attached to the Motion as **Exhibit C**.

d. Any Utility Company desiring assurance of future payment for utility service beyond the Adequate Assurance must serve a request (an "Additional Assurance Request") within twenty-one (21) calendar days of the entry of the Interim Order so that it is received by the DAMIS Debtors and their proposed counsel at the following addresses: (i) the DAMIS Debtors, c/o Perry Mandarino, B. Riley Securities, Inc., 299 Park Avenue, New York, NY 10171 (pmandarino@brileysecurities.com); (ii) proposed counsel to the DAMIS Debtors, Faegre Drinker Biddle & Reath LLP, 600 Campus Drive, Florham Park, New Jersey 07932, Attn: Michael Pompeo

6

(Page 7)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | INTERIM ORDER (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES; (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PAYMENT; (III) ESTABLISHING PROCEDURES FOR DETERMINING ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT; AND (IV) GRANTING RELATED RELIEF |

(michael.pompeo@faegredrinker.com), and 222 Delaware Ave., Suite 1410, Wilmington, DE 19801, Attn: Patrick Jackson (patrick.jackson@faegredrinker.com), Ian Bambrick (ian.bambrick@faegredrinker.com) and Sarah Silveira (sarah.silveira@faegredrinker.com); (iii) counsel to any official committee of unsecured creditors appointed in the Chapter 11 Cases; and (iv) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M. Sponder, Esq. (Jeffrey.M.Sponder@usdoj.gov) (collectively, the "Notice Parties").

e.   Any Additional Assurance Request must: (i) be made in writing; (ii) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company; (iii) set forth the location(s) for which Utility Services are provided and the relevant account number(s); (iv) describe any deposits, prepayments, or other security currently held by the requesting Utility Company; and (v) explain why the requesting Utility Company believes the Adequate Assurance is not sufficient adequate assurance of future payment.

f.   Upon the DAMIS Debtors' receipt of an Additional Assurance Request at the addresses set forth above, the DAMIS Debtors shall have twenty-one (21) calendar days from receipt of the Additional Assurance Request to negotiate with such Utility Company to resolve such Utility Company's Additional Assurance Request.  The DAMIS Debtors and the Utility Company may, without notice to any party in interest or further order of the Court, extend this time period by such additional period as they shall mutually agree.

g.   The DAMIS Debtors, in their discretion, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such resolution, in their discretion, provide the requesting Utility Company with additional assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, prepayments, and/or other forms of security, if the DAMIS Debtors believe such additional assurance is reasonable.  Without the need for any notice to, or action, order, or approval of the Court, the DAMIS Debtors may reduce the amount of the Utility Deposit by any amount allocated to a particular Utility Company to the extent consistent with any

7

(Page 8)
Debtors:              DAMIS HOLDINGS LLC, *et al.*
Case No.:             26-16439 (CMG)
Caption of Order:     INTERIM ORDER (I) PROHIBITING UTILITY COMPANIES FROM
                      ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES;
                      (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF
                      FUTURE PAYMENT; (III) ESTABLISHING PROCEDURES FOR
                      DETERMINING ADDITIONAL ADEQUATE ASSURANCE OF
                      PAYMENT; AND (IV) GRANTING RELATED RELIEF

alternative adequate assurance arrangements mutually agreed to by the DAMIS Debtors and the affected Utility Company. The DAMIS Debtors shall maintain a summary ledger of agreements with Utility Companies and their respective terms, and such summary ledger and agreement, if any, shall be made available to the U.S. Trustee and any statutory committee(s) appointed in these Chapter 11 Cases, upon request.

