**Exhibit E**

Blackline of Cash Management Motion Revised Order

DMS_US.378158108.1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**FAEGRE DRINKER BIDDLE & REATH LLP**
Michael P. Pompeo
600 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 549-7000 (Telephone)
(973) 360-9831 (Facsimile)
michael.pompeo@faegredrinker.com

-and-

Ian J. Bambrick (*pro hac vice*)
Patrick A. Jackson (*pro hac vice*)
Sarah E. Silveira (*pro hac vice* pending)
222 Delaware Ave. Suite 1410
Wilmington, DE  19801
(302) 467-4200 (Telephone)
(302) 467-4201 (Facsimile)
ian.bambrick@faegredrinker.com
patrick.jackson@faegredrinker.com
sarah.silveira@faegredrinker.com

*Proposed Counsel to the DAMIS Debtors and
Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| DAMIS Holdings LLC, *et al.*,[1] | Case No. 26-16439 (CMG) |
| Debtors. | (Jointly Administered) |

**INTERIM ORDER (I) GRANTING AUTHORITY TO (A) CONTINUE USING THE
CASH MANAGEMENT SYSTEM, BUSINESS FORMS, AND BOOKS AND RECORDS
AND PAY ALL FEES RELATED THERETO, (B) IMPLEMENT ORDINARY-COURSE
CHANGES TO CASH MANAGEMENT SYSTEM, INCLUDING OPENING AND
CLOSING ACCOUNTS, (C) CONTINUE INTERCOMPANY TRANSACTIONS;**

---

[1] A complete list of the DAMIS Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the DAMIS Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/DAMIS/.  The location of DAMIS Holdings LLC's principal place of business and the DAMIS Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

DMS_US.378130233.1DMS_US.378130233.3

(Page 2)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | INTERIM ORDER (I) GRANTING AUTHORITY TO (A) CONTINUE USING THE CASH MANAGEMENT SYSTEM, BUSINESS FORMS, AND BOOKS AND RECORDS AND PAY ALL FEES RELATED THERETO, (B) IMPLEMENT ORDINARY-COURSE CHANGES TO CASH MANAGEMENT SYSTEM, INCLUDING OPENING AND CLOSING ACCOUNTS, (C) CONTINUE INTERCOMPANY TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS; AND (III) GRANTING RELATED RELIEF |

**(II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS; AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through twelve (12), is hereby **ORDERED**.

DMS_US.378130233.3

(Page 3)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | INTERIM ORDER (I) GRANTING AUTHORITY TO (A) CONTINUE USING THE CASH MANAGEMENT SYSTEM, BUSINESS FORMS, AND BOOKS AND RECORDS AND PAY ALL FEES RELATED THERETO, (B) IMPLEMENT ORDINARY-COURSE CHANGES TO CASH MANAGEMENT SYSTEM, INCLUDING OPENING AND CLOSING ACCOUNTS, (C) CONTINUE INTERCOMPANY TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS; AND (III) GRANTING RELATED RELIEF |

Upon consideration of the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (the "DAMIS Debtors") for the entry of interim and final orders, pursuant to sections 105(a), 345, 363, 364, and 503 of the Bankruptcy Code and Bankruptcy Rules 6003 (to the extent applicable) and 6004, (i) authorizing the DAMIS Debtors to (a) continue using their existing Bank Accounts, the Cash Management System, Business Forms, and Books and Records and paying all fees related thereto, and (b) implement ordinary-course changes to the Cash Management System, including opening and closing Bank Accounts as deemed necessary and appropriate in the DAMIS Debtors' business judgment; (ii) authorizing the DAMIS Debtors to continue performing Intercompany Transactions in the ordinary course of business and consistent with prepetition practice and granting administrative expense status to postpetition Intercompany Transactions; and (iii) granting related relief; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and the Court having found that due and proper notice of the Motion has been given and no other or further notice of the Motion is required under the circumstances; and the Court having found that it has jurisdiction to consider the Motion under 28 U.S.C. §§ 1334 and 157, and the Standing Order; and the Court having found that its consideration of the Motion and the relief requested therein is

