**Exbibit A-2**

**Blackline of Proposed DAMIS Holdings Second Interim Order**

DMS_US.378180564.2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**FAEGRE DRINKER BIDDLE & REATH LLP**
Michael P. Pompeo
600 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 549-7000 (Telephone)
(973) 360-9831 (Facsimile)
michael.pompeo@faegredrinker.com

-and-

Patrick A. Jackson (*pro hac vice*)
Ian J. Bambrick (*pro hac vice*)
Sarah E. Silveira (*pro hac vice* ~~pending~~)
222 Delaware Ave. Suite 1410
Wilmington, DE  19801
(302) 467-4200 (Telephone)
(302) 467-4201 (Facsimile)
patrick.jackson@faegredrinker.com
ian.bambrick@faegredrinker.com
sarah.silveira@faegredrinker.com

*Proposed Counsel to the DAMIS Debtors and*
*Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| DAMIS Holdings LLC, *et al.*,[1] | Case No. 26-16439 (CMG) |
| Debtors. | (Jointly Administered) |

**SECOND INTERIM ORDER (I) AUTHORIZING DAMIS HOLDINGS LLC TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF**

---

[1] A complete list of the DAMIS Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the DAMIS Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/DAMIS/.  The location of DAMIS Holdings LLC's principal place of business and the DAMIS Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

DMS_US.378170471.3

(Page 2)

Debtors:              DAMIS HOLDINGS LLC, *et al.*

Case No.:             26-16439 (CMG)

Caption of Order:     SECOND INTERIM ORDER (I) AUTHORIZING DAMIS HOLDINGS
                      LLC TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE
                      PROTECTION TO PUTATIVE SECURED PARTIES; (III)
                      MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL
                      HEARING; AND (V) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered ~~two~~three (~~2~~3) through ~~fourteen~~sixteen (~~14~~16), is hereby **ORDERED**.

2

DMS_US.378170471.3

(Page 3)

Debtors:            DAMIS HOLDINGS LLC, *et al.*
Case No.:           26-16439 (CMG)
Caption of Order:   SECOND INTERIM ORDER (I) AUTHORIZING DAMIS HOLDINGS LLC TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF

Upon the *DAMIS Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to Putative Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief* (the "Motion") of the above-captioned debtor and debtors in possession (the "DAMIS Debtors," and each, a "DAMIS Debtor"), for entry of interim and final orders pursuant to Bankruptcy Code sections 105(a), 361, 363(c)(2), 506(c), and 552(b), Bankruptcy Rules 2002, 4001, 6003, and 6004, and Local Rules 4001-3 and 9013-5, (a) authorizing the DAMIS Debtors to use Cash Collateral (as defined below) in accordance with the budget attached hereto as **Exhibit 1** (the "Budget"); (b) granting adequate protection to putative prepetition secured parties; (c) modifying the automatic stay; (d) scheduling a final hearing; and (e) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and the Court having previously entered an interim order concerning the Motion [Docket No. 259] (the "Prior Interim Order"); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the DAMIS Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion

3

DMS_US.378170471.3

(Page 4)

Debtors:           DAMIS HOLDINGS LLC, *et al.*

Case No.:          26-16439 (CMG)

Caption of Order:  SECOND INTERIM ORDER (I) AUTHORIZING DAMIS HOLDINGS LLC TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF

and having heard the statements in support of the relief requested therein at ~~a~~one or more hearings before this Court (collectively, the "Hearing")~~, if any~~; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing~~, if any,~~ establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, **THE COURT MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.    **Petition.**  The DAMIS Debtors each filed their petitions under chapter 11 of the Bankruptcy Code on June 4, 2026 (the "Petition Date") and are presently operating as debtors in possession in accordance with sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner or official committee of unsecured creditors (a "Committee") has been appointed in these chapter 11 cases.

B.    **Notice.**  Notice of the Motion, the Prior Interim Order, and of the further interim hearing on the DAMIS Debtors' use of cash collateral has been served consistent with the notice and hearing provisions pursuant to section 102(1) of the Bankruptcy Code and Bankruptcy Rule 4001(b), which notice is appropriate in the particular circumstances and sufficient for all purposes under the Bankruptcy Code and the applicable Federal and Local Rules of Bankruptcy Procedure with respect to the relief requested.

