**Exbibit B-1**

**Proposed Form Generic Debtor Second Interim Order**

DMS_US.378180564.2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**FAEGRE DRINKER BIDDLE & REATH LLP**
Michael P. Pompeo
600 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 549-7000 (Telephone)
(973) 360-9831 (Facsimile)
michael.pompeo@faegredrinker.com

-and-

Patrick A. Jackson (*pro hac vice*)
Ian J. Bambrick (*pro hac vice*)
Sarah E. Silveira (*pro hac vice*)
222 Delaware Ave. Suite 1410
Wilmington, DE  19801
(302) 467-4200 (Telephone)
(302) 467-4201 (Facsimile)
patrick.jackson@faegredrinker.com
ian.bambrick@faegredrinker.com
sarah.silveira@faegredrinker.com

*Proposed Counsel to the DAMIS Debtors and*
*Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| DAMIS Holdings LLC, *et al.*,[1] | Case No. 26-16439 (CMG) |
| Debtors. | (Jointly Administered) |

**SECOND INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO USE
CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO
PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY;
(IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING
<u>RELATED RELIEF ([ADD LENDER IDENTIFIER])</u>**

---

[1] A complete list of the DAMIS Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the DAMIS Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/DAMIS/.  The location of DAMIS Holdings LLC's principal place of business and the DAMIS Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

(Page 2)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | SECOND INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF ([ADD LENDER IDENTIFIER]) |

The relief set forth on the following pages, numbered three (3) through fifteen (15), is hereby **ORDERED**.

2

(Page 3)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | SECOND INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF ([ADD LENDER IDENTIFIER]) |

Upon the *DAMIS Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to Putative Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief* (the "Motion") of the above-captioned debtor and debtors in possession (the "DAMIS Debtors"), for entry of interim and final orders pursuant to Bankruptcy Code sections 105(a), 361, 363(c)(2), 506(c), and 552(b), Bankruptcy Rules 2002, 4001, 6003, and 6004, and Local Rules 4001-3 and 9013-5, (a) authorizing the DAMIS Debtors to use Cash Collateral (as defined below) in accordance with the budget attached hereto as **Exhibit 1** (the "Budget"); (b) granting adequate protection to putative prepetition secured parties; (c) modifying the automatic stay; (d) scheduling a final hearing; and (e) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and the Court having previously entered an interim order concerning the Motion [Docket No. __] (the "Prior Interim Order") and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the DAMIS Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support

3

DMS_US.377972330.7

(Page 4)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | SECOND INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF ([ADD LENDER IDENTIFIER]) |

of the relief requested therein at one or more hearings before this Court (collectively, the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, **THE COURT MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A. **Petition.** The DAMIS Debtors each filed their petitions under chapter 11 of the Bankruptcy Code on June 4, 2026 (the "Petition Date") and are presently operating as debtors in possession in accordance with sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner or official committee of unsecured creditors (a "Committee") has been appointed in these chapter 11 cases.

B. **Notice.** Notice of the Motion, the Prior Interim Order, and of the further interim hearing on the DAMIS Debtors' use of cash collateral has been served consistent with the notice and hearing provisions pursuant to section 102(1) of the Bankruptcy Code and Bankruptcy Rule 4001(b), which notice is appropriate in the particular circumstances and sufficient for all purposes under the Bankruptcy Code and the applicable Federal and Local Rules of Bankruptcy Procedure with respect to the relief requested.

C. **Need to Use Cash Collateral.** The DAMIS Debtors' cash and cash equivalents on hand as of the Petition Date, as well as any received by the DAMIS Debtors post-petition

4

(Page 5)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | SECOND INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF ([ADD LENDER IDENTIFIER]) |

