**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-2(c)

**ASHURST PERKINS COIE US LLP**
Gary F. Eisenberg, Bar No. 033261989
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: 212.262.6900
Gary.Eisenberg@ashurstperkins.com

*Attorneys for Computershare Trust Company, N.A., as Trustee for the benefit of the registered holders of BANK5 2023-5YR1, Commercial Mortgage Pass-Through Certificates, Series 2023-5YR1, Computershare Trust Company, National Association, as Trustee for the benefit of the registered holders of BBCMS Mortgage Trust 2025-C35, Commercial Mortgage Pass-Through Certificates, Series 2025-C35,* and *Wilmington Savings Fund Society, FSB, as Trustee, on behalf of the registered Holders of Benchmark 2026-B43 Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2026-B43*

| | |
|---|---|
| In Re:<br><br>    DAMIS Holdings, LLC, *et al.*,[1]<br><br>                Debtors. | Case No. 26-16439 (CMG)<br><br>Chapter 11 |

**DECLARATION OF MARGARET HONIGBERG IN SUPPORT OF FURTHER LIMITED CONDITIONAL OBJECTION OF CERTAIN CREDITORS TO DAMIS DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF (DOCKET NO. 152)**

---

[1] A complete list of the DAMIS Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the DAMIS Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/DAMIS/. The location of DAMIS Holdings LLC's principal place of business and the DAMIS Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611

-1-

I, MARGARET HONIGBERG, do hereby declare and state as follows:

1.      I am a Vice President with CWCapital Asset Management LLC ("CWCapital"), the designated special servicer for Computershare Trust Company, N.A., as Trustee for the benefit of the registered holders of BANK5 2023-5YR1, Commercial Mortgage Pass-Through Certificates, Series 2023-5YR1 (the "Shabsels Leased Fee Holders"), Computershare Trust Company, National Association, as Trustee for the benefit of the registered holders of BBCMS Mortgage Trust 2025-C35, Commercial Mortgage Pass-Through Certificates, Series 2025-C35 (the "Leeton Leased Fee Holders"), and Wilmington Savings Fund Society, FSB, as Trustee, on behalf of the registered Holders of Benchmark 2026-B43 Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2026-B43 (the "Leeton Leased Fee Pool C Holders"; together with the Shabsels Leased Fee Holders and the Leeton Leased Fee Holders, collectively and individually, the "Fee Creditors").  I submit this declaration in support of the limited objection of Fee Creditors to the DAMIS Debtors' *Motion For Entry Of Interim And Final Orders (I) Authorizing The Debtors To Use Cash Collateral; (II) Granting Adequate Protection To Putative Secured Parties; (III) Modifying The Automatic Stay; (Iv) Scheduling A Final Hearing; And (V) Granting Related Relief* (the "Motion") and in support state as follows:

2.      Fee Creditors hold mortgages and/or deeds of trust (collectively, the "Mortgages") from a series of borrowers (the "Borrowers" as defined below) listed in the column entitled "Borrower/Ground Landlord" on the chart attached hereto as Exhibit A (the "Chart").[2]  The mortgages secure repayment of promissory notes (the "Notes") as follows:  (a) with respect to the "Shabsels Fee Leasehold Trust" as identified on the Chart, in the original principal amount of $23,500,000.00, dated March 6, 2023, and executed and delivered by MIMOCT LLC, a Delaware

---

[2] The Chart was also filed by Fee Creditors in support of another limited objection, at Docket No. 154-1.

limited liability company (successor-in-interest to Milton Valley Center LLC) ("Shabsels Fee Borrower"); (b) with respect to the "Leeton Trust" as identified on the Chart, in the original principal amount of $23,850,000.00, dated June 24, 2025, and executed and delivered by Three Property Holdings of Quad Cities LLC, an Iowa limited liability company, Integrated Eastchase Holdings LLC, a Texas limited liability company and Windsong Equity Holdings LLC, an Indiana limited liability company (together the "Leeton Trust Borrowers") and (c) with respect to the "Leeton Leased Fee Pool C Trust" as identified on the Chart, in the original principal amount of $34,400,000.00, dated April 14, 2026, and executed and delivered by Milton 90 Pleasant Valley Street LLC, a Massachusetts limited liability company, and Development Associates of Benton Harbor LLC, a Michigan limited liability company (collectively, the "Leeton Leased Fee Borrowers"; together with the Shabsels Fee Borrower and the Leeton Trust Borrowers, the "Borrowers"). True and correct copies of the Notes with chains of allonges into the Fee Creditors are attached hereto as Exhibit B.

