**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**FAEGRE DRINKER BIDDLE & REATH LLP**
Michael P. Pompeo
600 Campus Drive
Florham Park, NJ  07932
(973) 549-7000 (Telephone)
(973) 360-9831 (Facsimile)
michael.pompeo@faegredrinker.com

-and-

Patrick A. Jackson (*pro hac vice*)
Ian J. Bambrick (*pro hac vice*)
Sarah E. Silveira (*pro hac vice*)
222 Delaware Ave. Suite 1410
Wilmington, DE  19801
(302) 467-4200 (Telephone)
(302) 467-4201 (Facsimile)
patrick.jackson@faegredrinker.com
ian.bambrick@faegredrinker.com
sarah.silveira@faegredrinker.com

*Proposed Counsel to the DAMIS Debtors and
Debtors in Possession*

**Order Filed on July 16, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| In re: | Chapter 11 |
|---|---|
| DAMIS Holdings LLC, *et al.*,[1] | Case No. 26-16439 (CMG) |
| Debtors. | (Jointly Administered) |

**SECOND INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO USE
CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO
PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY;
(IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING
RELATED RELIEF (ARROW BANK)**

**DATED: July 16, 2026**

Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

---

[1] A complete list of the DAMIS Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the DAMIS Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/DAMIS/.  The location of DAMIS Holdings LLC's principal place of business and the DAMIS Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

(Page 2)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | SECOND INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF (ARROW BANK) |

The relief set forth on the following pages, numbered three (3) through fifteen (15), is

hereby **ORDERED**.

2

DMS_US.378397893.2

(Page 3)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | SECOND INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF (ARROW BANK) |

Upon the *DAMIS Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection to Putative Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief* (the "Motion") of the above-captioned debtor and debtors in possession (the "DAMIS Debtors"), for entry of interim and final orders pursuant to Bankruptcy Code sections 105(a), 361, 363(c)(2), 506(c), and 552(b), Bankruptcy Rules 2002, 4001, 6003, and 6004, and Local Rules 4001-3 and 9013-5, (a) authorizing the DAMIS Debtors to use Cash Collateral (as defined below) in accordance with the budget attached hereto as **Exhibit 1** (the "Budget"); (b) granting adequate protection to putative prepetition secured parties; (c) modifying the automatic stay; (d) scheduling a final hearing; and (e) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having previously entered an interim order concerning the Motion [Docket No. 290] (the "Prior Interim Order"); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the DAMIS Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support and in opposition to the relief requested therein at one or more hearings before this Court

3

(Page 4)

Debtors:            DAMIS HOLDINGS LLC, *et al.*
Case No.:           26-16439 (CMG)
Caption of Order:   SECOND INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF (ARROW BANK)

(collectively, the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, **THE COURT MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.      **Petition.**  The DAMIS Debtors each filed their petitions under chapter 11 of the Bankruptcy Code on June 4, 2026 (the "Petition Date") and are presently operating as debtors in possession in accordance with sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner or official committee of unsecured creditors (a "Committee") has been appointed in these chapter 11 cases.

B.      **Notice.**  Notice of the Motion, the Prior Interim Order, and of the further interim hearing on the DAMIS Debtors' use of cash collateral has been served consistent with the notice and hearing provisions pursuant to section 102(1) of the Bankruptcy Code and Bankruptcy Rule 4001(b), which notice is appropriate in the particular circumstances and sufficient for all purposes under the Bankruptcy Code and the applicable Federal and Local Rules of Bankruptcy Procedure with respect to the relief requested.

C.      **Need to Use Cash Collateral.**  The DAMIS Debtors' cash and cash equivalents on hand as of the Petition Date, as well as any received by the DAMIS Debtors post-petition (collectively, the "Cash Collateral"), may constitute "cash collateral" within the meaning of section 363(a) of the Bankruptcy Code, insofar as putative secured parties may have an interest