h.    If the DAMIS Debtors determine that an Additional Assurance Request is not reasonable or are unable to reach an alternative resolution, or if a Utility Company was omitted from the Utility Service List and wishes to dispute that they received adequate assurance of future payment as required by section 366 of the Bankruptcy Code as provided in this Interim oOrder, the DAMIS Debtors will request a hearing before the Court at the next regularly-scheduled omnibus hearing to determine the adequacy of assurances of payment made to the requesting Utility Company (the "Determination Hearing"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

i.    Pending resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing service to the DAMIS Debtors on account of unpaid charges for pre-petition services, the commencement of the Chapter 11 Cases, or any objections to the Adequate Assurance, or requiring the DAMIS Debtors to furnish any additional deposit or other security for the continued provision of services.

j.    Unless a Utility Company files and serves an Additional Assurance Request, the Utility Company shall be (i) deemed to have received 'satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the DAMIS Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the proposed Adequate Assurance.

k.    Upon the termination of Utility Services with a Utility Company, the DAMIS Debtors may, in their discretion and without further order of the Court, reduce the Utility Deposit by an amount not exceeding, for each of the Utility Services being discontinued, the lesser of (i) the estimated 50% of the monthly utility expense for such Utility Services and (ii) the amount

8

(Page 9)
Debtors:            DAMIS HOLDINGS LLC, *et al.*
Case No.:           26-16439 (CMG)
Caption of Order:   INTERIM ORDER (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES; (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PAYMENT; (III) ESTABLISHING PROCEDURES FOR DETERMINING ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT; AND (IV) GRANTING RELATED RELIEF

of the Utility Deposit then attributable to the applicable Utility Company, provided that for any Utility Company for which the Utility Deposit is reduced, the DAMIS Debtors shall have paid such Utility Company in full for any outstanding post-petition Utility Services before reducing the Utility Deposit, and either (a) the Utility Company consents or (b) the DAMIS Debtors have provided the affected Utility Company with fourteen (14) calendar days' prior written notice and receive no response to such notice.

9.    Absent further order of the Court, all Utility Companies are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of these Chapter 11 Cases, or any perceived inadequacy of the proposed Adequate Assurance.

10.    The DAMIS Debtors are authorized, as necessary, to provide a copy of this Interim Order to any Utility Company not listed on the Utility Service List (each, an "Additional Utility Company," and collectively, the "Additional Utility Companies") within two (2) business days of such Utility Companies being identified, and provide such Additional Utility Company fourteen (14) calendar days' notice to object to the inclusion of such Utility Company on the Utility Service List.  As soon as reasonably practicable, but not later than five (5) calendar days after such Additional Utility Company is identified, the DAMIS Debtors shall increase the Utility Deposit by an amount equal to approximately 50% of the DAMIS Debtors' estimated monthly utility expense for such Additional Utility Company subsequent to the Petition Date, and notify the Notice Parties of such increase.  The Additional Utility Companies shall be subject to the terms of this Interim Order, including the Assurance Procedures.  The DAMIS

9

(Page 10)

Debtors:              DAMIS HOLDINGS LLC, *et al.*
Case No.:             26-16439 (CMG)
Caption of Order:     INTERIM ORDER (I) PROHIBITING UTILITY COMPANIES FROM
                      ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES;
                      (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF
                      FUTURE PAYMENT; (III) ESTABLISHING PROCEDURES FOR
                      DETERMINING ADDITIONAL ADEQUATE ASSURANCE OF
                      PAYMENT; AND (IV) GRANTING RELATED RELIEF

Debtors shall supplement **Exhibit C** to the Motion with the names of any Additional Utility Companies, file the same with the Court and serve on the Additional Utility Companies and the Notice Parties.

11.    Each Utility Company shall be deemed to have Adequate Assurance of payment under section 366 of the Bankruptcy Code unless and until: (i) the DAMIS Debtors, in their discretion, agree to an alternative assurance of payment with the Utility Company or (ii) the Court enters an order, after a Determination Hearing, requiring that additional adequate assurance of payment be provided to the Utility Company.