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 4)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | INTERIM ORDER (I) GRANTING AUTHORITY TO (A) CONTINUE USING THE CASH MANAGEMENT SYSTEM, BUSINESS FORMS, AND BOOKS AND RECORDS AND PAY ALL FEES RELATED THERETO, (B) IMPLEMENT ORDINARY-COURSE CHANGES TO CASH MANAGEMENT SYSTEM, INCLUDING OPENING AND CLOSING ACCOUNTS, (C) CONTINUE INTERCOMPANY TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS; AND (III) GRANTING RELATED RELIEF |

a core proceeding under 28 U.S.C. § 157(b) and that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of these proceedings and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing on the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.       The Motion is GRANTED on an interim basis as set forth herein.

2.       Any objections to the entry of this Interim Order, to the extent not withdrawn or settled, are overruled.

3.       The Court shall hold a final hearing on the relief sought in the Motion on July 23, 2026, at 9:00 a.m. (the "Final Hearing"). Any party-in-interest objecting to the relief sought at the Final Hearing or the Proposed Final Order shall file and serve a written objection, which objection shall be served upon (i) proposed counsel to the DAMIS Debtors, Faegre Drinker Biddle & Reath LLP, 600 Campus Drive, Florham Park, New Jersey 07932, Attn: Michael Pompeo (michael.pompeo@faegredrinker.com), and 222 Delaware Ave., Suite 1410, Wilmington, DE 19801, Attn: Ian Bambrick (ian.bambrick@faegredrinker.com), Patrick Jackson

DMS_US.378130233.1DMS_US.378130233.3

(Page 5)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | INTERIM ORDER (I) GRANTING AUTHORITY TO (A) CONTINUE USING THE CASH MANAGEMENT SYSTEM, BUSINESS FORMS, AND BOOKS AND RECORDS AND PAY ALL FEES RELATED THERETO, (B) IMPLEMENT ORDINARY-COURSE CHANGES TO CASH MANAGEMENT SYSTEM, INCLUDING OPENING AND CLOSING ACCOUNTS, (C) CONTINUE INTERCOMPANY TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS; AND (III) GRANTING RELATED RELIEF |

(patrick.jackson@faegredrinker.com), and Sarah Silveira (sarah.silveira@faegredrinker.com), (ii) counsel to any official committee of unsecured creditors appointed in these Chapter 11 Cases; and (iii) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M. Sponder, Esq. (Jeffrey.M.Sponder@usdoj.gov), and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002 in each case no later than _____, 2026, at 4:00 p.m. (ET).  If no objections to the entry of the Proposed Final Order are timely filed, this Court may enter the Proposed Final Order without further notice or a hearing.  The DAMIS Debtors shall file a notice of the Final Hearing within two (2) business days after entry of this Interim Order.

4. 3. The DAMIS Debtors are authorized, but not directed, on an interim basis, in the reasonable exercise of their business judgment to continue the Cash Management System in the ordinary course of business including (i) designating, maintaining, and continuing to use, with the same account numbers, all of their Bank Accounts, including, without limitation, those accounts identified on **Exhibit C** to the Motion; and (ii) using, in their present form, all preprinted correspondence and Business Forms (including letterhead) without reference to the DAMIS Debtors' status as debtors in possession; (iii) continue using and maintaining, in their present form, the Books and Records, (iv) treating the Bank Accounts for all purposes as accounts of the DAMIS Debtors as debtors-in-possession and to maintain and continue using