C.    **Need to Use Cash Collateral.**  The DAMIS Debtors' cash and cash equivalents on hand as of the Petition Date, as well as any received by the DAMIS Debtors post-petition

4

(Page 5)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | SECOND INTERIM ORDER (I) AUTHORIZING DAMIS HOLDINGS LLC TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF |

(collectively, the "Cash Collateral"), may constitute "cash collateral" within the meaning of section 363(a) of the Bankruptcy Code, insofar as putative secured parties may have an interest therein. The DAMIS Debtors have an immediate need to use the Cash Collateral to, among other things, preserve and maintain the going-concern value of the DAMIS Debtors, absent which immediate and irreparable harm will result to the DAMIS Debtors, their estates, and their creditors. The preservation and maintenance of the DAMIS Debtors' assets and business is necessary to maximize value. Absent the DAMIS Debtors' ability to use Cash Collateral, the DAMIS Debtors would not have sufficient available sources of working capital or financing and would be unable to pay their operating expenses or maintain their assets, to the severe detriment of their estates, creditors and members. Accordingly, the relief requested in the Motion and the terms herein are (i) critical to the DAMIS Debtors' ability to maximize the value of these chapter 11 estates, and (ii) in the best interests of the DAMIS Debtors and their estates, and (iii) necessary, essential, and appropriate to avoid immediate and irreparable harm to the DAMIS Debtors, their creditors, and their assets, remaining business, goodwill, and reputation.

D. **Good Cause.** Good cause has been shown for entry of this Second Interim Order, and the entry of this Second Interim Order is in the best interests of the DAMIS Debtors and their estates and creditors. Among other things, the relief granted herein will minimize disruption of the DAMIS Debtors' business and permit the DAMIS Debtors to preserve and maintain the going-concern value of the DAMIS Debtors. The terms of the DAMIS Debtors' use of Cash

5

DMS_US.378170471.3

(Page 6)

Debtors:          DAMIS HOLDINGS LLC, *et al.*
Case No.:         26-16439 (CMG)
Caption of Order: SECOND INTERIM ORDER (I) AUTHORIZING DAMIS HOLDINGS
                  LLC TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE
                  PROTECTION TO PUTATIVE SECURED PARTIES; (III)
                  MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL
                  HEARING; AND (V) GRANTING RELATED RELIEF

Collateral and proposed adequate protection arrangements, as set forth in this Second Interim

Order, are fair and reasonable under the circumstances, and reflect the DAMIS Debtors' exercise

of prudent business judgment consistent with their fiduciary duties.

E.      **Budget.**  The Budget attached as **Exhibit 1** hereto is a forecast of cash receipts

and disbursements setting forth on a line-item basis the Applicable Debtor's (as defined herein)

anticipated cumulative cash receipts and expenditures on a weekly basis and all necessary and

required cumulative expenses that the Applicable Debtor expects to incur during each weekly

period under the Budget. The Budget is an integral part of this Second Interim Order. The

Applicable Debtor does not presently anticipate that it will incur expenses during the period

covered by the Budget other than, or in excess of, those identified in the Budget.

F.      **The Prepetition Secured Parties.**  The prepetition secured parties with respect to

the use of Cash Collateral pursuant to this Second Interim Order are First Technology Federal

Credit Union, Bank of New Hampshire, ~~Bank Iowa, MAX Credit Union, Heartland Bank and~~

~~Trust Company, Visions Federal Credit Union, Mizzen Capital LP, Mizzen Capital II LP, and H2~~

~~Development, LLC (~~Mizzen Capital, LP ("Mizzen I"), Mizzen Capital II, LP ("Mizzen II"), and

Mizzen Management, LLC ("Mizzen Management," and together with Mizzen I and Mizzen II,

"Mizzen") (collectively, the "Prepetition Secured Parties," and each, a "Prepetition Secured

Party").