(collectively, the "Cash Collateral"), may constitute "cash collateral" within the meaning of section 363(a) of the Bankruptcy Code, insofar as putative secured parties may have an interest therein. The DAMIS Debtors have an immediate need to use the Cash Collateral to, among other things, preserve and maintain the going-concern value of the DAMIS Debtors, absent which immediate and irreparable harm will result to the DAMIS Debtors, their estates, and their creditors. The preservation and maintenance of the DAMIS Debtors' assets and business is necessary to maximize value. Absent the DAMIS Debtors' ability to use Cash Collateral, the DAMIS Debtors would not have sufficient available sources of working capital or financing and would be unable to pay their operating expenses or maintain their assets, to the severe detriment of their estates, creditors and members. Accordingly, the relief requested in the Motion and the terms herein are (i) critical to the DAMIS Debtors' ability to maximize the value of these chapter 11 estates, and (ii) necessary, essential, and appropriate to avoid immediate and irreparable harm to the DAMIS Debtors, their creditors, and their assets, remaining business, goodwill, and reputation.

D.     **Good Cause.**  Good cause has been shown for entry of this Second Interim Order, and the entry of this Second Interim Order is in the best interests of the DAMIS Debtors and their estates and creditors. Among other things, the relief granted herein will minimize disruption of the DAMIS Debtors' business and permit the DAMIS Debtors to preserve and maintain the going-concern value of the DAMIS Debtors. The terms of the DAMIS Debtors' use of Cash Collateral and proposed adequate protection arrangements, as set forth in this Second Interim Order, are fair

DMS_US.377972330.7

(Page 6)

| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
|---|---|
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | SECOND INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF ([ADD LENDER IDENTIFIER]) |

and reasonable under the circumstances, and reflect the DAMIS Debtors' exercise of prudent business judgment consistent with their fiduciary duties.

E.      **Budget.**  The Budget attached as **Exhibit 1** hereto is a forecast of cash receipts and disbursements setting forth on a line-item basis the Applicable [Debtor's / Debtors'] (as defined herein) anticipated cumulative cash receipts and expenditures on a weekly basis and all necessary and required cumulative expenses which the Applicable [Debtor expects / Debtors expect] to incur during each weekly period under the Budget. The Budget is an integral part of this Second Interim Order. The Applicable [Debtor does / Debtors do] not presently anticipate that [it / they] will incur expenses during the period covered by the Budget other than, or in excess of, those identified in the Budget.

F.      **The Prepetition Secured [Party/ies].**  The prepetition secured [party/ies] with respect to the use of Cash Collateral pursuant to this Second Interim Order [is / are _____] (the "Prepetition Secured [Party/ies]."

G.      **The Prepetition Secured Debt.**  Based upon the DAMIS Debtors' preliminary review of their books and records, and relevant public filings, the debts owed to the Prepetition Secured Parties by [applicable debtor(s)] (the "Applicable [Debtor/s]") as of the Petition Date (collectively, the "Applicable Prepetition Obligations"), and the security for such debts as of the Petition Date (collectively, the "Prepetition Collateral"), are as described below:

(a)      [insert description(s), by secured party]

6

(Page 7)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | SECOND INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF ([ADD LENDER IDENTIFIER]) |

The DAMIS Debtors do not stipulate to any of the facts concerning the foregoing debt or the transactions referenced in the related loan and security documents, including whether the documents were properly entered into, authorized, are effective, whether the loan was funded, or otherwise, and reserve all rights with respect thereto.

H.   **Adequate Protection for the Prepetition Secured [Party/ies].**  The Prepetition Secured [Party/ies] may be entitled to receive adequate protection pursuant to sections 361, 362, and 363 of the Bankruptcy Code for any decrease in the value of [its / their respective] interests in their prepetition collateral (including Cash Collateral) resulting from the automatic stay or from the Applicable [Debtor's / Debtors'] use of Cash Collateral. As "adequate protection" under the requirements of the Bankruptcy Code, the Prepetition [Secured Party/ies] shall receive the Adequate Protection (as defined herein), and such Adequate Protection currently adequately protects the Prepetition Secured Parties. The Adequate Protection provided herein and other benefits and privileges contained herein are consistent with and authorized by the Bankruptcy Code.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1.   The Motion is GRANTED on an interim basis in accordance with Bankruptcy Rule 4001(c)(2) to the extent provided in this Second Interim Order.  All objections to the Motion, to the extent not withdrawn or resolved, are overruled on their merits as to the relief granted in this Second Interim Order.