3.      Each of the Notes is governed by a loan agreement (each, a "Loan Agreement"). The Loan Agreements are voluminous and are available upon request. They are consistent with the facts I set forth below regarding the remaining Loan Documents (defined below).

4.      It is Fee Creditors' understanding none of the Borrowers have filed chapter 11 petitions and none are debtors in the above-captioned administratively consolidated cases. And, Fee Creditors are unaware of any notice of appearance filed for any of the Borrowers.

5.      The Borrowers have entered into ground leases with the Ground Tenants identified in the Ground Tenant column in the Chart. All but two of the Ground Tenants are chapter 11 debtors in the above administratively consolidated cases (the "Ground Tenant Debtors"). The two

-3-

non-debtor Ground Tenants are Woodlands Eagle Timber Real Estate LLC and 2302 Windsong Drive Real Estate LLC (the "Non-Debtor Ground Tenants").

6.      Each ground lease (each, a "Ground Lease") is a 99-year lease of substantially all of the corresponding Borrower's real property.  Thus, the lease payments from the Ground Tenants are the primary source of cash flow to each Borrower, enabling each Borrower to make debt service payments as required to the corresponding Fee Creditor.  Each Fee Creditor holds, under its corresponding Mortgage, an assignment of leases and rents from the corresponding Borrower, including that of each Ground Tenant Debtor (giving each Fee Creditor thereby an interest in property of, or a claim against, the corresponding Ground Tenant Debtor). True and correct copies of the Mortgages (in some cases the copies are not recorded copies) with chains of assignments into the Fee Creditors (to the extent currently available) are attached hereto as Exhibit C.

7.      Each Borrower, Ground Tenant Debtor and a corresponding lender to whom each Lessee has mortgaged its ground lease interest under the Lease (each, a "Ground Lease Mortgagee"; all are identified in the Chart) is party with Fee Creditor as successor in interest to the original payee of the Notes to a Ground Lease Recognition, Subordination, Non-Disturbance, Estoppel and Attornment Agreement ("SNDA").  True and correct copies of each SNDA are annexed hereto as Exhibit D.

8.      Fee Creditor's consent is required for any modification of any Ground Lease.  Fee Creditor has not given any such consent to date.

9.      Fee Creditor has not waived any obligation of any Borrower to enforce the Ground Lease according to its terms.

10.     In summary, each SNDA, among other thing, governs the terms and conditions by which a Ground Lease Mortgagee can cure defaults under, and maintain in existence, the corresponding Ground Lease upon default by Ground Tenant Debtor.

11.     The debt service owing each year to the Fee Creditors is as follows:  (a) Shabsels Leased Fee Holders, $1,603,515.97; (b) Leeton Leased Fee: $1,546,390.94; (c) Leeton Leased Fee Pool C Holders, $2,232,177.78.  (a) to Shabsels Fee Borrower, $1,790,000; (b) Leeton Trust Borrowers, $1,695,000; and (c) Leeton Leased Fee Borrowers, $2,340,000.  Thus, the collective Ground Lease rent payable to each of the Borrowers exceeds the Borrowers' corresponding annual debt service payments.

12.     Each Fee Creditor has a lien on all Borrower cash received in excess of the amount required to pay the Borrower's debt service.

Pursuant to 28 USC Section 1746, I declare under penalty of perjury the foregoing is true and correct.

Dated:  July 7, 2026
Washington, D.C.

Margaret Honigberg
Vice President
CWCapital Asset Management LLC