4

DMS_US.378397893.2

(Page 5)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | SECOND INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF (ARROW BANK) |

therein. The DAMIS Debtors have an immediate need to use the Cash Collateral to, among other things, preserve and maintain the going-concern value of the DAMIS Debtors, absent which immediate and irreparable harm will result to the DAMIS Debtors, their estates, and their creditors. The preservation and maintenance of the DAMIS Debtors' assets and business is necessary to maximize value. Absent the DAMIS Debtors' ability to use Cash Collateral, the DAMIS Debtors would not have sufficient available sources of working capital or financing and would be unable to pay their operating expenses or maintain their assets, to the severe detriment of their estates, creditors and members. Accordingly, the relief requested in the Motion and the terms herein are (i) critical to the DAMIS Debtors' ability to maximize the value of these chapter 11 estates, and (ii) necessary, essential, and appropriate to avoid immediate and irreparable harm to the DAMIS Debtors, their creditors, and their assets, remaining business, goodwill, and reputation.

D.     **Good Cause.**  Good cause has been shown for entry of this Second Interim Order, and the entry of this Second Interim Order is in the best interests of the DAMIS Debtors and their estates and creditors. Among other things, the relief granted herein will minimize disruption of the DAMIS Debtors' business and permit the DAMIS Debtors to preserve and maintain the going-concern value of the DAMIS Debtors. The terms of the DAMIS Debtors' use of Cash Collateral and proposed adequate protection arrangements, as set forth in this Second Interim Order, are fair and reasonable under the circumstances, and reflect the DAMIS Debtors' exercise of prudent business judgment consistent with their fiduciary duties.

DMS_US.378397893.2

(Page 6)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | SECOND INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF (ARROW BANK) |

E.    **Budget.**  The Budget attached as **Exhibit 1** hereto is a forecast of cash receipts and disbursements setting forth on a line-item basis the Applicable Debtors' (as defined herein) anticipated cumulative cash receipts and expenditures on a weekly basis and all necessary and required cumulative expenses which the Applicable Debtors expect to incur during each weekly period under the Budget. The Budget is an integral part of this Second Interim Order. The Applicable Debtors do not presently anticipate that they will incur expenses during the period covered by the Budget other than, or in excess of, those identified in the Budget.

F.    **The Prepetition Secured Party.**  The prepetition secured party with respect to the use of Cash Collateral pursuant to this Second Interim Order is Arrow Bank National Association (f/k/a Saratoga National Bank) (the "Prepetition Secured Party.")

G.    **The Prepetition Secured Debt.**  Based upon the DAMIS Debtors' preliminary review of their books and records, and relevant public filings the debts owed to the Prepetition Secured Party by 194 Washington Avenue Leasing LLC and 194 Washington Avenue Real Estate LLC (the "Applicable Debtors") as of the Petition Date (collectively, the "Applicable Prepetition Obligations"), and the security for such debts as of the Petition Date (collectively, the "Prepetition Collateral"), are as described below:

(a)    Subject to other loan documents usual and customary to the transactions, the core loan documents are as follows:

- Amended and Restated Mortgage Note, dated April 13, 2018 from Borrowers to Arrow in the original principal amount of $6,775,000.00,

6

DMS_US.378397893.2

(Page 7)
Debtors:          DAMIS HOLDINGS LLC, *et al.*
Case No.:         26-16439 (CMG)
Caption of Order: SECOND INTERIM ORDER (I) AUTHORIZING THE DAMIS
                  DEBTORS TO USE CASH COLLATERAL; (II) GRANTING
                  ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES;
                  (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A
                  FINAL HEARING; AND (V) GRANTING RELATED RELIEF (ARROW
                  BANK)

the terms of which were modified pursuant to two Allonges, one dated as of May 1, 2023, and the second dated as of May 1, 2024;

- Amended and Restated Mortgage and Security Agreement (with Assignment of Leases and Rents), dated April 13, 2018, and entered in the Albany County Clerk's Office on May 2, 2018 at Instrument No. R2018-9441 (the "Mortgage"), which granted Arrow a mortgage lien on real property located at 192-194 Washington Avenue, Albany, New York (the "Mortgaged Property") together with a security interest in and all real estate related furniture, equipment, fittings and fixtures therein (collectively with the Mortgaged Property, the "Collateral"); and

- Commercial Guaranty, dated April 13, 2018, executed by the Original Guarantors (the Shabshels and Damis Holdings and Simad Holdings).

(b)     As of April 28, 2026, the principal amount due Arrow on the Loan is $5,445,185.51.