12.    Absent further order of the Court, any third party that pays directly for Utility Services for the benefit of the DAMIS Debtors pursuant to a nonresidential real property lease, and has been provided notice of the relief provided by this Interim Order, must continue paying for such Utility Services in the ordinary course of business and may not cease, reduce, delay, or otherwise interfere with the payment or delivery of such Utility Services, regardless of any nonpayment, deferral, or waiver of rent, or any defaults with respect to the applicable lease; *provided* that a third party may cease payments on account of Utility Services following the effective date of any rejection of the applicable lease pursuant to section 365 of the Bankruptcy Code, if any.

13.    Upon further order of the Court, the effective date of a chapter 11 plan in the Chapter 11 Cases or the closing of sale of substantially all of the DAMIS Debtors' assets, the

10

DMS_US.378130921.1DMS_US.378130921.2

(Page 11)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | INTERIM ORDER (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES; (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PAYMENT; (III) ESTABLISHING PROCEDURES FOR DETERMINING ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT; AND (IV) GRANTING RELATED RELIEF |

DAMIS Debtors may close the Utility Deposit Account without the need for any notice to, or action, order or approval of, the Court on notice to the Notice Parties.

14.     Nothing in this Interim Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the DAMIS Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the DAMIS Debtors and their estates with respect to the validity, priority, or amount of any claim against the DAMIS Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the DAMIS Debtors and their estates with respect to any and all claims or causes of action against any Utility Company, or (iv) shall be construed as a promise to pay a claim.

15.     The relief granted herein is applicable to all Utility Companies providing Utility Services to the DAMIS Debtors, including any Utility Company paid directly by a property manager or other third party for Utility Services for the benefit of the DAMIS Debtors and is not limited to those parties or entities listed on the Utility Service List.

16.     Nothing in this Interim Order authorizes the DAMIS Debtors to accelerate any payments not otherwise due prior to the date of the Final Hearing.

17.     Nothing in this Interim Order is intended or shall be deemed to constitute a finding that any entity is or is not a Utility Company hereunder or under section 366 of the

DMS_US.378130921.1DMS_US.378130921.2

(Page 12)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | INTERIM ORDER (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES; (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PAYMENT; (III) ESTABLISHING PROCEDURES FOR DETERMINING ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT; AND (IV) GRANTING RELATED RELIEF |

Bankruptcy Code, whether such entity is listed on the Utility Service List or is served with a copy of this Interim Order or the Motion.

18. The DAMIS Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein and to the extent authorized by this Interim Order.

19. The Banks are authorized, when requested by the DAMIS Debtors, in the DAMIS Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the DAMIS Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments.  The Banks may rely on the representations of the DAMIS Debtors with respect to whether any check or other transfer drawn or issued by the DAMIS Debtors prior to the Petition Date should be honored pursuant to this Interim Order, and any such Bank shall not have any liability to any party for relying on such representations by the DAMIS Debtors, as provided for in this Interim Order.

18. 20. The DAMIS Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

DMS_US.378130921.1DMS_US.378130921.2

(Page 13)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | INTERIM ORDER (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES; (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PAYMENT; (III) ESTABLISHING PROCEDURES FOR DETERMINING ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT; AND (IV) GRANTING RELATED RELIEF |

19.   ~~21.~~ Within two (2) business days of the entry of this Interim Order, the DAMIS Debtors shall serve a copy of this Interim Order on each applicable bank and financial institution that is directed to comply with the terms of this Interim Order.

20.   ~~22.~~ To the extent applicable, the requirements of Bankruptcy Rule 6003(a) are satisfied by the contents of the motion or otherwise deemed waived.

21.   ~~23.~~ Notwithstanding any applicability of Bankruptcy Rule 6004(h), to the extent applicable, the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

22.   ~~24.~~ Notice of the Motion as provided therein satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

23.   ~~25.~~ A party may move for modification of this Interim order in accordance with Local Rule 9013-5(e).

24.   ~~26.~~ The DAMIS Debtors shall serve by regular mail a copy of this Interim Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f).

25.   ~~27.~~ This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Interim Order.