DMS_US.378130233.1DMS_US.378130233.3

(Page 6)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | INTERIM ORDER (I) GRANTING AUTHORITY TO (A) CONTINUE USING THE CASH MANAGEMENT SYSTEM, BUSINESS FORMS, AND BOOKS AND RECORDS AND PAY ALL FEES RELATED THERETO, (B) IMPLEMENT ORDINARY-COURSE CHANGES TO CASH MANAGEMENT SYSTEM, INCLUDING OPENING AND CLOSING ACCOUNTS, (C) CONTINUE INTERCOMPANY TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS; AND (III) GRANTING RELATED RELIEF |

these accounts in the same manner and with the same account numbers, styles, and document forms as used prior to the Petition Date, without the need to comply with certain guidelines relating to bank accounts set forth in the U.S. Trustee Guidelines requiring the opening of separate debtor in possession accounts; and (v) treat the Bank Accounts for all purposes as debtor in possession accounts.  Notwithstanding the foregoing, once the DAMIS Debtors' existing stock of Business Forms, including checks, have been used, the DAMIS Debtors shall, when reordering (or with respect to checks or other Business Forms the DAMIS Debtors or their agents print themselves), require or print, as applicable, the designation "Debtors in Possession" and the corresponding lead bankruptcy case number on all items.  Further, within fourteen (14) calendar days of the entry of this Interim Order, the DAMIS Debtors will update any electronically produced checks to reflect their status as debtors-in-possession and to include the corresponding lead bankruptcy case number.

5.     4. The Banks are hereby authorized and directed to replace the signatory on the Bank Accounts from David Shabsels and Michael Shabsels, with Perry Mandarino, as the DAMIS Debtors' Chief Restructuring Officer (the "DAMIS CRO"), and, as set forth in the *Joint Unanimous Written Consent* dated as of June 4, 2026, and attached to the DAMIS Debtors' voluntary petitions filed in these Chapter 11 Cases, in his capacity as the CRO for the DAMIS Debtors, Perry Mandarino shall have general signatory authority for the DAMIS Debtors.  The

(Page 7)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | INTERIM ORDER (I) GRANTING AUTHORITY TO (A) CONTINUE USING THE CASH MANAGEMENT SYSTEM, BUSINESS FORMS, AND BOOKS AND RECORDS AND PAY ALL FEES RELATED THERETO, (B) IMPLEMENT ORDINARY-COURSE CHANGES TO CASH MANAGEMENT SYSTEM, INCLUDING OPENING AND CLOSING ACCOUNTS, (C) CONTINUE INTERCOMPANY TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS; AND (III) GRANTING RELATED RELIEF |

effect of the foregoing does not impact the prior authority of any other signatory on each of the Bank Accounts other than removing David Shabsels and Michael Shabels. To the extent any Bank, in connection with its internal policies and procedures, requires additional information, documentation, and/or forms completed by the Debtors—other than forms requiring execution by either David Shabsels or Michael Shabsels—in order to remove David Shabsels and Michael Shabsels as signatories on any deposit account(s) and add Perry Mandarino, in his capacity as CRO of the applicable DAMIS Debtor, as a signatory on such deposit account(s), the applicable DAMIS Debtor shall timely cooperate with such Bank in providing such information and documentation and completing such forms. Until such time as the Bank has received the necessary information, documentation and/or completed forms required by its internal policies and procedures—excluding forms requiring execution by either David Shabsels or Michael Shabsels—it shall not have any obligation to effectuate the signatory changes provided in this paragraph; provided, however, that, until such signatory changes are effectuated, the signatory authority of David Shabsels and Michael Shabsels shall be treated as revoked

6.    5. The Banks participating in the Cash Management System are hereby authorized, but not directed, on an interim basis, to continue to maintain, service and administer all of the Bank Accounts as accounts of the DAMIS Debtors as debtors-in-possession without interruption and in the ordinary course in a manner consistent with any agreements between the

(Page 8)
Debtors:                    DAMIS HOLDINGS LLC, *et al.*
Case No.:                   26-16439 (CMG)
Caption of Order:           INTERIM ORDER (I) GRANTING AUTHORITY TO (A) CONTINUE
                            USING THE CASH MANAGEMENT SYSTEM, BUSINESS FORMS,
                            AND BOOKS AND RECORDS AND PAY ALL FEES RELATED
                            THERETO, (B) IMPLEMENT ORDINARY-COURSE CHANGES TO
                            CASH MANAGEMENT SYSTEM, INCLUDING OPENING AND
                            CLOSING ACCOUNTS, (C) CONTINUE INTERCOMPANY
                            TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE
                            STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS;
                            AND (III) GRANTING RELATED RELIEF