6

(Page 7)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | SECOND INTERIM ORDER (I) AUTHORIZING DAMIS HOLDINGS LLC TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF |

G.     **The Prepetition Secured Debt.**  Based upon the DAMIS Debtors' preliminary review of their books and records, and relevant public filings, the debts owed to the Prepetition Secured Parties by DAMIS Holdings LLC (the "Applicable Debtor") as of the Petition Date (collectively, the "Applicable Prepetition Obligations"), and the security for such debts as of the Petition Date (collectively, the "Prepetition Collateral"), are as described below:

(i)     First Technology Federal Credit Union.  All amounts owed pursuant to (a) that certain Guaranty of Payment and Performance dated as of August 2, 2023, made by the Applicable Debtor in favor of First Technology Federal Credit Union, (b) that certain Guaranty of Payment and Performance dated as of July 1, 2022, made by the Applicable Debtor in favor of First Technology Federal Credit Union, and (c) that certain Guaranty of Payment and Performance dated as of November 8, 2022, made by the Applicable Debtor in favor of First Technology Federal Credit Union, which indebtedness may be secured by security interests in, or rights of setoff against, certain assets of the Applicable Debtor;

(ii)     Bank of New Hampshire.  All amounts owed pursuant to that certain Unconditional Continuing Guaranty dated as of June 27, 2024, made by the Applicable Debtor in favor of Bank of New Hampshire, which indebtedness may be secured by security interests in, or rights of setoff against, certain assets of the Applicable Debtor; and

(iii)     Mizzen.  All amounts owed pursuant to that certain Senior Subordinated Note Purchase Agreement, dated as of August 15, 2025, by and among Rocking Horse Ranch

7

(Page 8)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | SECOND INTERIM ORDER (I) AUTHORIZING DAMIS HOLDINGS LLC TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF |

Landco LLC and Rocking Horse Ranch Operatingco LLC, as borrowers, the Shabsels Brothers, SIMAD Holdings LLC, DAMIS Holdings, LLC, various other SIMAD Debtors, Non-Debtor Affiliates, and DAMIS Debtors, including Splashdown Beach Operatingco LLC, Splashdown Beach Landco LLC, and SIMAD Ventures LLC, as guarantors, Mizzen Management, as agent, and Mizzen I and Mizzen II, as purchasers, together with all promissory notes and other related documents (the "Rocking Horse NPA"), secured by, among other things, liens on all assets of the Applicable Debtor pursuant to a Security Agreement, dated as of August 15, 2025, in favor of Mizzen Management (in its capacity as administrative and collateral agent), as secured party.

(a) First Technology Federal Credit Union. [_____]

(b) Bank of New Hampshire. _____]

(c) Bank Iowa. [_____]

(d) MAX Credit Union. [_____]

(e) Heartland Bank and Trust Company. [_____]

(f) Visions Federal Credit Union. [_____]

(g) Mizzen Capital, LP and Mizzen Capital II, LP. [_____]

(h) H2 Development, LLC. [_____]

The DAMIS Debtors do not stipulate to any of the facts concerning the foregoing debt or the transactions referenced in the related loan and security documents, including whether the

8

(Page 9)

Debtors:            DAMIS HOLDINGS LLC, *et al.*

Case No.:         26-16439 (CMG)

Caption of Order:   SECOND INTERIM ORDER (I) AUTHORIZING DAMIS HOLDINGS LLC TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF

documents were properly entered into, authorized, are effective, whether the loan was funded, or otherwise, and reserve all rights with respect thereto.

H.        **Adequate Protection for the Prepetition Secured Parties.**  The Prepetition Secured Parties may be entitled to receive adequate protection pursuant to sections 361, 362, and 363 of the Bankruptcy Code for any decrease in the value of their respective interests in their prepetition collateral (including Cash Collateral) resulting from the automatic stay or from the Applicable Debtor's use of Cash Collateral. As "adequate protection" under the requirements of the Bankruptcy Code, the Prepetition Secured Parties shall receive the Adequate Protection (as defined herein), and such Adequate Protection currently adequately protects the Prepetition Secured Parties. The Adequate Protection provided herein and other benefits and privileges contained herein are consistent with and authorized by the Bankruptcy Code.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1.     2. The Motion is GRANTED on an interim basis in accordance with Bankruptcy Rule 4001(c)(2) to the extent provided in this Second Interim Order.  All objections to the Motion, to the extent not withdrawn or resolved, are overruled on their merits as to the relief granted in this Second Interim Order.