7

(Page 8)

Debtors:            DAMIS HOLDINGS LLC, *et al.*

Case No.:           26-16439 (CMG)

Caption of Order:   SECOND INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF ([ADD LENDER IDENTIFIER])

2.      **Authorization to Use Cash Collateral; Budget.**

(a)     Subject to the terms and conditions of this Second Interim Order, the Applicable [Debtor is / Debtors] are authorized, but not directed, on an interim basis, to use the Cash Collateral of the Prepetition Secured [Party/ies] to satisfy the fees, costs, and expenses of such Applicable [Debtor is / Debtors] provided for, and up to the amounts set forth, in the Budget (as may be extended by agreement of the Prepetition Secured [Party/ies] as set forth below, and subject to the Permitted Variance (as defined herein), terminating upon the date that is the earliest of (i) thirteen weeks from the entry of the Interim Order, or (ii) the conversion of these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code.

(b)     Not later than 5:00 p.m. (Eastern time) on the Thursday of each week commencing on July 16, 2026, the Applicable [Debtor/s] shall furnish to the Prepetition [Secured Party/ies] and any statutory committee appointed in these Chapter 11 Cases a weekly report (the "Budget Compliance Report") that sets forth as of the preceding Sunday of each week, on a weekly basis from the Petition Date (each such period referred to herein as a "Measurement Period"), the actual results for each line item set forth in each respective Budget (including on a debtor-by-debtor basis).  The Applicable [Debtor/s] hereby [covenant/s and agree/s] that the actual results comprising each line item of disbursements set forth in each Budget from the Petition Date through the conclusion of any Measurement Period shall not vary by more than fifteen percent (15%) of the amount projected in the line item of each Budget [(including on an Applicable Debtor-by-

8

DMS_US.377972330.7

(Page 9)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | SECOND INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF ([ADD LENDER IDENTIFIER]) |

Applicable Debtor basis)] for such Measurement Period (in each case, a "Permitted Variance"), in each case without the written consent of the Prepetition [Secured Party/ies] (which consent, for the avoidance of doubt, may be transmitted via email).

(c)    Prior to the entry of a Final Order with respect to the Cash Collateral that is subject to this Second Interim Order, the Budget may be amended or extended (or both) from time to time by agreement of the DAMIS Debtors and the Prepetition Secured [Party/ies] without need for further notice, hearing, or entry of a supplemental order, subject to compliance with the process set forth in this paragraph and upon review of any statutory committees appointed in these Chapter 11 Cases.  The DAMIS Debtors may propose any such amendment or extension by presenting a revised Budget to the Prepetition Secured [Party/ies] via email, and the Prepetition Secured [Party/ies] may convey [its / their] approval or disapproval of the revised Budget via reply email, *provided* that the revised Budget will be deemed approved by the Prepetition Secured [Party/ies] unless the Prepetition Secured [Party/ies] notify the DAMIS Debtors of their disapproval of the revised Budget within three (3) business days after receipt.  The DAMIS Debtors shall also provide notice of any proposed revised Budget via email to the United States Trustee and any statutory committee appointed in these Chapter 11 Cases, who will have three (3) business days after receipt to object.  For the avoidance of doubt, the notice provided to the United States Trustee and Committee under this paragraph may be, but is not required to be, concurrent with the notice provided to the Prepetition Secured [Party/ies]..

DMS_US.377972330.7

(Page 10)

Debtors:            DAMIS HOLDINGS LLC, *et al.*
Case No.:           26-16439 (CMG)
Caption of Order:   SECOND INTERIM ORDER (I) AUTHORIZING THE DAMIS
                    DEBTORS TO USE CASH COLLATERAL; (II) GRANTING
                    ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III)
                    MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL
                    HEARING; AND (V) GRANTING RELATED RELIEF ([ADD LENDER
                    IDENTIFIER])