The DAMIS Debtors do not stipulate to any of the facts concerning the foregoing debt or the transactions referenced in the related loan and security documents, including whether the documents were properly entered into, authorized, are effective, whether the loan was funded, or otherwise, and reserve all rights with respect thereto.

H.     **Adequate Protection for the Prepetition Secured Party.**   The Prepetition Secured Party may be entitled to receive adequate protection pursuant to sections 361, 362, and 363 of the Bankruptcy Code for any decrease in the value of its interests in its prepetition collateral (including Cash Collateral) resulting from the automatic stay or from the Applicable Debtors' use of Cash Collateral. As "adequate protection" under the requirements of the Bankruptcy Code, the Prepetition Secured Party shall receive the Adequate Protection (as defined herein), and such Adequate Protection currently adequately protects the Prepetition Secured Party. The Adequate

7

DMS_US.378397893.2

(Page 8)

Debtors:            DAMIS HOLDINGS LLC, *et al.*

Case No.:           26-16439 (CMG)

Caption of Order:   SECOND INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF (ARROW BANK)

Protection provided herein and other benefits and privileges contained herein are consistent with and authorized by the Bankruptcy Code.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1.      The Motion is GRANTED on an interim basis in accordance with Bankruptcy Rule 4001(c)(2) to the extent provided in this Second Interim Order. All objections to the Motion, to the extent not withdrawn or resolved, are overruled on their merits as to the relief granted in this Second Interim Order.

2.      **Authorization to Use Cash Collateral; Budget.**

(a)      Subject to the terms and conditions of this Second Interim Order, the Applicable Debtors are authorized, but not directed, on an interim basis, to use the Cash Collateral of the Prepetition Secured Party to satisfy the fees, costs, and expenses of such Applicable Debtors provided for, and up to the amounts set forth, in the Budget (as may be extended by agreement of the Prepetition Secured Party as set forth below, and subject to the Permitted Variance (as defined herein), terminating upon the date that is the earliest of (i) July 24, 2026, (ii) the effective date of a chapter 11 plan in these chapter 11 cases, or (iii) the conversion of these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code.

(b)      Not later than 5:00 p.m. (Eastern time) on the Thursday of each week commencing on July 16, 2026, the Applicable Debtors shall furnish to the Prepetition Secured Party and any statutory committee appointed in these Chapter 11 Cases a weekly report (the "Budget Compliance Report") that sets forth as of the preceding Sunday of each week, on a weekly

8

DMS_US.378397893.2

(Page 9)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | SECOND INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF (ARROW BANK) |

basis from the Petition Date (each such period referred to herein as a "Measurement Period"), the actual results for each line item set forth in each respective Budget (including on a debtor-by-debtor basis). The Applicable Debtors hereby covenant and agree that the actual results comprising each line item of disbursements set forth in each Budget from the Petition Date through the conclusion of any Measurement Period shall not vary by more than ten percent (10%) of the amount projected in the line item of each Budget (including on an Applicable Debtor-by-Applicable Debtor basis) for such Measurement Period (in each case, a "Permitted Variance"), in each case without the written consent of the Prepetition Secured Party (which consent, for the avoidance of doubt, may be transmitted via email).

(c)     Prior to the entry of a final order on the Motion with respect to the Cash Collateral that is subject to this Second Interim Order (the "Final Order"), the Budget may be amended or extended (or both) from time to time by agreement of the DAMIS Debtors and the Prepetition Secured Party without need for further notice, hearing, or entry of a supplemental order, subject to compliance with the process set forth in this paragraph and upon review of any statutory committees appointed in these Chapter 11 Cases. The DAMIS Debtors may propose any such amendment or extension by presenting a revised Budget to the Prepetition Secured Party via email, and the Prepetition Secured Party may convey its approval or disapproval of the revised Budget via reply email, *provided* that the revised Budget will be deemed approved by the Prepetition Secured Party unless the Prepetition Secured Party notifies the DAMIS Debtors of its disapproval of the revised Budget within five (5) business days after receipt. The DAMIS Debtors shall also

9

(Page 10)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | SECOND INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF (ARROW BANK) |

provide notice of any proposed revised Budget via email to the United States Trustee and any statutory committee appointed in these Chapter 11 Cases, who will have five (5) business days after receipt to object. For the avoidance of doubt, the notice provided to the United States Trustee and Committee under this paragraph may be, but is not required to be, concurrent with the notice provided to the Prepetition Secured Party.