Banks and the DAMIS Debtors that existed prior to the Petition Date, and to receive, process, honor, and pay any and all drafts, wires, or other electronic transfer requests issued, payable through, or drawn on, such Bank Accounts after the Petition Date by the holders or makers thereof or other parties entitled to issue instructions with respect thereto, as the case may be; *provided*, *however*, that any such drafts, wires, or other electronic transfer requests issued by the DAMIS Debtors before the Petition Date may be honored by any Bank only if specifically authorized by order of this Court.

7.      6. Except for those that comply with an order of this Court authorizing payment of certain prepetition claims, no drafts, wires, or other electronic transfer requests drawn, issued, or requested on the Bank Accounts before the Petition Date but presented for payment after the Petition Date shall be honored or paid.

8.      7. The Bank Contracts shall continue to govern the postpetition cash management relationship between the DAMIS Debtors and the Banks.  All provisions of the Bank Contracts, including the termination, fee provisions, rights, benefits, offset rights, and remedies afforded under such agreements (including any provisions requiring the DAMIS Debtors to reimburse a Bank for legal fees or expenses incurred by such Bank on account of these Chapter 11 Cases) shall remain in full force and effect, unless the DAMIS Debtors and such Bank agree otherwise or unless otherwise ordered by the Court.

(Page 9)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | INTERIM ORDER (I) GRANTING AUTHORITY TO (A) CONTINUE USING THE CASH MANAGEMENT SYSTEM, BUSINESS FORMS, AND BOOKS AND RECORDS AND PAY ALL FEES RELATED THERETO, (B) IMPLEMENT ORDINARY-COURSE CHANGES TO CASH MANAGEMENT SYSTEM, INCLUDING OPENING AND CLOSING ACCOUNTS, (C) CONTINUE INTERCOMPANY TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS; AND (III) GRANTING RELATED RELIEF |

9.   ~~8.~~ The operation of the Cash Management System in accordance with the DAMIS Debtors' normal and customary practice is adequate and sufficient and may be continued on and after the Petition Date in the ordinary course of the DAMIS Debtors' business.

10.   ~~9. The~~ Subject to the terms set forth herein, the Banks participating in the Cash Management System shall not be liable to the DAMIS Debtors or to their estates and shall not be deemed to be in violation of this Interim Order for honoring a prepetition draw on any account that is the subject of this Interim Order (i) at the direction of the DAMIS Debtors, (ii) in a good faith belief that this Court has authorized such prepetition draw to be honored, or (iii) as a result of an innocent mistake made despite implementation of reasonable item handling procedures. The DAMIS Debtors are authorized to reimburse the Banks for any charges arising before or after the Petition Date in connection with checks deposited with the Banks that have been dishonored or returned as a result of insufficient funds in the Bank Accounts in the ordinary course of business, to the same extent responsible for such items prior to the Petition Date.

~~10. Immediately upon entry of this Interim Order, each of the Banks at which a Bank Account with an automatic transfer or "sweep" is maintained is authorized, without further order of this Court, to execute such transfers or sweeps upon the direction of the DAMIS CRO without regard to whether the funds so transferred or swept include funds deposited prior to the Petition Date, so long as such transfers or sweeps are authorized by the DAMIS CRO, in the ordinary~~

~~DMS_US.378130233.1~~DMS_US.378130233.3

(Page 10)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | INTERIM ORDER (I) GRANTING AUTHORITY TO (A) CONTINUE USING THE CASH MANAGEMENT SYSTEM, BUSINESS FORMS, AND BOOKS AND RECORDS AND PAY ALL FEES RELATED THERETO, (B) IMPLEMENT ORDINARY-COURSE CHANGES TO CASH MANAGEMENT SYSTEM, INCLUDING OPENING AND CLOSING ACCOUNTS, (C) CONTINUE INTERCOMPANY TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS; AND (III) GRANTING RELATED RELIEF |