2.     3. **Authorization to Use Cash Collateral; Budget.**

(a)    Subject to the terms and conditions of this Second Interim Order, the Applicable Debtor is authorized, but not directed, on an interim basis, to use the Cash Collateral

9

(Page 10)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | SECOND INTERIM ORDER (I) AUTHORIZING DAMIS HOLDINGS LLC TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF |

of the Applicable Debtor to satisfy the fees, costs, and expenses provided for, and up to the amounts set forth, in the Budget (as may be extended by agreement of the Prepetition Secured Parties as set forth below, and subject to the Permitted Variance (as defined herein), terminating upon the date that is the earliest of (i) twelve monthsthirteen weeks from the entry of thethis Second Interim Order, or (ii) the entry of a final order on the Motion with respect to the Cash Collateral that is subject to this Interim Order (the "Final Order"), (iii) the effective date of a chapter 11 plan in these chapter 11 cases, or (iv) the conversion of these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code (such date, the "Trigger Date").

(b) Not later than 5:00 p.m. (Eastern time) on the Thursday of each week commencing on July 216, 2026, the Applicable Debtor shall furnish to the Prepetition Secured Parties and any statutory Ccommittees appointed in these Chapter 11 Cases a weekly report (the "Budget Compliance Report") that sets forth as of the preceding Sunday of each week, on a weekly basis from the Petition Date (each such period referred to herein as a "Measurement Period"), the actual results for each line item set forth in each respective Budget (including on a debtor-by-debtor basis). The Applicable Debtor hereby covenants and agrees that the actual results comprising each line item of disbursements set forth in each Budget from the Petition Date through the conclusion of any Measurement Period shall not vary by more than fifteen percent (15%) of the amount projected in the line item of each Budget for such Measurement Period (in each case, a "Permitted Variance"), in each case without the written consent of the

10

(Page 11)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | SECOND INTERIM ORDER (I) AUTHORIZING DAMIS HOLDINGS LLC TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF |

Prepetition Secured Parties (which consent, for the avoidance of doubt, may be transmitted via email).

(c)    Prior to the entry of a ~~F~~final ~~O~~order with respect to the Cash Collateral that is subject to this Second Interim Order (the "Final Order"), the Budget may be amended or extended (or both) from time to time by agreement of the DAMIS Debtors and the Prepetition Secured Parties without need for further notice, hearing, or entry of a supplemental order, subject to compliance with the process set forth in this paragraph and upon review of any statutory committees appointed in these Chapter 11 Cases. The DAMIS Debtors may propose any such amendment or extension by presenting a revised Budget to the Prepetition Secured Parties via email, and each Prepetition Secured Party may convey its approval or disapproval of the revised Budget via reply email, *provided* that the revised Budget will be deemed approved by any Prepetition Secured Party unless such Prepetition Secured Party notifies the DAMIS Debtors of its disapproval of the revised Budget within three (3) business days after receipt. The DAMIS Debtors shall also provide notice of any proposed revised Budget via email to the United States Trustee and any ~~Committee, who will be deemed to consent to the revised Budget becoming the Budget for all purposes under this Interim Order without need for further notice, hearing, or entry of a supplemental order, unless they notify the DAMIS Debtors of their request for further notice, hearing, or order within~~statutory committee appointed in these Chapter 11 Cases, who will have three (3) business days after receipt to object. For the avoidance of doubt, the notice

11

DMS_US.378170471.3

(Page 12)

Debtors:            DAMIS HOLDINGS LLC, *et al.*

Case No.:          26-16439 (CMG)

Caption of Order:   SECOND INTERIM ORDER (I) AUTHORIZING DAMIS HOLDINGS LLC TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF

provided to the United States Trustee and Committee under this paragraph may be, but is not required to be, concurrent with the notice provided to the Prepetition Secured Parties.

3.    ~~4.~~ **Adequate Protection.**

(a)    As adequate protection for any post-petition diminution in value of the Prepetition Secured Parties' respective interests in any Prepetition Collateral (any "Diminution in Value")~~,~~ and, for the avoidance of doubt, only to the extent that such interests in Prepetition Collateral are valid, enforceable and non-avoidable each of the Prepetition Secured Parties shall receive the following (collectively, the "Adequate Protection"):

~~(i)    continued payment of interest post-petition on the Applicable Prepetition Obligations, at the contractual non-default rate, to the extent provided in the Budget;~~