3.      **Adequate Protection.**

(a)      As adequate protection for any post-petition diminution in value of the Prepetition Secured [Party's interest /Parties' respective interests] in [its / their] prepetition collateral (any "Diminution in Value")—and, for the avoidance of doubt, only to the extent that such interests in Prepetition Collateral are valid, enforceable, and non-avoidable—[the / each of the] Prepetition [Secured Party/ies] shall receive the following (collectively, the "Adequate Protection"):

(i)      [the Applicable [Debtor's / Debtors'] payment of ground rent to [its / their] ground lessor[s] (or alternatively, payment of the fee mortgage[s] and real estate taxes on behalf of such ground lessor[s]), to the extent provided in the Budget;]

(ii)      [continued payment of interest post-petition on the Applicable Prepetition Obligations, at the contractual non-default rate, to the extent provided in the Budget;]

(iii)      Solely to the extent of any Diminution in Value caused by [the / an] Applicable Debtor's use of Cash Collateral, [the / each affected] Prepetition Secured Party is granted a replacement perfected security interest pursuant to 11 U.S.C. § 361(2) (the "Adequate Protection Liens") on all property of [the / such] Applicable Debtor, whether now owned or hereafter acquired or existing and wherever located, that would constitute prepetition collateral of [the / such] Prepetition Secured Party, subject to (A) the Carve-Out (as defined below), and (B) all valid, enforceable and non-avoidable liens and security interests in such property that were

10

DMS_US.377972330.7

(Page 11)

Debtors:              DAMIS HOLDINGS LLC, *et al.*

Case No.:            26-16439 (CMG)

Caption of Order:    SECOND INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF ([ADD LENDER IDENTIFIER])

perfected prior to the Petition Date (or perfected thereafter to the extent permitted by section 546(c) of the Bankruptcy Code), which are not subject to avoidance, disallowance, or subordination pursuant to the Bankruptcy Code or applicable nonbankruptcy law and which are senior to such Secured Party's liens in such prepetition collateral as of the Petition Date; *provided*, *however*, that any Adequate Protection Liens shall not attach to causes of action arising under chapter 5 of the Bankruptcy Code or the proceeds thereof; and

      (iv)     Solely to the extent of any Diminution in Value caused by [the / an] Applicable Debtor's use of Cash Collateral, [the / each affected] Prepetition Secured Party is granted a superpriority administrative expense claim as provided in section 507(b) of the Bankruptcy Code against [the / such] Applicable Debtor; *provided*, *however*, that such superpriority administrative expense claim is subordinate to the Carve-Out; *and provided*, *further*, that until entry of the Final Order, such superpriority administrative expense claim shall not be paid out of proceeds of causes of action arising under chapter 5 of the Bankruptcy Code or the proceeds thereof.

      (b)     For the avoidance of doubt, nothing in this Second Interim Order shall constitute a finding by the Court with respect to the existence, validity, or enforceability of any prepetition arrangement between the Prepetition Secured [Party/ies] and the DAMIS Debtors, that the Prepetition Secured [Party has / Parties have] any valid claims against the DAMIS Debtors, or that the Prepetition Secured [Party has / Parties have] a valid lien on the Cash Collateral or any of

11

(Page 12)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | SECOND INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF ([ADD LENDER IDENTIFIER]) |

the other assets of the DAMIS Debtors. The DAMIS Debtors reserve all rights concerning the same, and nothing herein shall prevent the DAMIS Debtors or any statutory committee appointed in these Chapter 11 Cases from challenging the validity, extent, and priority of any of the alleged claims and liens of the Prepetition Secured [Party/ies]. In the event the Prepetition Secured [Party's / Parties'] alleged lien on Cash Collateral is determined to be invalid, then the Adequate Protection provided hereunder to the Prepetition Secured [Party/ies] shall be null and void.

4.     **Postpetition Lien Perfection.**  This Second Interim Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the Adequate Protection Liens without the necessity of filing or recording any financing statement, deed of trust, mortgage, security agreement, notice of lien, or other instrument or document that may otherwise be required under the law of any jurisdiction, or the taking of any other action (including, for the avoidance of doubt, entering into any deposit account control agreement) to validate or perfect the Adequate Protection liens or entitle the Adequate Protection Liens to the priorities granted herein.