(d)     For the avoidance of doubt this Second Interim Order shall govern to the extent that any order entered in connection with the *DAMIS Debtors' Motion for Entry of Interim and Final Orders (I) Granting Authority to (A) Continue Using the Cash Management System, Business Forms, and Books and Records and Pay All Fees Related Thereto, (B) Implement Ordinary-Course Changes to Cash Management System, Including Opening and Closing Accounts, (C) Continue Intercompany Transactions; (II) Granting Administrative Expense Status to Postpetition Intercompany Transactions; and (III) Granting Related Relief* [Docket No. 151] with respect to, among other matters, intercompany transactions, may be construed to allow intercompany transfers that are not set forth in the Budget.

3.     **Adequate Protection.**

(a)     As adequate protection for any post-petition diminution in value of the Prepetition Secured Party's interest in its prepetition collateral (any "Diminution in Value")—and, for the avoidance of doubt, only to the extent that such interests in Prepetition Collateral are valid, enforceable, and non-avoidable—the Prepetition Secured Party shall receive the following (collectively, the "Adequate Protection"):

10

DMS_US.378397893.2

(Page 11)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | SECOND INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF (ARROW BANK) |

(i)      Continued payment of interest post-petition on the Applicable Prepetition Obligations, at the contractual non-default rate, to the extent provided in the Budget;

(ii)      Solely to the extent of any Diminution in Value caused by the Applicable Debtor's use of Cash Collateral, the Prepetition Secured Party is granted a replacement perfected security interest pursuant to 11 U.S.C. § 361(2) (the "Adequate Protection Liens") on all property of the] Applicable Debtor, whether now owned or hereafter acquired or existing and wherever located, that would constitute prepetition collateral of the Prepetition Secured Party, subject to (A) the Carve-Out (as defined below), and (B) all valid, enforceable and non-avoidable liens and security interests in such property that were perfected prior to the Petition Date (or perfected thereafter to the extent permitted by section 546(c) of the Bankruptcy Code), which are not subject to avoidance, disallowance, or subordination pursuant to the Bankruptcy Code or applicable nonbankruptcy law and which are senior to such Secured Party's liens in such prepetition collateral as of the Petition Date; *provided*, *however*, that any Adequate Protection Liens shall not attach to causes of action arising under chapter 5 of the Bankruptcy Code or the proceeds thereof; and

(iii)      Solely to the extent of any Diminution in Value caused by the Applicable Debtor's use of Cash Collateral, the Prepetition Secured Party is granted a superpriority administrative expense claim as provided in section 507(b) of the Bankruptcy Code against the Applicable Debtor; *provided*, *however*, that such superpriority administrative expense claim is subordinate to the Carve-Out; *and provided*, *further*, that until entry of the Final Order, such

11

DMS_US.378397893.2

(Page 12)
Debtors:            DAMIS HOLDINGS LLC, *et al.*
Case No.:           26-16439 (CMG)
Caption of Order:   SECOND INTERIM ORDER (I) AUTHORIZING THE DAMIS
                    DEBTORS TO USE CASH COLLATERAL; (II) GRANTING
                    ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES;
                    (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A
                    FINAL HEARING; AND (V) GRANTING RELATED RELIEF (ARROW
                    BANK)

superpriority administrative expense claim shall not be paid out of proceeds of causes of action

arising under chapter 5 of the Bankruptcy Code or the proceeds thereof.

(b)      For the avoidance of doubt, nothing in this Second Interim Order shall

constitute a finding by the Court with respect to the existence, validity, or enforceability of any

prepetition arrangement between the Prepetition Secured Party and the DAMIS Debtors, that the

Prepetition Secured Party has any valid claims against the DAMIS Debtors, or that the Prepetition

Secured Party has a valid lien on the Cash Collateral or any of the other assets of the DAMIS

Debtors. The DAMIS Debtors reserve all rights concerning the same, and nothing herein shall

prevent the DAMIS Debtors or any statutory committee appointed in these Chapter 11 Cases from

challenging the validity, extent, and priority of any of the alleged claims and liens of the Prepetition

Secured Party. In the event the Prepetition Secured Party's alleged lien on Cash Collateral is

determined to be invalid, then the Adequate Protection provided hereunder to the Prepetition

Secured Party shall be null and void.