~~course of business, consistent with past practice, and in accordance with the applicable account agreement.~~

11.      ~~Nothing contained herein shall prevent~~Subject to the terms hereof, the DAMIS Debtors ~~from opening any new accounts or closing any of the Bank Accounts as the DAMIS Debtors may deem necessary and appropriate.  The relief granted in this Interim Order is extended to any new bank account opened by the DAMIS Debtors in the ordinary course of business after the date hereof.  Each such account shall be deemed an Account~~are authorized, but not directed, on an interim basis, in the ordinary course of business consistent with historical practices, to implement changes to the Cash Management System and procedures in the ordinary course of business pursuant to the terms of any existing deposit agreements, including, without limitation, opening any new bank accounts or closing any existing Bank Accounts and entering into any ancillary agreements, including deposit account control agreements, related to the foregoing, as they may deem necessary and appropriate; provided, however, ~~that upon opening any new accounts or closing any of the Bank Accounts,~~ the DAMIS Debtors shall provide ~~notice within fifteen (15) days, to (i)~~ the U.S. Trustee for Region 3 (the "U.S. Trustee") and ~~(ii)~~ counsel ~~for any official~~to any statutory committees that may be appointed in these Chapter 11 Cases~~;~~ ~~*provided further, however, that*~~ with not less than five (5) business days' written notice prior to making any material changes to the Cash Management System (email being sufficient).  If an

(Page 11)

Debtors:              DAMIS HOLDINGS LLC, *et al.*
Case No.:             26-16439 (CMG)
Caption of Order:     INTERIM ORDER (I) GRANTING AUTHORITY TO (A) CONTINUE
                      USING THE CASH MANAGEMENT SYSTEM, BUSINESS FORMS,
                      AND BOOKS AND RECORDS AND PAY ALL FEES RELATED
                      THERETO, (B) IMPLEMENT ORDINARY-COURSE CHANGES TO
                      CASH MANAGEMENT SYSTEM, INCLUDING OPENING AND
                      CLOSING ACCOUNTS, (C) CONTINUE INTERCOMPANY
                      TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE
                      STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS;
                      AND (III) GRANTING RELATED RELIEF

objection is filed with respect to such changes, the DAMIS Debtors shall ~~only open any such new accounts at banks that have executed a Uniform Depository Agreement (a "UDA") with the U.S. Trustee, or at such banks that are willing to promptly execute such an agreement. The Banks are authorized to close any existing Accounts in accordance with the terms of the applicable Bank Contract~~not implement such changes without further ~~order of the~~authorization by this Court.

12.     Any new bank account opened by the DAMIS Debtors or the DAMIS CRO shall be established at an institution that is (a) a party to a Uniform Depository Agreement with the U.S. Trustee or is willing to immediately execute a Uniform Depository Agreement, and (b) bound by the terms of this Interim Order.  The opening or closing of a bank account shall be timely indicated on the DAMIS Debtors' monthly operating reports.  Any new debtor-in-possession bank account must bear the designation "Debtor-in-Possession" and designated as "Debtor-in-Possession" accounts with the case number.  The DAMIS Debtors shall provide notice within one (1) business day to the U.S. Trustee and counsel to any statutory committees that may be appointed in these Chapter 11 Cases of the opening of a new bank account or closing of any existing bank accounts.  The U.S. Trustee and counsel to any statutory committees that may be appointed in these Chapter 11 Cases shall have fourteen (14) calendar days from receipt of such notice to file any objection with regard to the opening or closing of a