(i)    ~~(ii)~~ Solely to the extent of any Diminution in Value~~, valid and perfected senior, first priority liens (the "First Priority~~ caused by the Applicable Debtor's use of Cash Collateral, the Prepetition Secured Parties are granted a replacement perfected security interest pursuant to 11 U.S.C. § 361(2) (the "Adequate Protection Liens") on all property of the Applicable Debtor, whether now owned or hereafter acquired or existing and wherever located, that would constitute Prepetition Collateral of such Prepetition Secured Party, subject to (A) the Carve-Out (as defined below), and (B) all valid, enforceable and non-avoidable liens and security interests in such property that were perfected prior to the Petition Date (or perfected thereafter to the extent permitted by section 546(c) of the Bankruptcy Code), which are not subject to

12

Debtors:              DAMIS HOLDINGS LLC, *et al.*
Case No.:             26-16439 (CMG)
Caption of Order:     SECOND INTERIM ORDER (I) AUTHORIZING DAMIS HOLDINGS LLC TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF

avoidance, disallowance, or subordination pursuant to the Bankruptcy Code or applicable nonbankruptcy law and which are senior to such Prepetition Secured Party's liens in such Prepetition Collateral as of the Petition Date; *provided*, *however*, that any First Priority Adequate Protection Liens shall not attach to causes of action arising under chapter 5 of the Bankruptcy Code or the proceeds thereof; and

(ii)        (iii) Solely to the extent of any Diminution in Value, caused by the Applicable Debtor's use of Cash Collateral, the Prepetition Secured Parties are granted a superpriority administrative expense claim as provided in section 507(b) of the Bankruptcy Code against the Applicable Debtor; *provided*, *however*, that such superpriority administrative expense claim is subordinate to the Carve-Out; *and provided*, *further*, that until entry of the Final Order, such superpriority administrative expense claim shall not be paid out of proceeds of causes of action arising under chapter 5 of the Bankruptcy Code or the proceeds thereof.

(b)    For the avoidance of doubt, nothing in this Second Interim Order shall constitute a finding by the Court with respect to the existence, validity, or enforceability of any prepetition arrangement between any Prepetition Secured Party and any DAMIS Debtor, that any Prepetition Secured Party has any valid claims against any DAMIS Debtor, or that any Prepetition Secured Party has a valid lien on the Cash Collateral or any of the other assets of any DAMIS Debtor. The DAMIS Debtors reserve all rights concerning the same, and nothing herein shall prevent the DAMIS Debtors or any statutory Ccommittee appointed in these Chapter 11

13

(Page 14)

Debtors:              DAMIS HOLDINGS LLC, *et al.*

Case No.:             26-16439 (CMG)

Caption of Order:     SECOND INTERIM ORDER (I) AUTHORIZING DAMIS HOLDINGS
                      LLC TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE
                      PROTECTION TO PUTATIVE SECURED PARTIES; (III)
                      MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL
                      HEARING; AND (V) GRANTING RELATED RELIEF

Cases from challenging the validity, extent, and priority of any of the alleged claims and liens of the Prepetition Secured Parties. In the event a Prepetition Secured Party's alleged lien on Cash Collateral is determined to be invalid, then the Adequate Protection provided hereunder to such Prepetition Secured Party shall be null and void.

4. 5. **Postpetition Lien Perfection.** This Second Interim Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the First Priority Adequate Protection Liens without the necessity of filing or recording any financing statement, deed of trust, mortgage, security agreement, notice of lien, or other instrument or document that may otherwise be required under the law of any jurisdiction, or the taking of any other action (including, for the avoidance of doubt, entering into any deposit account control agreement) to validate or perfect the Firat Priority Adequate Protection liens or entitle the First Priority Adequate Protection Liens or entitle the Adequate Protection Liens to the priorities granted herein.

6. **Carve-Out; Professional Fee Escrow.**

5. (a) **Carve-Out.**  The prepetition liens and security interests of the Prepetition Secured Parties, as well as the First Priority Adequate Protection Liens and superpriority claims granted in this Second Interim Order, shall be subject to and subordinate to a carve-out (the "Carve-Out") equal to the sum of: (i) the paymentamount of fees required to be paid to the clerk of the Bankruptcy Court and to the Office of the United States Trustee under section 1930(a) of