5.     **Carve-Out.**  The prepetition liens and security interests of the Prepetition Secured [Party/ies], as well as the Adequate Protection Liens and superpriority claims granted in this Second Interim Order, shall be subject to and subordinate to a carve-out (the "Carve-Out") equal to the amount of fees required to be paid to the clerk of the Bankruptcy Court and to the Office of the United States Trustee under section 1930(a) of title 28 of the United States Code, plus interest at the statutory rate ("U.S. Trustee Fees").  In no way shall the Carve-Out be construed as a cap or

12

(Page 13)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | SECOND INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF ([ADD LENDER IDENTIFIER]) |

limitation on the amount of Court fees or U.S. Trustee Fees that may be payable by the DAMIS Debtors.

6. **Automatic Stay.** The automatic stay imposed under section 362(a) of the Bankruptcy Code shall be, and hereby is, modified solely to the extent necessary to implement and effectuate the terms and conditions of this Second Interim Order.

7. **Enforceability.** This Second Interim Order shall take effect and be fully enforceable immediately upon its entry. Any applicable stay (including, without limitation, under Bankruptcy Rule 6004(h)) is hereby waived and shall not apply to this Second Interim Order.

8. **Headings.** The headings in this Second Interim Order are for purposes of reference only and shall not limit or otherwise affect the meaning of this Second Interim Order.

9. **Final Hearing.** The Final Hearing on the Motion with respect to the Cash Collateral that is subject to this Second Interim Order is scheduled for July [23], 2026, at [9:00 a].m. (ET) before this Court (the "Final Hearing"). The DAMIS Debtors shall file any proposed Final Order with respect to the Cash Collateral that is subject to this Second Interim Order and serve it upon (i) the Prepetition Secured Parties; (ii) counsel to any statutory committees appointed in these Chapter 11 Cases or, if none has been appointed, to each of the DAMIS Debtors' fifty (50) largest unsecured creditors, not including insiders; (iii) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M. Sponder, Esq. (Jeffrey.M.Sponder@usdoj.gov); and (iv) any party that has requested

13

DMS_US.377972330.7

(Page 14)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | SECOND INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF ([ADD LENDER IDENTIFIER]) |

notice pursuant to Bankruptcy Rule 2002, in each case no later than July 14, 2026, at 4:00 p.m. (ET).  Any party in interest objecting to the relief sought in the Motion on a final basis shall file and serve a written objection, which objection shall be served upon (i) proposed counsel to the DAMIS Debtors, Faegre Drinker Biddle & Reath LLP, 600 Florham Park, New Jersey 07932, Attn: Michael Pompeo (michael.pompeo@faegredrinker.com), and 222 Delaware Ave., Suite 1410, Wilmington, DE 19801, Attn: Patrick Jackson (patrick.jackson@faegredrinker.com), Ian Bambrick (ian.bambrick@faegredrinker.com), and Sarah Silveira (sarah.silveira@faegredrinker.com), (ii) counsel to any statutory committees appointed in these Chapter 11 Cases or, if none has been appointed, to each of the DAMIS Debtors' fifty (50) largest unsecured creditors, not including insiders; (iii) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M. Sponder, Esq. (Jeffrey.M.Sponder@usdoj.gov); and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002, in each case no later than July 16, 2026, at 4:00 p.m. (ET).  If no objections are timely filed, this Court may grant the relief sought by the DAMIS Debtors in the Motion, and enter a Final Order with respect to the Cash Collateral that is subject to this Second Interim Order, without further notice or a hearing.  The DAMIS Debtors shall file a notice of the Final Hearing within two business days after entry of this Second Interim Order.

DMS_US.377972330.7

(Page 15)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | SECOND INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF ([ADD LENDER IDENTIFIER]) |

10.     **Retention of Jurisdiction.**  This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Second Interim Order.

DMS_US.377972330.7

## EXHIBIT 1

**Budget**

[TO BE FILED]

DMS_US.377972330.7