4.      **Postpetition Lien Perfection.**  This Second Interim Order shall be sufficient and

conclusive evidence of the validity, perfection, and priority of the Adequate Protection Liens

without the necessity of filing or recording any financing statement, deed of trust, mortgage,

security agreement, notice of lien, or other instrument or document that may otherwise be required

under the law of any jurisdiction, or the taking of any other action (including, for the avoidance of

doubt, entering into any deposit account control agreement) to validate or perfect the Adequate

Protection liens or entitle the Adequate Protection Liens to the priorities granted herein.

DMS_US.378397893.2

(Page 13)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | SECOND INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF (ARROW BANK) |

5. **Carve-Out.**

(a) The prepetition liens and security interests of the Prepetition Secured Party], as well as the Adequate Protection Liens and superpriority claims granted in this Second Interim Order, shall be subject to and subordinate to a carve-out (the "Carve-Out") equal to the amount of fees required to be paid to the clerk of the Bankruptcy Court and to the Office of the United States Trustee under section 1930(a) of title 28 of the United States Code, plus interest at the statutory rate ("U.S. Trustee Fees").  In no way shall the Carve-Out be construed as a cap or limitation on the amount of Court fees or U.S. Trustee Fees that may be payable by the DAMIS Debtors.

6. **Automatic Stay.**  The automatic stay imposed under section 362(a) of the Bankruptcy Code shall be, and hereby is, modified solely to the extent necessary to implement and effectuate the terms and conditions of this Second Interim Order.

7. **Enforceability.**  This Second Interim Order shall take effect and be fully enforceable immediately upon its entry. Any applicable stay (including, without limitation, under Bankruptcy Rule 6004(h)) is hereby waived and shall not apply to this Second Interim Order.

8. **Headings.**  The headings in this Second Interim Order are for purposes of reference only and shall not limit or otherwise affect the meaning of this Second Interim Order.

9. **Final Hearing.**  The Final Hearing on the Motion with respect to the Cash Collateral that is subject to this Second Interim Order is scheduled for July 23, 2026, at 9:00 a.m. (ET) before this Court (the "Final Hearing"). The DAMIS Debtors shall file any proposed further interim order with respect to the Cash Collateral that is subject to this Second Interim Order and

13

(Page 14)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | SECOND INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF (ARROW BANK) |

serve it upon (i) the Prepetition Secured Party; (ii) counsel to any statutory committees appointed in these Chapter 11 Cases or, if none has been appointed, to each of the DAMIS Debtors' fifty (50) largest unsecured creditors, not including insiders; (iii) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M. Sponder, Esq. (Jeffrey.M.Sponder@usdoj.gov); and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002, in each case no later than July 14, 2026, at 4:00 p.m. (ET). Any party in interest objecting to the relief sought in the Motion on a final basis shall file and serve a written objection, which objection shall be served upon (i) proposed counsel to the DAMIS Debtors, Faegre Drinker Biddle & Reath LLP, 600 Campus Drive, Florham Park, New Jersey 07932, Attn: Michael Pompeo (michael.pompeo@faegredrinker.com), and 222 Delaware Ave., Suite 1410, Wilmington, Delaware 19801, Attn: Patrick Jackson (patrick.jackson@faegredrinker.com), Ian Bambrick (ian.bambrick@faegredrinker.com), and Sarah Silveira (sarah.silveira@faegredrinker.com), (ii) counsel to any statutory committees appointed in these Chapter 11 Cases or, if none has been appointed, to each of the DAMIS Debtors' fifty (50) largest unsecured creditors, not including insiders; (iii) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M. Sponder, Esq. (Jeffrey.M.Sponder@usdoj.gov); and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002, in each case no later than July 16, 2026, at 4:00 p.m. (ET). If no objections are timely filed, this Court may grant the relief sought by the DAMIS Debtors in the Motion, and enter a Final Order with respect to the Cash Collateral that is

DMS_US.378397893.2

(Page 15)

| | |
|---|---|
| Debtors: | DAMIS HOLDINGS LLC, *et al.* |
| Case No.: | 26-16439 (CMG) |
| Caption of Order: | SECOND INTERIM ORDER (I) AUTHORIZING THE DAMIS DEBTORS TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PUTATIVE SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF (ARROW BANK) |

subject to this Second Interim Order, without further notice or a hearing. The DAMIS Debtors

shall file a notice of the Final Hearing within two business days after entry of this Second Interim

Order.