~~DMS_US.378130233.1~~DMS_US.378130233.3

(Page 12)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | INTERIM ORDER (I) GRANTING AUTHORITY TO (A) CONTINUE USING THE CASH MANAGEMENT SYSTEM, BUSINESS FORMS, AND BOOKS AND RECORDS AND PAY ALL FEES RELATED THERETO, (B) IMPLEMENT ORDINARY-COURSE CHANGES TO CASH MANAGEMENT SYSTEM, INCLUDING OPENING AND CLOSING ACCOUNTS, (C) CONTINUE INTERCOMPANY TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS; AND (III) GRANTING RELATED RELIEF |

bank account, or such later date as may be extended by the Court or agreed to between such parties, as applicable

13.     If any Bank Accounts existing as of the Petition Date are not in compliance with section 345(b) of the Bankruptcy Code or any provision of the U.S. Trustee Guidelines, the DAMIS Debtors shall have until a date that is thirty (30) calendar days from the entry of this Interim Order or such longer time as agreed with the U.S. Trustee, without prejudice to seeking any additional extensions, to either come into compliance with section 345(b) of the Bankruptcy Code and any of the U.S. Trustee Guidelines or to make such other arrangements as are agreed to by the U.S. Trustee or approved by this Court; provided that nothing herein shall prevent the DAMIS Debtors or the U.S. Trustee from seeking further relief from this Court to the extent that an agreement cannot be reached.

14.     12. With regard to the Banks that are party to a UDAUniform Depository Agreement with the U.S. Trustee that have not already been notified in accordance with an earlier order of the Court, within five (5) businesscalendar days from the date of the entry of this Interim Order, the DAMIS Debtors shall (i) contact each Bank; (ii) provide each Bank with the DAMIS Debtors' employer identification number; and (iii) identify each of their Bank Accounts held at such Banks as being held by a debtor in possession in a bankruptcy case, request such

DMS_US.378130233.1DMS_US.378130233.3

(Page 13)

Debtors:          DAMIS HOLDINGS LLC, *et al.*
Case No.:         26-16439 (CMG)
Caption of Order:  INTERIM ORDER (I) GRANTING AUTHORITY TO (A) CONTINUE USING THE CASH MANAGEMENT SYSTEM, BUSINESS FORMS, AND BOOKS AND RECORDS AND PAY ALL FEES RELATED THERETO, (B) IMPLEMENT ORDINARY-COURSE CHANGES TO CASH MANAGEMENT SYSTEM, INCLUDING OPENING AND CLOSING ACCOUNTS, (C) CONTINUE INTERCOMPANY TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS; AND (III) GRANTING RELATED RELIEF

Banks to code each such Bank Account as a "debtor in possession" account, and provide the bankruptcy case number.

15.     For the Banks at which the DAMIS Debtors hold Bank Accounts that are not a party to a Uniform Depository Agreement with the U.S. Trustee, the DAMIS Debtors shall use their good faith efforts to cause the Banks to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee within thirty (30) calendar days of the date of this Interim Order. The DAMIS Debtors' and U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned Banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully preserved.

16.     ~~13.~~ The Banks are hereby authorized, on an interim basis, to debit or otherwise satisfy prepetition and postpetition Bank Fees from the Bank Accounts without further order of this Court, *provided* that such fees and charges are authorized under the applicable account agreement with the DAMIS Debtors and provided further that nothing set forth herein shall authorize any of the Banks to debit any claim or charges not in the ordinary course of business and not permitted under the applicable account agreements.

17.     The Banks are authorized, without further order of this Court, on an interim basis, to charge back to the appropriate accounts of the DAMIS Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH

(Page 14)

Debtors:             DAMIS HOLDINGS LLC, *et al.*
Case No.:            26-16439 (CMG)
Caption of Order:    INTERIM ORDER (I) GRANTING AUTHORITY TO (A) CONTINUE USING THE CASH MANAGEMENT SYSTEM, BUSINESS FORMS, AND BOOKS AND RECORDS AND PAY ALL FEES RELATED THERETO, (B) IMPLEMENT ORDINARY-COURSE CHANGES TO CASH MANAGEMENT SYSTEM, INCLUDING OPENING AND CLOSING ACCOUNTS, (C) CONTINUE INTERCOMPANY TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS; AND (III) GRANTING RELATED RELIEF

transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such returned items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

18.   14. Within fivetwo (52) businesscalendar days from the date of the entry of this Interim Order, the DAMIS Debtors shall (i) serve a copy of this Interim Order on each Bank and (ii) request that each Bank internally code each of the Bank Accounts as "debtor in possession" accountsthat is directed to comply with the terms of this Interim Order.