14

DMS_US.378170471.3

(Page 15)
Debtors:         DAMIS HOLDINGS LLC, *et al.*
Case No.:        26-16439 (CMG)
Caption of Order:  SECOND INTERIM ORDER (I) AUTHORIZING DAMIS HOLDINGS
                 LLC TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE
                 PROTECTION TO PUTATIVE SECURED PARTIES; (III)
                 MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL
                 HEARING; AND (V) GRANTING RELATED RELIEF

title 28 of the United States Code, plus interest at the statutory rate ("U.S. Trustee Fees"), (ii) subject to entry of the Final Order, the Applicable Debtor's allocable share of all allowed professional fees and expenses incurred during the period commencing on the Petition Date and ending on the Trigger Date by any professionals retained by the DAMIS Debtors under sections 363 or 327 of the Bankruptcy Code (the "Professionals"), as determined by agreement with the Prepetition Secured Parties or order of the Court, and (iii) subject to entry of the Final Order, the Applicable Debtor's allocable share of allowed professional fees and expenses incurred after the Trigger Date by the Professionals, as determined by agreement with the Prepetition Secured Parties or order of the Court, in an aggregate amount (i.e., for all estates, prior to any allocation) not to exceed $3,000,000.. In no way shall the Carve-Out be construed as a cap or limitation on the amount of Court fees or U.S. Trustee Fees that may be payable by the DAMIS Debtors.

        6.      **Establishment of Professional Fee Escrow.**

        (a)      (b) TheAs set forth in the Prior Interim Order, the Applicable Debtor shall be authorized and permitted to establish an escrow account (the "Professional Fee Escrow"), to be held by a qualified institutional escrow agent (the "Escrow Holder"), for the benefit of theany Pprofessionals and to fund such escrow by wire transfer on a weekly basis (such account, to the extent of such deposited amounts, retained by the DAMIS Debtors and any statutory committees appointed in these Chapter 11 Cases under sections 327, 328, 363 or 1103 of the Bankruptcy Code (the "Professionals Fee Escrow"), in an amount equal to, but not to exceed, the

15

DMS_US.378170471.3

(Page 16)

Debtors:              DAMIS HOLDINGS LLC, *et al.*

Case No.:             26-16439 (CMG)

Caption of Order:   SECOND INTERIM ORDER (I) AUTHORIZING DAMIS HOLDINGS LLC TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF

professional fees and costs set forth in the Budget line item for the Professionals for such week. The Professional Fee Escrow shall be funded on a weekly basis in accordance with the Budget and ending on the Trigger Date, plus any amounts provided for in the Budget, if any, since the most recent"), *provided, however,* that any funding of the Professional Fee Escrow through the Trigger Date, in accordance with the Budget shall be subject to a further order of the Court (which may be the Final Order), after notice and a hearing (which may be the Final Hearing (as defined below)).

(b)     Any funds in the Professional Fee Escrow shall be deemed held in trust for the benefit of the Professionals and shall not constitute money of the estate subject to 11 U.S.C. § 345(b).

(c)     For the avoidance of doubt, the purpose of this paragraph 6 is to facilitate the Applicable Debtor's and the Escrow Holder's establishment of the Professional Fee Escrow so that it may be ready to receive funding from the Applicable Debtor promptly upon any authorization of such funding by the Court in the future.

(c) From the funds held in the Professional Fee Escrow, the Escrow Holder shall release to the Professionals solely such amounts as are payable from time to time pursuant to the Budget and an applicable order of the Court, including an order approving interim compensation procedures in the Chapter 11 Cases and any order granting interim or final fee applications for Professionals (each, a "Fee Order"). For the avoidance of doubt, (i) in making payments from the

16

DMS_US.378170471.3

(Page 17)

Debtors:                    DAMIS HOLDINGS LLC, *et al.*

Case No.:                   26-16439 (CMG)

Caption of Order:     SECOND INTERIM ORDER (I) AUTHORIZING DAMIS HOLDINGS LLC TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF

Professional Fee Escrow, the Escrow Holder shall be entitled to rely upon written certifications of each Professional as to the amount such Professional is authorized pursuant to the Budget and an applicable Fee Order to be paid at such time from the Professional Fee Escrow; and (ii) in no circumstances shall the Escrow Holder be obligated to pay any Professional other than from the funds held, from time to time, in the Professional Fee Escrow in accordance with the Budget and an applicable Fee Order.