10.     **Retention of Jurisdiction.**   This Court retains jurisdiction with respect to all

matters arising from or related to the implementation, interpretation, and enforcement of this

Second Interim Order.

15

DMS_US.378397893.2

## EXHIBIT 1

**Budget**

DMS_US.378397893.2

**Cash Flow Forecast**

**194 Washington Avenue Leasing LLC**

| No. | USD in thousands ($000)<br>Forecast/Actual<br>Period Ended | Week 4<br>Forecast<br>7/17/26 | Week 5<br>Forecast<br>7/24/26 | Stub Wk<br>07/17/26<br>7/24/26 |
|---|---|---|---|---|
| **I. Net Cash Flow** | | | | |
| 1. | Rent Income | 1.9 | - | 1.9 |
| 2. | Resort & Lodging Income | - | - | - |
| 3. | Interest Income | - | - | - |
| 4. | Bad Debt | - | - | - |
| 5. | Ancillary Income | 0.2 | - | 0.2 |
| 6. | Reimbursement Income | 0.0 | - | 0.0 |
| 7. | Sales Tax (Contra-Income) | - | - | - |
| 8. | Other Income | - | - | - |
| 9. | Funding From DAMIS | - | - | - |
| **10.** | **Total Receipts** | **2.1** | **-** | **2.1** |
| 11. | Cost of Goods Sold | - | - | - |
| 12. | Payroll & Benefits | (4.5) | - | (4.5) |
| 13. | Outside Labor | - | - | - |
| 14. | Repairs & Maintenance | (2.0) | (2.0) | (4.0) |
| 15. | Security | (0.5) | (0.5) | (1.0) |
| 16. | Trash & Sanitation | (0.3) | (0.3) | (0.5) |
| 17. | Management Fees | - | - | - |
| 18. | Utilities | (16.0) | - | (16.0) |
| 19. | Licenses, Fees & Permits | - | - | - |
| 20. | Commissions & Fees | - | - | - |
| 21. | Advertising & Marketing | - | - | - |
| 22. | Insurance | - | - | - |
| 23. | Office & G&A | - | - | - |
| 24. | Legal & Professional | - | - | - |
| 25. | Ground Rent | - | - | - |
| 26. | Sales Tax Expense | - | - | - |
| 27. | Real Estate Taxes | - | - | - |
| 28. | Other Operating Expense | (2.0) | (2.0) | (4.0) |
| 29. | Credit Card Reimbursement | - | - | - |
| 30. | Asset Management Fee | - | - | - |
| 31. | DAMIS-Seller Note | - | - | - |
| 32. | Shared Services Agreement | - | - | - |
| **33.** | **Operating Disbursements** | **(25.2)** | **(4.7)** | **(30.0)** |
| 34. | Capital Expenditures | - | - | - |
| 35. | Interest Expense | - | - | - |
| 36. | Principal Repayment | - | - | - |
| **37.** | **Net Disbursements before Ch 11 Expenses** | **(23.1)** | **(4.7)** | **(27.8)** |
| 38. | Professional Fees | - | - | - |
| 39. | U.S. Trustee Fees | - | - | - |
| 40. | New Borrowing Fees | - | - | - |
| **41.** | **Ch 11 Fees** | **-** | **-** | **-** |
| **42.** | **Net Disbursements** | **(23.1)** | **(4.7)** | **(27.8)** |
| **II. Cash Roll** | | | | |
| **43.** | **Beginning Cash Balance** | **36.3** | **13.2** | **36.3** |
| 44. | Net Disbursements | (23.1) | (4.7) | (27.8) |
| 45. | Change in Borrowings | - | - | - |
| **46.** | **Ending Cash Balance** | **13.2** | **8.4** | **8.4** |