19.   All Banks maintaining any of the Bank Accounts that are provided with notice of this Interim Order shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued before the Petition Date for which the DAMIS Debtors specifically issue timely stop payment orders in accordance with the documents governing such Bank Accounts.

15. The DAMIS Debtors are authorized to continue using, in their present form, the Business Forms and Books and Records, as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date; *provided* that, once they have exhausted their existing stock of Business Forms, they shall ensure that any new Business Forms are clearly labeled "Debtor In Possession" and with respect to any Business Forms that exist or are generated electronically, the DAMIS Debtors shall ensure that such electronic Business Forms are clearly labeled "Debtor In Possession" within 10 business days.

DMS_US.378130233.1DMS_US.378130233.3

(Page 15)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | INTERIM ORDER (I) GRANTING AUTHORITY TO (A) CONTINUE USING THE CASH MANAGEMENT SYSTEM, BUSINESS FORMS, AND BOOKS AND RECORDS AND PAY ALL FEES RELATED THERETO, (B) IMPLEMENT ORDINARY-COURSE CHANGES TO CASH MANAGEMENT SYSTEM, INCLUDING OPENING AND CLOSING ACCOUNTS, (C) CONTINUE INTERCOMPANY TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS; AND (III) GRANTING RELATED RELIEF |

16. To the extent that any of the Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements under the U.S. Trustee Guidelines, the DAMIS Debtors shall be granted an extension of time to comply with the requirements of section 345(b) and any of the U.S. Trustee's requirements under the U.S. Trustee Guidelines for a period of thirty (30) days, without prejudice to the DAMIS Debtors' rights to seek a further extension, or to make such other arrangements as agreed to by the U.S. Trustee; *provided* that nothing herein shall prevent the DAMIS Debtors or the U.S. Trustee from seeking further relief from this Court to the extent that an agreement cannot be reached. The DAMIS Debtors may obtain a further extension of the 30 day period referenced above by entering into a written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further Court order.

20. 17. Notwithstanding anything to the contrary set forth herein, the DAMIS Debtors are authorized, but not directed, on an interim basis, to continue Intercompany Transactions arising from or related to the operation of their businesses in the ordinary course; *provided that* each DAMIS Debtor shall (a) continue to pay its own obligations consistent with such DAMIS Debtor's past practice with respect to Intercompany Transactions and related obligations, and in no event shall any of the DAMIS Debtors pay for the prepetition or postpetition obligations incurred or owed by any of the other DAMIS Debtors in a manner inconsistent with past

(Page 16)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | INTERIM ORDER (I) GRANTING AUTHORITY TO (A) CONTINUE USING THE CASH MANAGEMENT SYSTEM, BUSINESS FORMS, AND BOOKS AND RECORDS AND PAY ALL FEES RELATED THERETO, (B) IMPLEMENT ORDINARY-COURSE CHANGES TO CASH MANAGEMENT SYSTEM, INCLUDING OPENING AND CLOSING ACCOUNTS, (C) CONTINUE INTERCOMPANY TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS; AND (III) GRANTING RELATED RELIEF |

practices; and (b) beginning on the Petition Date, maintain (i) current records of the Intercompany Balances; (ii) a debtor-by-debtor summary on a monthly basis of any postpetition Intercompany Transactions involving the transfer of cash for the preceding month (to be available on the 21st day of the following month); and (iii) reasonable access to the DAMIS Debtors' advisors with respect to such records. During the Interim Period, upon request of the U.S. Trustee or counsel to any statutory committees appointed in these Chapter 11 Cases, the DAMIS Debtors shall make such records relating to the foregoing available to such parties.