(d) In no way shall the Budget or the Carve-Out be construed as a cap or limitation on the amount of Court fees, U.S. Trustee Fees, or allowed fees and expenses of Professionals that may be payable by the Debtors, or to impair the right of any party in interest to object to the allowance of any fees or expenses of the Professionals.

7.    **Automatic Stay.**   The automatic stay imposed under section 362(a) of the Bankruptcy Code shall be, and hereby is, modified solely to the extent necessary to implement and effectuate the terms and conditions of this Second Interim Order.

8.    **Enforceability.**   This Second Interim Order shall take effect and be fully enforceable immediately upon its entry.  Any applicable stay (including, without limitation, under Bankruptcy Rule 6004(h)) is hereby waived and shall not apply to this Second Interim Order.

17

DMS_US.378170471.3

(Page 18)

Debtors:   DAMIS HOLDINGS LLC, *et al.*

Case No.:   26-16439 (CMG)

Caption of Order: SECOND INTERIM ORDER (I) AUTHORIZING DAMIS HOLDINGS LLC TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF

9.  **Headings.** The headings in this Second Interim Order are for purposes of reference only and shall not limited or otherwise affect the meaning of this Second Interim Order.

10.  **Final Hearing.** The Final Hearing on the Motion with respect to the Cash Collateral that is subject to this Second Interim Order is scheduled for July [23], 2026, at [9:00 a].m. (ET) before this Court (the "Final Hearing"). The DAMIS Debtors shall file any proposed Final Order with respect to the Cash Collateral that is subject to this Second Interim Order and serve it upon (i) the Prepetition Secured Parties; (ii) counsel to any statutory committees appointed in these Chapter 11 Cases or, if none has been appointed, to each of the DAMIS Debtors' fifty (50) largest unsecured creditors, not including insiders; (iii) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M. Sponder, Esq. (Jeffrey.M.Sponder@usdoj.gov); and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002, in each case no later than July 14, 2026, at 4:00 p.m. (ET). Any party in interest objecting to the relief sought in the Motion on a final basis shall file and serve a written objection, which objection shall be served upon (i) proposed counsel to the DAMIS Debtors, Faegre Drinker Biddle & Reath LLP, 600 Florham Park, New Jersey 07932, Attn: Michael Pompeo (michael.pompeo@faegredrinker.com), and 222 Delaware Ave., Suite 1410, Wilmington, DE 19801, Attn: Patrick Jackson (patrick.jackson@faegredrinker.com), Ian

18

DMS_US.378170471.3

(Page 19)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | SECOND INTERIM ORDER (I) AUTHORIZING DAMIS HOLDINGS LLC TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF |

Bambrick (ian.bambrick@faegredrinker.com), and Sarah Silveira (sarah.silveira@faegredrinker.com), (ii) counsel to any ~~official~~statutory committees ~~of unsecured creditors~~ appointed in these Chapter 11 Cases~~; and~~ or, if none has been appointed, to each of the DAMIS Debtors' fifty (50) largest unsecured creditors, not including insiders; (iii) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M. Sponder, Esq. (Jeffrey.M.Sponder@usdoj.gov); and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002, in each case no later than ~~—————————————~~July 16, 2026, at 4:00 p.m. (ET).  If no objections are timely filed, this Court may grant the relief sought by the DAMIS Debtors in the Motion, and enter a Final Order with respect to the Cash Collateral that is subject to this Second Interim Order, without further notice or a hearing.  The DAMIS Debtors shall file a notice of the Final Hearing within two business days after entry of this Second Interim Order.

11.     **Retention of Jurisdiction.**  This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Second Interim Order.

19

## EXHIBIT 1

### Budget

[TO BE FILED]

| Summary report: Litera Compare for Word 11.14.0.42 Document comparison done on 7/2/2026 3:24:33 PM | |
|---|---|
| **Style name:** Firm Character Level Rendering Set | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://dms-us.fd.faegredrinker.com/dms_us/378063398/3 - DAMIS - Interim CC ORD for DAMIS Holdings LLC (AS FILED).docx | |
| **Modified DMS:** iw://dms-us.fd.faegredrinker.com/dms_us/378170471/3 - DAMIS - Form of 2d Interim CC ORD for DAMIS Holdings (to be filed 7.2.26).docx | |
| **Changes:** | |
| Add | 112 |
| Delete | 78 |
| Move From | 2 |
| Move To | 2 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 194 |