21. 18. All Intercompany Claims arising after the Petition Date owed by a DAMIS Debtor to another DAMIS Debtor under any postpetition Intercompany Transactions authorized hereunder are hereby accorded administrative expense status under section 503(b) of the Bankruptcy Code.

22. 19. The DAMIS Debtors shall maintain accurate and detailed records of all transfers, including but not limited to, Intercompany Transactions, so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions.

23. 20. The DAMIS Debtors are authorized, on an interim basis, to issue postpetition checks or effect postpetition fund transfer requests in replacement of any checks or fund transfer

DMS_US.378130233.1DMS_US.378130233.3

(Page 17)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | INTERIM ORDER (I) GRANTING AUTHORITY TO (A) CONTINUE USING THE CASH MANAGEMENT SYSTEM, BUSINESS FORMS, AND BOOKS AND RECORDS AND PAY ALL FEES RELATED THERETO, (B) IMPLEMENT ORDINARY-COURSE CHANGES TO CASH MANAGEMENT SYSTEM, INCLUDING OPENING AND CLOSING ACCOUNTS, (C) CONTINUE INTERCOMPANY TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS; AND (III) GRANTING RELATED RELIEF |

requests that are inadvertently dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein.

24. The DAMIS Debtors shall maintain records of all transfers within the Cash Management System so that all transfers and transactions shall be adequately and promptly documented in, and ascertainable from, the DAMIS Debtors' books and records, to the same extent as maintained prior to the commencement of the Chapter 11 Cases. The DAMIS Debtors are also directed to maintain their books and records so as to provide a clear demarcation between prepetition and postpetition transactions.

25. 21. Nothing in this Interim Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the DAMIS Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the DAMIS Debtors and their estates with respect to the validity, priority, or amount of any claim against the DAMIS Debtors and their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the DAMIS Debtors and their estates with respect to any and all claims or causes of action related to the Cash Management System or any of the Banks; or (d) shall be construed as a promise to pay a claim.

26. 22. The DAMIS Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

DMS_US.378130233.1DMS_US.378130233.3

(Page 18)

Debtors:          DAMIS HOLDINGS LLC, *et al.*
Case No.:        26-16439 (CMG)
Caption of Order:  INTERIM ORDER (I) GRANTING AUTHORITY TO (A) CONTINUE USING THE CASH MANAGEMENT SYSTEM, BUSINESS FORMS, AND BOOKS AND RECORDS AND PAY ALL FEES RELATED THERETO, (B) IMPLEMENT ORDINARY-COURSE CHANGES TO CASH MANAGEMENT SYSTEM, INCLUDING OPENING AND CLOSING ACCOUNTS, (C) CONTINUE INTERCOMPANY TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS; AND (III) GRANTING RELATED RELIEF

27.    ~~23.~~ The requirements of Bankruptcy Rule 6003(~~b~~a), to the extent applicable, are satisfied by the contents of the Motion or otherwise deemed waived.

28.    ~~24.~~ Notwithstanding any applicability of Bankruptcy Rule 6004(h), to the extent applicable, the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

29.    ~~25.~~ Notice of the Motion as provided therein satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

30.    Any party may move for modification of this Interim Order in accordance with Local Rule 9013-5(e).

31.    The DAMIS Debtors shall serve by regular mail a copy of this Interim Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f).

32.    ~~26.~~ This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

| Summary report: Litera Compare for Word 11.14.0.42 Document comparison done on 6/25/2026 11:33:14 PM | |
|---|---|
| **Style name:** Firm Character Level Rendering Set | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://dms-us.fd.faegredrinker.com/dms_us/378130233/1 - DAMIS - Cash Management Interim Order - AS FILED.docx | |
| **Modified DMS:** iw://dms-us.fd.faegredrinker.com/dms_us/378130233/3 - DAMIS - Cash Management Interim Order.docx | |
| **Changes:** | |
| Add | 98 |
| Delete | 59 |
| Move From | 3 |
| Move To | 3 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 163 |